UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON PEREZ AND<br>HAROLD DUTTON, JR.<br><br>Plaintiffs<br><br>STATE OF TEXAS; RICK PERRY, In His Official Capacity as Governor of the State of Texas; DAVID DEWHURST, In His Official Capacity as Lieutenant Governor of the State of Texas, and JOE STRAUS, In His Official Capacity as Speaker of the Texas House of Representatives,<br>HOPE ANDRADE, in Her Official Capacity as Secretary of State of the State of Texas<br><br>Defendants | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:11-CV-0360 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COME NOW, Shannon Perez and Harold Dutton, Jr. ("Plaintiffs") and file their Original Complaint and would show the court as follows:

## I.
## PARTIES

1.      Plaintiff Shannon Perez is a citizen and registered voter who resides and is domiciled in Bexar County, Texas.

2.      Plaintiff Harold Dutton, Jr. is a citizen and registered voter who resides and is domiciled in Harris County, Texas and is a member of the Texas Legislature representing the 142nd Legislative District.

3. Defendants are officials of the State of Texas thereof who have duties and responsibilities under the laws of the state to redistrict congressional and state legislative districts in Texas following the release of the decennial census.

4. Defendant Rick Perry is the Governor of the State of Texas and, under Article IV, Section I, of the Constitution of the State of Texas, is the chief executive officer of the State of Texas.

5. Defendant David Dewhurst is the Lieutenant Governor of Texas. Under Article IV, Section 16, of the Texas Constitution he is the President of the Texas Senate.

6. Defendant Joe Straus is the Speaker of the Texas House of Representatives and is the presiding officer over the Texas House of Representatives.

7. Defendant Hope Andrade is the Secretary of State for the state of Texas and is the state's chief election officer.

## II
## JURISDICTION AND VENUE

8. Plaintiffs' complaint arises under the Unites States Constitution and federal statutes.

9. This court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1357; and 42 U.S.C. §§ 1983 and 1988.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

11. Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

12. Plaintiffs request convening of a three-judge court pursuant to 28 U.S.C. § 2284.

## III
## STATEMENT OF CLAIM

13. With the publication of the 2010 United States Census, Texas officials have begun the process of redistricting. Because of the substantial growth of the state's population, there must be

significant redrawing of the state's legislative and congressional districts. Texas for example has been allocated four additional seats in the United States Congress.

14. There are dramatic population disparities among the various electoral districts in the State. In the Texas Senate, the districts range from 25% overpopulation to 20% underpopulation. The Texas House of Representatives has several districts that are overpopulated by more than 50% and somewhat similar disparities infect the seats of the State Board of Education. There is no possibility of conducting constitutionally adequate elections in the State's current electoral districts, and the Court should declare the State's existing electoral districts to be unconstitutional.

15. In past redistricting cycles, the State has proceeded on the assumption that in reapportionment of the Texas House and Senate, there need be no good faith effort to achieve population equality. Rather the State officials have accepted as a goal achieving a deviation of 10%. In today's modern computer driven redistricting, there are no barriers to achieving minimal deviation and targeting a 10% deviation is constitutionally deficient. Accordingly, the Court should declare that the constitutional mandate is a good faith effort to achieve population equality subject only to implementation of valid neutral state policies, such as in the case of the Texas House of Representatives' preservation of county lines where possible.

16. Furthermore, based on actions of the Texas Legislature to date, it is apparent that redistricting is proceeding on a misunderstanding of the law with respect to the treatment of the state's prison population. Under Texas law, Texas Election Code Section 1.015, inmates may not become a resident of the county of their incarceration. Despite this clear command of settled Texas law, redistricting is proceeding on the assumption that the prison population is properly included as residents of the county of their incarceration. One result of this misapplication is to

drastically overstate the population of some Texas counties and to understate the population of urban counties. This results in, among other things, excessive population deviation in Texas House of Representatives districts in violation of the 14th Amendment of the U.S. Constitution.

17. In addition, based on actions of the Texas House of Representatives to date, it is apparent that the teachings of *Georgia v. Larios*, 542 US 947 (2004) are being ignored. The Texas House has recently adopted a redistricting plan which is blatantly a political gerrymander and contains utterly unjustified population deviations between districts in violation of the 14th Amendment of the U.S. Constitution.

## IV.
## RELIEF REQUESTED

WHEREFORE, premises considered, Plaintiffs respectfully request the following relief:

A. That this court assume jurisdiction and request the convening of a three-judge court pursuant to 28 U.S.C. Sec. 2284.

B. Declare the current plans for election of the Texas Senate, the Texas House of Representatives and State Board of Education to be unconstitutional and enjoin their use in any future elections;

C. Declare the law with respect to the appropriate allocation of the state's prison population in the redistricting process, and further declare the law with respect to the requirements of one person-one and the obligation of the state to make a good faith effort to achieve population equality;

D. If need be, adopt an interim electoral plan for 2012 elections for the offices of the Texas Senate, Texas House of Representatives and the State Board of Education;

E. Award Plaintiffs a reasonable attorney's fees and costs; and

F.   Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully submitted,

_____
DAVID RICHARDS
State Bar No. 16846000
Richards, Rodriguez & Skeith LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Tel (512) 476-0005
Fax (512) 476-1513

RICHARD E. GRAY, III
State Bar No. 08328300
Gray & Becker, P.C.
900 West Avenue
Austin, Texas 78701
Tel: (512) 482-0061
Fax: (512) 482-0924

**ATTORNEYS FOR PLAINTIFFS**