UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON PEREZ, et al. | § | |
| | § | |
| *Plaintiffs* | § | CIVIL ACTION NO. |
| | § | 5:11-CV-0360-OLG-JES-XR |
| v. | § | [Lead Case] |
| | § | |
| STATE OF TEXAS, et al. | § | |
| | § | |
| | § | |
| *Defendants* | § | |
| | | |
| MEXICAN AMERICAN LEGISLATIVE | § | |
| CAUCUS, TEXAS HOUSE OF | § | |
| REPRESENTATIVES, (MALC) | § | |
| | § | |
| *Plaintiff* | § | CIVIL ACTION NO. |
| | § | 5:11-CV-00361-OLG-JES-XR |
| v. | § | [Consolidated Case] |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| *Defendants* | § | |
| | | |
| TEXAS LATINO REDISTRICTING | § | |
| TASK FORCE, *et al.*, | § | |
| | § | |
| *Plaintiff* | § | CIVIL ACTION NO. |
| | § | 5:11-CV-0490-OLG-JES-XR |
| v. | § | [Consolidated Case] |
| | § | |
| RICK PERRY, In His Official Capacity | § | |
| as Governor of the State of Texas, | § | |
| | § | |
| *Defendant* | § | |

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

TO THE HONORABLE COURT:

COME NOW, Shannon Perez, Harold Dutton, Jr., Gregory Tamez, Sergio Salinas,

Carmen Rodriguez, Rudolfo Ortiz, Nancy Hall and Dorothy DeBose ("Plaintiffs") and file their

Third Amended Complaint and would show the court as follows:

# I.
# PARTIES

1.      Plaintiff Shannon Perez is a Latina and a citizen and registered voter who resides and is domiciled in Bexar County, Texas.

2.      Plaintiff Harold Dutton, Jr. is an African-American and a citizen and registered voter who resides and is domiciled in Harris County, Texas and is a member of the Texas Legislature representing the 142nd Legislative District.

3.      Plaintiff Gregory Tamez is a Latino and a citizen and registered voter who resides and is domiciled in Bexar County, Texas.

4.      Plaintiff Sergio Salinas is a Latino and a citizen and registered voter who resides and is domiciled in Hidalgo County, Texas.

5.      Plaintiff Carmen Rodriguez is a Latina and a citizen and registered voter who resides and is domiciled in El Paso County, Texas.

6.      Plaintiff Rudolfo Ortiz is a Latino and a citizen and registered voter who resides and is domiciled in Nueces County, Texas.

7.      Plaintiff Nancy Hall is an African-American and a citizen and registered voter who resides and is domiciled in Dallas County, Texas.

8.      Plaintiff Dorothy DeBose is an African-American and a citizen and registered voter who resides and is domiciled in Tarrant County, Texas.

9.      Defendants are officials of the State of Texas thereof who have duties and responsibilities under the laws of the state to redistrict congressional and state legislative districts in Texas following the release of the decennial census.

10.     Defendant Rick Perry is the Governor of the State of Texas and, under Article IV, Section I, of the Constitution of the State of Texas, is the chief executive officer of the State of Texas.

11.     Defendant David Dewhurst is the Lieutenant Governor of Texas.   Under Article IV, Section 16, of the Texas Constitution he is the President of the Texas Senate.

12.     Defendant Joe Straus is the Speaker of the Texas House of Representatives and is the presiding officer over the Texas House of Representatives.

13.     Defendant Hope Andrade is the Secretary of State for the state of Texas and is the state's chief election officer.

## II.
## JURISDICTION AND VENUE

14.     Plaintiffs' complaint arises under the Unites States Constitution and federal statutes to wit Section 2 of the Voting Rights Act, 42 U.S.C. §1973 et seq., and the Fourteenth and Fifteenth Amendments to the United States Constitution.

15.     This court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1357; and 42 U.S.C. §§ 1983 and 1988.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

17.     Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

18.     Plaintiffs request convening of a three-judge court pursuant to 28 U.S.C. § 2284.

## III.
## STATEMENT OF CLAIM

19.     With the publication of the 2010 United States Census, Texas officials have begun the process of redistricting. Because of the substantial growth of the state's population, there must be significant redrawing of the state's legislative and congressional districts. Texas for example has

3

been allocated four additional seats in the United States Congress, and the existing districts dramatically violate one person one vote principle.  The Legislative has recently adopted a new congressional plan which has been signed by the Governor and signed into law.

20.     The State has recently enacted and the Governor has signed into law a new redistricting plan for the Texas Legislature.

21.     With respect to the Texas House of Representatives, the recently enacted plan violates the statutory and constitutional rights of the Plaintiffs in the following respects:

**A.  Harris County**

1.   The minority populations have been packed into some districts, in other districts, the minority population has been fragmented all with the purpose and/or effect of diluting their voting strengths in violations of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution.

2.   The redistricting of the Harris County house seats is infected with racial and political gerrymandering rendering the populations deviation between the districts in violation of the Fourteenth Amendment under principles established in *Georgia v Larios*, 542 U.S. 947 (2004).

**B.  Dallas County**

1.   The minority populations have been packed into some districts, in other districts, the minority population has been fragmented all with the purpose and/or effect of diluting their voting strengths in violations of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution.

2.   The redistricting of the Dallas County house seats is infected with racial and political gerrymandering rendering the populations deviation between the districts in violation of

the Fourteenth Amendment under principles established in *Georgia v Larios*, 542 U.S. 947 (2004).

   **C.  Hidalgo County**

   1.   The minority populations have been packed into some districts, in other districts, the minority population has been fragmented all with the purpose and/or effect of diluting their voting strengths in violations of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution.

   2.   The redistricting of the Hidalgo County house seats is infected with racial and political gerrymandering rendering the populations deviation between the districts in violation of the Fourteenth Amendment under principles established in *Georgia v Larios*, 542 U.S. 947 (2004).

   **D.  El Paso County**

   1.   The minority populations have been packed into some districts, in other districts, the minority population has been fragmented all with the purpose and/or effect of diluting their voting strengths in violations of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution.

   2.   The redistricting of the El Paso County house seats is infected with racial and political gerrymandering rendering the populations deviation between the districts in violation of the Fourteenth Amendment under principles established in *Georgia v Larios*, 542 U.S. 947 (2004).

   **E.  Tarrant County**

   1.   The minority populations have been packed into some districts, in other districts, the minority population has been fragmented all with the purpose and/or effect of diluting their

voting strengths in violations of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution.

**F. Nueces County**

1. The minority populations have been packed into some districts, in other districts, the minority population has been fragmented all with the purpose and/or effect of diluting their voting strengths in violations of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution. Furthermore, the number of minority opportunity districts in Nueces has been reduced by one, when there was available an alternative that would have preserved both minority opportunity districts.

22. Furthermore, based on actions of the Texas Legislature to date, it is apparent that redistricting has proceeded on a misunderstanding of the law with respect to the treatment of the state's prison population. Under Texas law, Texas Election Code Section 1.015, inmates may not become a resident of the county of their incarceration. Despite this clear command of settled Texas law, redistricting has proceeded on the assumption that the prison population is properly included as residents of the county of their incarceration. One result of this misapplication is to drastically overstate the population of some Texas counties and to understate the population of urban counties. This results in, among other things, excessive population deviation in Texas House of Representatives districts and Texas Congressional seats in violation of the 14th Amendment of the U.S. Constitution. Examples of this malapportionment are found in both the House and Congressional plans, for example:

A. Texas House District 8 includes Anderson and Freestone counties with a prison population of 15,193, these prisoners have been wrongly treated as "residents" for purposes of redistricting, significantly over representing the residents of District 8, removal of the prison

populations reflects that the District is under populated by 12%, rendering the top to bottom deviation in the plan at some 17%, well beyond constitutional accepted norms.   Somewhat similar discrepancies occur in House District 18 with a prison population of 18,383.   Comparable constitutional deficiencies infect the congressional plan.   Congressional District 8 includes Walker, Grimes, Houston and Madison counties and some 21,239 incarcerated prisoners. Inclusion of these prisoners as residents results in a constitutionally impermissible deviation of minus 3% from the ideal for District 8.

23.     The State's congressional reapportionment plan wholly fails to recognize the growth of the minority community over the decade. Because of that growth, the State received four additional congressional seats, and yet only one of the new seats can fairly be said to be a minority opportunity district.   In the Dallas-Fort Worth area, the minority population is packed in some instances and fractured in others, and contained in nonsensical configurations.   Similar deprivations occur in Harris County, where the minority communities are fractured in ways that deny them effective participation.   These actions by the state violate Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution.

## IV.
## RELIEF REQUESTED

WHEREFORE, premises considered, Plaintiffs respectfully request the following relief:

A.     That this court assume jurisdiction and request the convening of a three-judge court pursuant to 28 U.S.C. Sec. 2284.

B.     Declare the existing plans for election of the Texas House of Representatives and Texas Congressional seats to be in violation of the Voting Rights Act and unconstitutional and enjoin their use in any future elections;

C.    Declare the law with respect to the appropriate allocation of the state's prison population in the redistricting process , and further declare the law with respect to the requirements of one person-one vote and the obligation of the state to make a good faith effort to achieve population equality;

D.    If need be, adopt an interim electoral plan for 2012 elections for the offices of the Texas House of Representatives and Texas Congressional seats;

E.    Award Plaintiffs a reasonable attorney's fees and costs; and

F.    Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully submitted,

DAVID RICHARDS
State Bar No. 16846000
Richards, Rodriguez & Skeith LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Tel (512) 476-0005
Fax (512) 476-1513

RICHARD E. GRAY, III
State Bar No. 08328300
Gray & Becker, P.C.
900 West Avenue
Austin, Texas 78701
Tel: (512) 482-0061
Fax: (512) 482-0924

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent *via* the court's electronic notification system, on July 19, 2011, to the following:

David Schenck
Deputy Attorney General of Legal Counsel
P.O. Box 12548
Austin, Texas 78711-2548
Attorney for Defendants

_____
**DAVID RICHARDS**