UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON PEREZ, HAROLD DUTTON, JR. AND GREGORY TAMEZ, ) ) ) | |
| Plaintiffs, ) ) | |
| and ) ) | |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, HOWARD JEFFERSON, JUANITA WALLACE, and REV. BILL LAWSON ) ) ) ) ) ) ) | |
| Proposed Plaintiff-Intervenors, ) ) | |
| v. ) ) ) | CIVIL NO. SA-11-CV-360-OLG-JES-XR |
| STATE OF TEXAS, ET AL., ) ) | |
| Defendants. ) ) | |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, ) ) ) | |
| v. ) ) | CIVIL NO. SA-11-CV-361-OLG-JES-XR |
| STATE OF TEXAS, ET AL. ) ) | |
| TEXAS LATINO REDISTRICTING TASK FORCE ) ) ) | |
| v. ) ) | CIVIL No. SA-11-CV-490-OLG-JES-XR |
| RICK PERRY ) | |

**PLAINTIFF-INTERVENORS' AMENDED COMPLAINT**

1.     This is an action to enforce Plaintiff-Intervenors' rights under the Fourteenth

Amendment to the United States Constitution and under Section 2 of the Voting Rights Act, 42

1

U.S.C. § 1973 et seq. Plaintiff-Intervenors, an association and individual registered voters, bring this action requesting declaratory and injunctive relief against the State of Texas to prevent the implementation of redistricting plans for the Texas Congressional districts and the Texas State House districts.  Each of these redistricting plans dilute the voting strength of African-American voters because in the totality of circumstances, African-American voters do not have an equal opportunity to elect candidates of their choice to the United States Congress and the Texas House of Representatives. If implemented, these plans will dilute the voting strength of Texas' African American citizens and deny them fair representation in these governing bodies.  Plaintiff-Intervenors seek the implementation of Congressional and State House redistricting plans that will not dilute the voting strength of African-American voters in Texas. Plaintiff-Intervenors also seek costs and attorneys' fees.

## I. JURISDICTION

2.      Plaintiff-Intervenor's complaint arises under the United States Constitution and federal statutes. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1988.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.      Plaintiff-Intervenors seek declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202.

## II. PARTIES

5.      Plaintiff the Texas State Conference of NAACP Branches is an association of local chapters of the NAACP. It shares the mission of the national NAACP: to ensure the

political, educational, social, and economic equality of rights of all persons and to eliminate racial hatred and racial discrimination. The Texas State Conference has previously participated in redistricting litigation in state and federal courts at all levels.

6. Plaintiff Howard Jefferson resides at 4402 Nenana Drive, Houston TX, 77035. An African-American citizen and resident of Harris County, he is a member of the Texas State Conference of NAACP Branches and is a registered voter. He lives in current State House District 146, and remains in State House District 146 in the state's proposed state house redistricting plan.

7. Plaintiff Juanita Wallace resides at 1409 S. Lamar Street, Loft 341, Dallas TX, 75215. An African-American citizen and resident of Dallas County, she is the President of the Dallas Branch of the NAACP and is a registered voter. She lives in current Congressional District 30 and current State House District 100. Under the state's new redistricting plans, she will be in Congressional District 30 and State House District 100.

8. Plaintiff Rev. Bill Lawson resides at 4042 Glen Code Drive, Houston TX, 77021. An African-American citizen and resident of Harris County, he is a member of the NAACP and a registered voter. He is Pastor Emeritus of Wheeler Avenue Baptist Church, and both a long-time civil rights leader and an advocate for the indigent and homeless in Houston.  He lives in current Congressional District 18 and current State House District 147. Under the state's new redistricting plans, he will be in Congressional District 18 and State House District 147.

9. Defendant the State of Texas is a political subdivision covered under the provisions of the Voting Rights Act and responsible for the actions of its officials with regard to state-wide redistricting.

10. Defendant Rick Perry is the duly elected and acting Governor of the State of Texas. Under Article IV, Section 1, of the Texas Constitution, he is the chief executive officer of the Defendant State of Texas. He is sued in his official capacity.

11. Defendant David Dewhurst is duly elected and acting Lieutenant Governor of Texas. Under Article IV, Section 16, of the Texas Constitution he is the President of the Texas Senate. He is sued in his official capacity.

12. Defendant Joe Strauss is the duly elected and acting Speaker of the Texas House of Representatives and is the presiding officer over the Texas House of Representatives. He is sued in his official capacity.

13. Defendant Hope Andrade is the duly appointed and acting Secretary State of the State of Texas. She is being sued in her official capacity.

### III. FACTS

14. The Texas State Conference of NAACP Branches is a non-profit, non-partisan membership organization and has previously been involved in redistricting cases at all levels. The State Conference, its branches and its members have also presented testimony to legislative bodies on various state and local election schemes and/or redistricting plans

15. Section 2 of the Voting Rights Act of 1965, 42 U.S.C. 1973, applies nationwide and prohibits voting practices and procedures that result in the denial or abridgement of the right of any citizen to vote on account of race, color, or membership in a language minority group. Section 2 is a permanent provision of the federal Voting Rights Act.

16. The total Texas population is 12% African-American according to the 2010 federal census. African-Americans comprise at least this percentage of the state's Citizen Voting

Age population. Texas' African-American population is roughly equivalent to the total population of Mississippi, which has four representatives in the United States Congress.

17.     After the last decennial census, the Texas Congressional apportionment will increase from 32 representatives to 36 representatives, due to an overall population increase of 20.6% (more than twice the average rate of growth nationally). Approximately 89% of the population growth in Texas this past decade—growth that resulted in our State's right to 4 additional Congressional representatives—is a result of minority population growth. Both Latino and African-American growth eclipsed Anglo growth in both percentage and raw numbers—Latino growth represented 65% of the state's population growth, the African-American population comprised 12% of the state's population growth, and the Anglo population constituted only 11% of the overall growth in population. Texas is now a majority-minority state—only 45% of the state's total population is Anglo.

18.     Proportionally, African-Americans are underrepresented in the U.S. House of Representatives. Roughly proportional representation would require more than the three African-American opportunity districts that currently exist.

19.     The Texas State Conference of NAACP Branches submitted to the Texas Legislature a Congressional plan that created a new African-American opportunity seat in the Dallas-Fort Worth area, but the request to create this district was denied. The plan adopted by the Texas Legislature does not create a new African-American opportunity seat anywhere in the state.

20.     As drawn in the Congressional plan passed by the Texas Legislature, Congressional districts in Harris, Fort Bend, Dallas, Tarrant, Travis, Bexar, Hays and Comal Counties all dilute the voting strength of African-American voters.

5

21. In the Congressional plan passed by the Texas Legislature, Congressional Districts 9, 18 and 30 are drawn in a way that undermines the ability of African-Americans to effectively participate in the political process in those areas. The state's proposed plan has similar impact on Latinos in those districts who have acted in coalition with African-Americans to further the interests of both communities.

22. The Congressional plans unnecessarily split communities of interest, deleted important areas from the existing Congressional districts, and are designed to undermine or frustrate effective and long term voter coalitions in the area.

23. African-Americans are currently underrepresented in the Texas House of Representatives. The Texas Legislative Black Caucus tendered to the state legislature a plan that provided four additional African-American opportunity districts in the Texas House of Representatives. The new districts created by the Legislative Black Caucus were State House District 26 in Fort Bend and Harris County, State House District 54 in Bell County, State House District 107 in Dallas County, and State House District 114 in Tarrant County.

24. The result of the plans passed by the Texas Legislature is that African-American voters do not have an equal opportunity to elect candidates of their choice to the Texas House of Representatives or to the U.S. Congress.

25. Elections in Texas continue to be racially polarized.

26. African-Americans in Texas generally vote as a group and are politically cohesive.

27. Latinos in Texas vote as a group and are politically cohesive.

28. Latinos and African-Americans in Texas vote as a group and are politically cohesive. Latinos and African-Americans in Congressional District 30, Congressional District 9

6

and Congressional District 18 vote as a group and are politically cohesive in ensuring the continued character of the districts. Latinos and African-Americans in Travis, Hays and Bastrop counties vote as a group and are politically cohesive.

29.     Anglos in Texas generally vote as a group, are politically cohesive and vote sufficiently as a block to defeat the preferred candidate of Latino and African-American voters absent fair and equitable majority-minority single member districts. This has been documented by federal and state courts, the US Commission on Civil Rights and by the United States Congress.

30.     The House Committee on Redistricting held a public hearing on June 2, 2011, and the Senate Select Committee on Redistricting held a public hearing on June 3, 2011, both on the state's proposed Congressional redistricting plan. During the approximately 7 hours of testimony for each meeting, every single person except one testified against the proposed Congressional plan. The Texas Legislature passed it despite this opposition and concern for minority voting rights.

31.     During the legislative process, the Texas Legislature had before it plans for the Congressional and State House districts that did not dilute the voting strength of African-American voters, and the legislature rejected those plans for plans that did not afford minority voters an equal opportunity to elect candidates of their choice.

32.     The effects of discrimination against African-Americans in Texas have extended into education, employment and health care, hindering their ability to participate effectively in the political process.

33.     African-American voters in Texas continue to experience the effects of current and past discrimination in voting that make it more difficult for them to exercise their right to

vote, field candidates of their choice, engage in political activities and participate in the political process.

34. Recent instances of voter and candidate intimidation, vote suppression and denials of the right to vote targeted at African-American voters and candidates in Texas elections demonstrate continued racial discrimination in elections that make it more difficult for African-American voters to participate.

35. Political campaigns in Texas have been characterized by the use of appeals to race that denigrate African-American candidates.

36. In the totality of circumstances, the result of the plans passed by the Texas Legislature for the State House of Representatives and Congress is that African-American voters will not have an equal opportunity to participate in the political process as white voters.

37. The plans adopted by the Texas Legislature for the United States Congress and the Texas House have not yet received the preclearance required by Section 5 of the Voting Rights Act, 42 U.S. C. § 1973c.

## CAUSES OF ACTION

### Count I

38. The allegations contained in paragraphs 1-37 are alleged as if fully set forth herein.

39. The current Congressional and State House redistricting plans violate Section 2 of the Voting Rights Act, as amended, 42 U.S. § 1973. These plans result in a denial or abridgement of the right to vote of individual plaintiffs and organizational plaintiff's members on account of their race, color, or ethnicity, by having the effect of canceling out or minimizing their individual

voting strength as minorities in Texas. The state's proposed redistricting plans, passed by the Texas Legislature, do not afford individual plaintiffs and organizational plaintiff's members an equal opportunity to participate in the political process and to elect representatives of their choice, and denies individual plaintiffs and organizational plaintiff's members the right to vote in elections without discrimination of race, color, or previous condition of servitude in violation of 42 U.S.C. § 1973.

**Count II**

40.     The allegations contained in paragraphs 1-37 are alleged as if fully set forth herein.

41.     The redistricting plans adopted by the Texas Legislature were developed in such a way and with the intent to disadvantage African-American and other minority voters. This intentional discrimination is in violation of the 14th Amendment of the United States Constitution and 42 U.S.C. § 1983.

**Count III**

42.     The allegations contained in paragraphs 1-37 are alleged as if fully set forth herein.

43.     The current plans in place for the Congressional, Texas House and Texas Senate districts exceed permissible population variances between the least populated and the most populated districts. The enforcement of such plans by the Defendants violate the rights of all voters as guaranteed by the one person, one vote principle embodied within the 14th Amendment of the U.S. Constitution, as protected by 42 U.S.C. § 1983.

44.     There are no enforceable alternative plans currently in place.

45. The plans adopted by the Texas Legislature for the United States Congress and the Texas House have not yet received the necessary preclearance required by Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. These plans therefore cannot be implemented unless and until it receives Section 5 preclearance.

46. The plans adopted by the Texas Legislature for the United States Congress and the Texas House violate Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and thus cannot be implemented.

## BASIS FOR EQUITABLE RELIEF

47. Plaintiff-Intervenors have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means of securing adequate redress from all of the Defendants' unlawful practices.

48. Plaintiff-Intervenors will continue to suffer irreparable injury from all of the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

## ATTORNEYS' FEES

49. In accordance with 42 U.S.C. Section 1973-1(e) and 1988, Plaintiffs are entitled to recover reasonable attorney's fees, expenses and costs.

## PRAYER

Plaintiff-Intervenors respectfully pray that this Court enter Judgment granting:

A.	A declaratory judgment that State Defendants' actions violate the rights of Plaintiff as protected by Section 2 of the Voting Rights Act, 42 U.S.C. § 1973 et seq., and the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983;

B.	Preliminary and permanent injunctive relief requiring State Defendants, their successors in office, agents, employees, attorneys, and those persons acting in concert with them and/or at their discretion – to develop redistricting plans that do not dilute African American and minority voting strength for the Texas House of Representatives and the United States House of Representatives, and enjoining and forbidding the use of the current congressional and state legislative redistricting plans.

C.	If need be, adopt an interim electoral plan for the 2012 elections for United States Congress and Texas House of Representatives.

D.	An order of this Court retaining jurisdiction over this matter until all Defendants have complied with all orders and mandates of this Court;

E.	An order requiring Defendants to pay all costs including reasonable attorneys' fees, and

F.	Such other and further relief as the Court may deem just and proper.

                Respectfully Submitted,

                /s/ Gary Bledsoe

                Gary L. Bledsoe
                Law Office of Gary L. Bledsoe and Associates
                State Bar No. 02476500
                316 West 12th Street, Suite 307
                Austin, Texas 78701
                Telephone: 512-322-9992
                Fax: 512-322-0840
                Garybledsoe@sbcglobal.net
                Attorney for Howard Jefferson

                Robert Notzon
                Law Office of Robert S. Notzon

State Bar Number 00797934
1507 Nueces Street
Austin, TX 78701
512-474-7563
512-474-9489 fax
Robert@NotzonLaw.com
Attorney for Texas State Conference of NAACP Branches, Juanita Wallace and Bill Lawson

Anita S. Earls
N.C. State Bar No. 15597
(Pro Hac Vice Admission Pending)
Allison J. Riggs
N.C. State Bar No. 40028
(Pro Hac vice Admission Pending)
Southern Coalition for Social Justice
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Fax: 919-323-3942
Anita@southerncoalition.org
Allison@southerncoalition.org
Attorneys for Texas State Conference of NAACP Branches, Juanita Wallace and Bill Lawson

Victor L. Goode
Assistant General Counsel
NAACP
4805 Mt. Hope Drive
Baltimore, MD 21215-3297
Telephone: 410-580-5120
Fax: 410-358-9359
vgoode@naacpnet.org
Attorney for the Texas State Conference of NAACP Branches

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2011 a true and correct copy of Plaintiff-Intervenors' Amended Complaint was delivered to Plaintiffs and Defendants via the United States District Court, Western Division of Texas, San Antonio Division, ECF system.

                                            /s/ Gary Bledsoe