IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON PEREZ; HAROLD DUTTON, JR.; GREGORY TAMEZ; SERGIO SALINAS; CARMEN RODRIGUEZ; RUDOLFO ORTIZ; NANCY HALL and DOROTHY DEBOSE<br><br>Plaintiffs<br><br>-and-<br><br>EDDIE BERNICE JOHNSON, SHEILA JACKSON-LEE, and ALEXANDER GREEN, MEMBERS OF THE UNITED STATES CONGRESS<br><br>-and-<br><br>TEXAS LEGISLATIVE BLACK CAUCUS, TEXAS HOUSE OF REPRESENTATIVES<br><br>-and-<br><br>TEXAS STATE CONFERENCE OF NAACP BRANCHES; HOWARD JEFFERSON, JUANITA WALLACE and REV. BILL LAWSON<br><br>Plaintiff-Intervenors<br><br>v.<br><br>STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; HOPE ANDRADE, in her official capacity as Secretary of State of the State of Texas<br><br>Defendants | FILED<br>AUG -1 2011<br>CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>BY _____ DEPUTY CLERK<br><br><br><br>CIVIL ACTION NO.<br>11-CA-360-OLG-JES-XR<br>[Lead case] |

| | |
|---|---|
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC)<br><br>              Plaintiffs<br>   -and-<br><br>THE HONORABLE HENRY CUELLAR, Member of Congress, CD 28; THE TEXAS DEMOCRATIC PARTY and BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party; and LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC) and its individually named members<br><br>             Plaintiff-Intervenors<br><br>v.<br><br>STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives;<br><br>             Defendants | CIVIL ACTION NO.<br>SA-11-CA-361-OLG-JES-XR<br>[Consolidated case] |
| TEXAS LATINO REDISTRICTING TASK FORCE, JOEY CARDENAS, ALEX JIMENEZ, EMELDA MENENDEZ, TOMACITA OLIVARES, JOSE OLIVARES, ALEJANDRO ORTIZ, AND REBECCA ORTIZ<br><br>             Plaintiffs<br><br>v.<br><br>RICK PERRY, in his official capacity as Governor of the State of Texas<br><br>             Defendants | CIVIL ACTION NO.<br>SA-11-CA-490-OLG-JES-XR<br>[Consolidated case] |

| | |
|---|---|
| MARGARITA V. QUESADA; ROMEO MUNOZ; MARC VEASEY; JANE HAMILTON; LYMAN KING; and JOHN JENKINS )<br><br>Plaintiffs )<br><br>v. )<br><br>RICK PERRY, in his official capacity as Governor of the State of Texas; and HOPE ANDRADE, in her official capacity as Secretary of State for the State of Texas )<br><br>Defendants ) | CIVIL ACTION NO.<br>SA-11-CA-592-OLG-JES-XR<br>[Consolidated case] |
| JOHN T. MORRIS )<br><br>Plaintiff )<br><br>v. )<br><br>STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; and HOPE ANDRADE, in her official capacity as Secretary of State of the State of Texas )<br><br>Defendants ) | CIVIL ACTION NO.<br>SA-11-CA-615-OLG-JES-XR<br>[Consolidated case] |

EDDIE RODRIGUEZ, MILTON GERARD WASHINGTON, BRUCE ELFANT, ALEX SERNA, SANDRA SERNA, BETTY F. LOPEZ, DAVID GONZALEZ, BEATRICE SALOMA, LIONOR SOROLA-POHLMAN; ELIZA ALVARADO; JUANITA VALDEZ-COX; JOSEY MARTINEZ; NINA JO BAKER; TRAVIS COUNTY and CITY OF AUSTIN

Plaintiffs

v.

| | |
|---|---|
| RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; HOPE ANDRADE, in her official capacity as Secretary of State of the State of Texas; STATE OF TEXAS; BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party; and STEVE MUNISTERI, in his official capacity as Chair of the Republican Party of Texas<br><br>　　　　Defendants | CIVIL ACTION NO.<br>SA-11-CA-635-OLG-JES-XR<br>[Consolidated case] |

# ORDER

Pending before the Court is Defendants' Motion for Protective Order (Dkt. # 62). The Texas Democratic Party (TDP) and Boyd Richie filed a response (Dkt. # 74). The Texas Latino Redistricting Task Force (LULAC) and its individuals members also filed a response (Dkt. # 88). The NAACP Plaintiff-Intervenors filed a response as well (Dkt. # 87).

In their motion, Defendants seek a protective order to "preserve the legislative privilege of witnesses called to testify in this case." (Dkt. # 62, p. 2). Defendants assert that their witnesses will likely face questioning on issues that are integral to the legislative process and that answering such questions will "invade the witnesses' legislative privilege." (Dkt. # 62, p. 2).

The TDP and Mr. Richie contend that a protective order is unwarranted. They claim that Defendants intend to use the privilege as both a sword and a shield and the privilege, if applicable, is qualified and may be waived. The LULAC Plaintiffs contend that the privilege does not apply or, alternatively, that it should be narrowly construed. The NAACP Plaintiffs contend that a blanket protective order would clearly be inappropriate, and if the Court makes any ruling, it should be based on the question being posed to each particular witness.

The Court understands that depositions will begin tomorrow; thus, it has reviewed the motion, response and applicable law in advance thereof. After such review, it clearly appears that any sort of blanket protective order that would insulate witnesses from testifying would be inappropriate. As an evidentiary and testimonial privilege, the legislative privilege is limited and qualified. In re Grand Jury, 821 F.2d 946, 957-58 (3rd Cir. 1987). The privilege may obviously be asserted by legislators and congressmen, who have a function and role in the legislative process. The privilege may also apply to staffers, aides or employees, with certain limitations. Gravel v. United States, 408 U.S. 606, 621-22, 92 S.Ct. 2614 (1972). However, the privilege does not apply to every person who may be deposed in this case, nor does it apply to every question that may be asked during deposition. The privilege is personal to each person who may be entitled to invoke it, and that person may choose to waive the privilege. Even if the deponent is entitled to invoke the privilege, the application of the privilege depends on the question being posed. Even if the privilege is asserted, it may be waived and/or the Court may find that it should not be enforced based on the information being sought and/or other circumstances that may not be readily apparent, such as whether the evidence is available from other sources.

For these reasons, the Court finds that the assertion of the privilege is premature.[1] The Court cannot provide blanket protection to every person who may choose to assert the privilege during the discovery process. Instead, the parties should proceed with depositions and the deponents must appear and testify even if it appears likely that the privilege may be invoked in response to certain questions. The deponents may invoke the privilege in response to particular questions, but the deponent must then answer the question subject to the privilege. Those portions of the deposition

---

[1] Florida Association of Rehabilitation Facilities, Inc. v. State of Florida, 164 F.R.D. 257, 260 (N.D. Fla. 1995)(question as to whether privilege applied was not ripe when witnesses had not appeared and asserted privilege in the context of specific questions).

transcript may then be sealed and submitted to the Court for *in camera* review, along with a motion to compel, if the party taking the deposition wishes to use the testimony in these proceedings. In other words, the testimony will not be disclosed or used unless the Court finds that the privilege does not apply, has been waived and/or should not be enforced.

It is therefore ORDERED that Defendants' Motion for Protective Order (Dkt. # 62) is DENIED without prejudice.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

*And on behalf of:*

| | | |
|---|---|---|
| Jerry E. Smith<br>United States Circuit Judge<br>U.S. Court of Appeals, Fifth Circuit | *-and-* | Xavier Rodriguez<br>United States District Judge<br>Western District of Texas |