UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 11 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| SHANNON PEREZ, et. al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.<br>11-CA-360-OLG-JES-XR |
| STATE OF TEXAS, et. al., | § § | |
| Defendants. | § § | |
| | | |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES, | § § § § | |
| Plaintiffs, | § § | Civil Action No.<br>SA-11-CA-361-OLG-JES-XR |
| v. | § § | |
| STATE OF TEXAS, et. al., | § § | |
| Defendants. | | |
| TEXAS LATINO REDISTRICTING TASK FORCE, et. al.., | § § § | |
| Plaintiffs, | § § | Civil Action No.<br>SA-11-CA-490-OLG-JES-XR |
| v. | § § | |
| RICK PERRY, | § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| MARGARITA V. QUESADA, et. al., | § § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. SA-11-CA-592-OLG-JES-XR |
| RICK PERRY, et. al., | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| JOHN T. MORRIS., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. SA-11-CA-615-OLG-JES-XR |
| STATE OF TEXAS, et. al., | § § § | |
| Defendants. | § § § | |

| | | |
|---|---|---|
| EDDIE RODRIGUEZ, et. al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. SA-11-CA-635-OLG-JES-XR |
| RICK PERRY, et. al., | § § § | |
| Defendants. | § § § | |

## ORDER

On this day, the Court considered the motion of Lamar Smith, Joe Barton, Louis Gohmert, Ted Poe, Samuel Johnson, Ralph Hall, Jeb Hensarling, John Culberson, Kevin Brady, Michael McCaul, Michael Conaway, Kay Granger, William Thornberry, Ronald Paul, Bill Flores, Randy Neugebauer, Pete Olson, Francisco Canseco, Kenny Marchant, Michael Burgess, Blake Farenthold,

2

John Carter and Pete Sessions ("motion") (Docket Entry No. 116), and all of the responses and replies filed to date. Having considered the documents and the relevant authority, the Court DENIES Movants' motion to prevent disclosure of communications.

## Background

Members of the United States Congress, "Movants," submitted a motion to prevent disclosure of written communications allegedly subject to privilege under the Speech and Debate Clause of the United States Constitution between themselves and state legislators. Movants, their staff, and their counsel communicated with Texas state legislators, their staff, and their counsel, and the Plaintiffs have moved for production of these communications with regard to the Texas legislature's redistricting.

Movants claim that "production of these communications from Defendants is as offensive to the Constitutional protections afforded the legislative process by the Speech and Debate Clause as a request for production from Plaintiffs to Movants themselves."[1] Movants also argue that because every Member of Congress takes an interest in, and is affected by, redistricting, it is an important part of congressional business.[2] The movants rely upon *Cano v. Davis*, 191 F. Supp. 2d 1135 (C.D. Cal. 2001) where a three-judge panel quashed subpoenas to three Democratic members of the California state assembly.[3] Movants continue by arguing that if a court order was made compelling discovery of a Congressman's private communications with fellow legislators representing his constituents,

---

[1] Motion to Prevent Disclosure ("Motion") at 3 (doc. no. 116).

[2] Motion at 4.

[3] Motion at 5.

such order would raise "serious separation of powers concerns."[4] Movants further contest the relevancy of the information sought and the legitimacy of inquiring into the intent of Members of the United States Congress.[5] Movants filed their privilege log on August 8, 2011.[6]

## Legal Standard

The Supreme Court has established that legislative immunity is to be interpreted broadly and that "legislators acting within the sphere of legitimate legislative activity 'should be protected....'" *Eastland v. U.S. Serviceman's Fund*, 421 U.S. 491, 503 (1975) (quoting *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967)). However, the Supreme Court has also held that "[l]egislative acts are not all-encompassing." *Gravel v. U.S.*, 408 U.S. 606, 625 (1972). The Speech and Debate Clause "does not prohibit inquiry into activities that are casually or incidentally related to legislative affairs but not a part of the legislative process itself." *U.S. v. Brewster*, 408 U.S. 501, 528 (1972). Interpreting *Gravel*, the Ninth Circuit Court of Appeals established a two-prong test for determining what actions or activities qualify for the privilege. "First, it must be 'an integral part of the deliberative and communicative processes by which Members participate in Committee and House proceedings.'" *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 529 (9th Cir. 1983) (quoting *Gravel*, 408 U.S. at 625). "Second, the activity must address proposed legislation or some other subject within Congress' constitutional jurisdiction." *Miller*, 709 F.2d at 529 (citing *Gravel*, 408 U.S. at 625).

---

[4]Motion at 5.

[5]Motion at 6.

[6]Privilege Log (doc. no. 121).

## Analysis

The first prong would require that the communications between Movants and the Texas legislators be an integral part of the "deliberative and communicative process." Here, the communications are, at best, "casually or incidentally related to legislative affairs but not a part of the legislative process itself." *Brewster*, 408 U.S. at 528. Movants argue that they take an interest in, and are affected by, the redistricting legislation, and it is therefore an important part of congressional business. The Court acknowledges that Members of the U.S. Congress may potentially be affected by the state legislation. Because, however, their legislative affairs are affected only incidentally, and because the communications fall outside of Movants' sphere of legislative duties, the communications are not a part of the "deliberative and communicative process."

The Movants' communications with the Texas legislators concern the state legislators' action involving the redistricting within Texas. This was not proposed legislation or some other subject within Congress' constitutional jurisdiction. Movants would not deliberate, hold a hearing, or vote on this Texas legislation. If the privilege of immunity existed, it was the Texas legislators' to invoke[7], not the non-party Movants'.[8] Further, the Supreme Court has stated that the congressional privilege does not shield congresspersons who have attempted to influence the conduct of executive agencies. *See United States v. Johnson*, 383 U.S. 169, 172 (1966) (observing

---

[7]The State Defendants have previously notified the Court that they did not intend to invoke any privilege.

[8]Movants' reliance upon *Cano v. Davis* is inapplicable here. The court in *Cano* quashed the depositions of the *state* legislators, who held the legislative privilege in that redistricting case. *See Cano v. Davis*, 193 F. Supp. 2d 1177 (C.D. Cal. 2002).

5

that conduct involved in attempting to influence the Department of Justice would not be protected by the Speech and Debate Clause); *Hutchinson v. Proxmire*, 443 U.S. 111, 121 n.10, 131 (1979) (noting that privilege does not attach to acts intended to influence executive agencies). While the state legislature is not an executive agency as in *Johnson* or *Hutchinson*, the principle of the Supreme Court's holding is evident here; the Movants have discussed a matter outside of their jurisdiction, seeking to influence the decisions of the state legislative body. Movants' acts or activities fail to meet either prong and, the motion claiming privilege is therefore denied.[9]

Within the privilege log submitted, there are seven separate instances where Movants claim attorney-client privilege.[10] In each instance, Eric Opiela, Counsel for the Movants, and Gerardo Interiano, Counsel for Texas Speaker Straus, were included in the communication. "When relayed to a third-party that is not rendering legal services on the client's behalf, a communication is no longer confidential, and thus falls outside of the reaches of the privilege." *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999); *see also U.S. v. Hardy*, 2011 WL 1363985 (5th Cir. April 11, 2011) (quoting *Nguyen*, 197 F.3d at 207). Attorney-client privilege was waived by including persons outside the attorney-client privilege.

The Court will determine the ultimate relevance of whatever evidence may be presented at trial.

---

[9] Movants also cite to *Session v. Perry*, Civ. No. 2:03-cv-354, dkt. no. 92 (E.D. Tex., Dec. 1, 2003). In that order a three judge panel quashed subpoenas requiring Congressmen DeLay and Barton to testify by deposition and produce documents. That panel did not engage in any analysis of the speech and debate clause and did not address the two-prong *Gravel* criteria. The panel merely considered whether there was exceptional circumstances present to allow for discovery from a high-ranking government official.

[10] Privilege Log at Bates Ranges "Congress 067-086," "Congress 091-092," "Congress 093-095," "Congress 096-097," "Congress 104-106," "Congress 207-208," "Congress 231-234."

## Conclusion

Movants' motion to prevent disclosure of communications is DENIED (doc. no. 116).

The Clerk is directed to unseal the documents filed in docket numbers 117, 120, and 156.

Movants' Supplemental motion for leave to file a sealed document (doc. no. 156) is DENIED.

It is so ORDERED this 11th day of August, 2011.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

*And of behalf of:*

| | | |
|---|---|---|
| Jerry E. Smith | | Xavier Rodriguez |
| United States Circuit Judge | *-and-* | United States District Judge |
| U.S. Court of Appeals, Fifth Circuit | | Western District of Texas |