## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON PEREZ HAROLD DUTTON, JR. AND GREGORY TAMEZ; SERGIO SALINAS; CARMEN RODRIGUEZ RUDOLFO ORTIZ; NANCY HALL and DORTHY DEBOSE | )<br>)<br>;)<br>)<br>)<br>) | |
| Plaintiffs | ) | CIVIL ACTION NO: |
| -and- | ) | SA-11-CA-360-OLG-JES-XR |
| | ) | |
| EDDIE BERNICE JOHNSON, SHEILA JACKSON-LEE, and ALEXNADER GREEN, MEMBERS OF THE UNITED STATES CONGRESS | )<br>)<br>)<br>) | |
| | ) | |
| -and- | ) | |
| | ) | |
| TEXAS LEGISLATIVE BLACK CAUCUS, TEXAS HOUSE OF REPRESENATIVES | )<br>)<br>) | |
| | ) | |
| -and- | ) | |
| | ) | |
| TEXAS STATE CONFRENCE OF NAACP BRANCHES; HOWARD JEFFERSON, JUANITA WALLACE and REV. BILL LAWSON | )<br>)<br>)<br>) | |
| Plaintiff- Intervenors | ) | |

STATE OF TEXAS; RICK PERRY,                        )
In his official capacity as Governor of the        )
State of Texas; DAVID DEWHURST,                    )
In his official capacity as Lieutenant             )
Governor of the State of Texas; JOE                )
STRAUS, in his official capacity as                )
Speaker of the Texas House of                      )
Representatives; HOPE ANDRADE, in her              )
Official capacity as Secretary of State            )
Of the State of Texas                              )
              Defendants              )

---

MEXICAN AMERICAN LEGISLATIVE               )
CAUCUS, TEXAS HOUSE OF                      )
REPRESENTATIVES (MALC)                      )
           Plaintiffs                  )
                                     )

-and-                                       )      CIVIL ACTION NO.

THE HONORABLE HENRY CUELLAR                 )      SA-11-CA-361-OLG-JES-XR
Member of Congress, CD 28; THE TEXAS        )      [Consolidated case]
DEMOCRATIC PARTY and BOYD                   )
RICHIE, in his official capacity as chair of )
the Texas Democratic Party; and LEAGUE      )
OF UNITED LATIN AMERICAN                    )
CITIZENS (LULAC) and it's individually      )
named members                               )
                                       )
           Plaintiff-Intervenor           )
                                       )

v.                                          )

STATE OF TEXAS; RICK PERRY,                 )
In his official capacity as Governor of the )
State of Texas; DAVID DEWHURST,             )
In his official capacity as Lieutenant      )
Governor of the State of Texas; JOE         )
STRAUS, in his official capacity as         )

-2-

Speaker of the Texas House of ⟩
Representatives ⟩
        Defendants ⟩
  ⟩
  ⟩
  ⟩
  ⟩
TEXAS LATINO REDISTRICTING ⟩
TASK FORCE, JOEY CARDENAS, ⟩
ALEX JIMENEZ, EMELDA ⟩
MENENDEZ, TOMACITA OLIVARES, ⟩
JOSE OLIVARES, ALEJANDRO ORTIZ ⟩
AND REBECCA ORTIZ ⟩     CIVIL ACTION NO.
        Plaintiffs ⟩     SA-11-CA-490-OLG-JES-XR
  ⟩     [Consolidated case]
v. ⟩
  ⟩
RICK PERRY, in his official capacity ⟩
As Governor of the State of Texas ⟩
  ⟩
        Defendants

## Plaintiff-Intervenor Congressman Cuellar Complaint in Intervention

1.     This Court granted Congressman Cuellar's Motion to Intervene (Dkt. #42). Movant now files the his Complaint in Intervention:

2.     This is a redistricting lawsuit. This action is brought pursuant to Section 2 of the Voting Rights Act, 42 U.S.C. § 1973 et seq., Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c and the Fourteenth and Fifteenth Amendments to the United States Constitution, 42 U.S.C. § 1983. Plaintiff-Intervenor bring this action requesting declaratory and injunctive relief against the State of Texas to challenge the population data being used for the State's 2011 redistricting efforts. The 2010 Census severely undercounts Latinos. The 2010 Census process and procedures resulted in substantial omissions of Latino population, particularly in the border

region of Texas, including Cameron, Hidalgo, Starr, Webb and El Paso Counties, as well as urban areas in Dallas and Houston. Defendant State of Texas; and Defendants Perry, Dewhurst, and Straus (hereinafter collectively referred to as the "State Defendants") in the 2011 redistricting of the Texas House of Representatives, and the United State House of Representatives, have used or are using this defective data to determine the number of State House representatives that will be apportioned to Texas Counties as well as to determine compliance with the equal population requirements of the Texas and United States Constitutions. Use of this data will undervalue the vote of Texas Latinos and limit the number of majority Latino districts which can be drawn consistent with applicable Constitutional and statutory requirements.

3.      Plaintiff-Intervenor bring this action challenging the current election districts for the United States House of Representatives in Texas and because they currently contain substantial population disparities in violation of the equal population requirements of the United States Constitution.

## I. JURISDICTION

4.      Plaintiff-Intervenor's complaint arises under the Unites States Constitution and federal statutes. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1988.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6.      Plaintiff-Intervenor seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6.   Plaintiff-Intervenor request the convening of a three-judge court pursuant to 28 U.S.C. § 2284.

## II. PARTIES

7.   Plaintiff Congressman Cuellar  is a Latino voter from Webb County. He is a United States Congressman and is a member of the Congressional Caucus.  Congressman Cuellar has been a strong advocate for the Hispanic Community and a leader on issues of importance to the South Texas Community.

8.   Defendant is the State of Texas.  The State of Texas is a political subdivision covered under the provisions of the Voting Rights Act and responsible for the actions of its officials with regard to state-wide redistricting.

9.   Defendant Rick Perry is the duly elected and acting Governor of the State of Texas. Under Article IV, Section 1, of the Texas Constitution, he is the chief executive officer of the Defendant State of Texas.  He is sued in his official capacity.

10.   Defendant David Dewhurst is duly elected and acting Lieutenant Governor of Texas.  Under Article IV, Section 16, of the Texas Constitution he is the President of the Texas Senate.  He is sued in his official capacity.

11.   Defendant Joe Straus is the duly elected and acting Speaker of the Texas House of Representatives and is the presiding officer over the Texas House of Representatives.  He is sued in his official capacity.

## III. FACTS

12.     On or about February 17, 2011, the United States Department of Commerce and the United States Census Bureau released to the State of Texas the population data gathered as a result of the conduct of the 2010 census.

13.     The information released to the State of Texas showed that the population of Texas had increased to 25,145,561 for 2010.  The population of Texas, according to the 2010 Census, had increased over the decade by about 20% from the 2000 population of 20,851,820.

14.     According to the 2010 Census, the Hispanic population of Texas grew to 9,460,921 from 6,669,666 in the 2000 census. This was an increase of about 42%.  According to the 2010 Census, the minority population of Texas comprised almost ninety percent (90%) of the growth.  The Hispanic accounted for the lion's share of the growth of the Texas Minority population.

15.     The numbers released to the State of Texas by the Census Bureau in February of 2011 have been used to redistrict the Texas House of Representatives.   The Legislature adjourned without adopting a plan for United States House of Representatives.  The Census data has already been used to determine the apportionment of Texas House of Representatives to Texas Counties and to apportion United State House of Representative seats to Texas.

16.     Historically, there has never been a completely accurate census in the United States.  Moreover, the undercount of population is more pronounced for racial and ethnic minorities.  Latinos and African Americans have traditionally been identified by official studies done by the Census as the most undercounted groups.

17.   Historically American censuses result in more accurate counts for whites than they do for racial and ethnic minorities. *See:* National Research Council, "Modernizing the U.S. Census" 32, 33 (Barry Edmonston& Charles Schutze eds., 1995).

18.   The Census Bureau has recognized that in Texas certain populations are more difficult to count than other populations.  For example, people in poor urban communities are harder to count, as are people who live in poor suburban unincorporated subdivisions primarily located along the Texas-Mexican border and often referred to as "colonias".  In Texas, this means an undercount of racial and ethnic minorities.

19.   Upon information and belief, the resulting undercount of Latinos along the border region of Texas was between 4% and 8% of the population for the region.

20.   The of the inaccurate 2010 Census numbers for redistricting of Texas House of Representatives and United States House of Representative districts will dilute the voting strength of Latino voters of Texas.

21.   According to the 2010 Census, the Texas Congressional districts have population disparities between the most populated and least populated districts or "top to bottom" deviation of over 48%.  This population disparity far exceeds the allowable deviation under the United States Constitution.  The overpopulated districts for the United States House of Representatives includes districts such as District 15 in Hidalgo County, with a deviation of over  +12%, and District 28 in Hidalgo County, with a deviation of about +22%.

22.   The State's redistricting plans contains deviations that far exceed permissible limits under the United States Constitution.  As described above the current plans for United States House of Representatives far exceed permissible deviation limits.

23.     Elections in Texas continue to be racially polarized.

24.     Latinos generally vote as a group and are politically cohesive.

25.     African Americans in Texas generally vote as a group and are politically cohesive.

26.     Latinos and African Americans in Texas vote as a group and are politically cohesive.

27.     Anglos in Texas generally vote as group, are politically cohesive and vote sufficiently as a block to defeat the preferred candidate of Latino and African American voters absent fair and equitable majority-minority single member districts.  This has been documented hundreds of times by Federal and state Courts, the US Commission on Civil Rights and by the US Congress.

## FIRST CLAIM FOR RELIEF – DISCRIMINATORY RESULT

28.     The allegations contained hereinabove are re-alleged re-averred as if fully set forth herein.

29.     The election practices and procedures used to apportion the United States Congressional Districts, violates the rights of Latino voters in violation of Section 2 of the Voting Rights Act as well as the 14th and 15th Amendments of the United States Constitution and 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF – ONE PERSON ONE VOTE

30.     The allegations contained hereinabove are re-alleged and re-averred as if fully set forth herein.

31.     Currently redistricting plans for United States House of Representatives exceed permissible population variances between the least populated district and the most populated district. The implementation of such variances or deviations from ideal population by Defendants Perry, Dewhurst and Straus violate the rights of all voters and persons as guaranteed by the one person, one vote principle embodied within 14th Amendment of the United States Constitution and protected by 42 U.S.C. § 1983.

**BASIS FOR EQUITABLE RELIEF**

32.     Currently Plaintiff-Intervenor has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means of securing adequate redress from all of the Defendants' unlawful practices.

33.     Plaintiff-Intervenor will continue to suffer irreparable injury from all of the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

**ATTORNEYS FEES COSTS AND EXPENSES**

34.     This is an appropriate case for the assessment of fees costs and expenses.

**PRAYER**

Plaintiff Intervenor respectfully pray that this Court enter Judgment granting:

A.     A declaratory judgment that State Defendants' actions violate the rights of Plaintiff as protected by Section 2 of the Voting Rights Act, 42 U.S.C. § 1973 et seq. and the Defendants Perry, Dewhurst, and Straus violate the rights of Plaintiff as protected by the 14th and 15th Amendments to the United States Constitution and 42 U.S.C. § 1983;

B.     Preliminary and permanent injunctive relief requiring State Defendants, their successors

in office, agents, employees, attorneys and those persons acting in concert with them and/or at their discretion - to develop redistricting plans that do not dilute Latino and minority voting strength for the United States House of Representatives, and to implement a districting plan and also enjoining and forbidding the use of the current congressional districts.

C.      An order requiring all Defendants to comply with Sections 2 and with the Section 5 preclearancce requirements of the Voting Rights Act;

E.      The costs of this suit and reasonable attorneys fees and litigation expenses, including expert witness fees and expenses, pursuant to 42 U.S.C. §§ 1973l(e) and 1988.

F.      An order of this Court retaining jurisdiction over this matter until all Defendants have complied with all orders and mandates of this Court; and

G.      Such other and further relief as the Court may deem just and proper.

DATED:  August 22, 2011                        Respectfully Submitted,

                                               ROLANDO L. RIOS
                                               115 E. Travis, Suite 1645
                                               San Antonio, Texas 78205
                                               Ph:     (210) 222-2102
                                               Fax:    (210) 222-2898
                                               E-mail:rios@rolandorioslaw.com

                                               By:_____
                                               ROLANDO L. RIOS
                                               SBN: 16935900
                                               Attorney for Plaintiff-Intervenor
                                               The Law Offices of Rolando L. Rios
                                               The Milam Building

## CERTIFICATE OF SERVICE

        I certify that on this a true and correct copy of this Complaint in Intervention has been served upon the Defendants using the electronic filing system.

Rolando L. Rios