# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON PEREZ, et al., | § | |
|     Plaintiffs | § | |
| | § | |
| and | § | |
| | § | |
| EDDIE BERNICE JOHNSON, et al., | § | CIVIL ACTION NO. 11-CA-360 |
| | § | OLG-JES-XR |
| TEXAS CONFERENCE OF NAACP | § | (Lead Case) |
| BRANCHES, et al., | § | |
|     Plaintiff-Intervenors | § | |
| | § | |
| v. | § | |
| | § | |
| STATE OF TEXAS, et al., | § | |
|     Defendants | § | |

| | | |
|---|---|---|
| MEXICAN AMERICAN LEGISLATIVE | § | |
| CAUCUS, TEXAS HOUSE OF | § | |
| REPRESENTATIVES (MALC), | § | |
|     Plaintiff | § | |
| | § | |
| and | § | |
| | § | |
| THE HONORABLE HENRY CUELLAR, | § | CIVIL ACTION NO. 11-CA-361 |
| Member of Congress, CD 28, | § | OLG-JES-XR |
| | § | [Consolidated Case] |
| and | § | |
| | § | |
| THE TEXAS DEMOCRATIC PARTY et al. | § | |
| | § | |
| and | § | |
| | § | |
| LEAGUE OF UNITED LATIN | § | |
| AMERICAN CITIZENS (LULAC) et al., | § | |
|     Plaintiff-Intervenors | § | |
| | § | |
| v. | § | |
| | § | |
| STATE OF TEXAS, et al., | § | |
|     Defendants | § | |

1

| | | |
|---|---|---|
| TEXAS LATINO REDISTRICTING TASK FORCE et al., <br>     Plaintiffs <br><br> v. <br><br> RICK PERRY, in his official capacity As Governor of the State of Texas, <br>     Defendants | § § § § § § § § § § | CIVIL ACTION NO. 11-CA-490 <br> OLG-JES-XR <br> [Consolidated Case] |
| MARGARITA QUESADA, et al., <br>     Plaintiffs <br><br> v. <br><br> RICK PERRY, et al., <br>     Defendants | § § § § § § § § § | CIVIL ACTION NO. 11-CA-592 <br> OLG-JES-XR <br> [Consolidated Case] |
| JOHN T. MORRIS, <br>     Plaintiff <br><br> v. <br><br> STATE OF TEXAS, et al., <br>     Defendants | § § § § § § § § § | CIVIL ACTION NO. 11-CA-615 <br> OLG-JES-XR <br> [Consolidated Case] |
| EDDIE RODRIGUEZ, et al., <br>     Plaintiffs <br><br> v. <br><br> RICK PERRY, et al., <br>     Defendants | § § § § § § § § § | CIVIL ACTION NO. 11-CA-635 <br> OLG-JES-XR <br> [Consolidated Case] |

## PLAINTIFF MALC'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants filed a Reply to Plaintiff MALC's Response in Opposition to Defendants' Motion to Dismiss. (Dkt. # 249) MALC's Sur-Reply responds to Defendants' Reply, which contained factual inaccuracies as well as mischaracterizations of MALC's evidence and relevant

2

law related to its standing. At the outset, it is important to note that this is not the first instance in which MALC has sought through litigation to defend the rights of its members. In the 2001 redistricting, MALC was granted intervention and was determined to be a prevailing party and awarded attorneys' fees against the State of Texas for successfully challenging a discriminatory redistricting plan adopted by the same Defendants in the current legal action. *See Balderas v. State of Texas*, Civil Action No. 6:01CV158 (E.D. Tex. 2001). (Exhibit No. 1, attached hereto).

## ARGUMENT

### A.  MALC Has Met Pleading Standards for Its Standing Allegations; MALC Members Have Been Individually Injured by the Challenged Plans

In their Reply in Support of Motion to Dismiss, and in the Alternative, Motion for Judgment on the Pleadings (Dkt. # 249), Defendants argue that Plaintiff MALC has not established standing as an association and has not established the standing of its individual members. Defendants' argument fails because Defendants have attempted to hold MALC to a more rigorous pleading standard than what is required.

At the pleading stage, courts liberally construe standing allegations. The Fifth Circuit sets out the standard for standing allegations at the pleading stage in this way: "When considering standing '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Comer v. Murphy Oil USA*, 585 F.3d 855, 862-63 (5th Cir. 2009), *appeal dism'd on other grounds*, 607 F.3d 1049 (5th Cir. 2010) (quoting *Bennett v. Spear*, 520 U.S. 154, 168 (1997)); *see S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 788 (5th Cir. 2001).

Rule 8 of the Federal Rules of Civil Procedure likewise provides liberal pleading standards. "A pleading that states a claim for relief must contain … a short and plain statement

of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For a pleader to show he is entitled to relief under Rule 8(a)(2), "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544); *Wilson v. Kimberly-Clark Corp.*, 254 Fed. App'x 280, 285 (5th Cir. 2007). Rule 8 "simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]." *Lormand*, 565 F.3d at 257 (5th Cir. 2009) (quoting *Twombly*) (internal quotations omitted).

Here, Plaintiff MALC has met the requirements both of Rule 8 and case law for pleading standing. MALC has sufficiently alleged standing by pleading that its members are registered voters, in addition to being residents and citizens of their legislative districts. MALC has further asserted two examples of such member-representatives injured by the Defendants' redistricting plans. Defendants, however, claim that MALC's complaint should state in which districts its members reside and how the Defendants' plans have affected those districts. But under the case law, MALC's general allegations that members are individual affected voters sufficiently "embrace those specific facts [such as specific districts and residences] that are necessary to support the claim." *See Comer*, 585 F.3d at 862-63; *see also S. Christian Leadership Conference*, 252 F.3d at 788. Under Rule 8, MALC has put forth "enough facts to raise a reasonable expectation that" the elements of the claims of its members, who are individual voters, can be proven through discovery and trial. *See Lormand*, 565 F.3d at 257. MALC has sufficiently alleged standing.

Moreover, through discovery Plaintiff has disclosed additional evidence that establishes standing in this case. In response to interrogatories and requests for production of documents, related to the Deposition of MALC members Gonzalez and Martinez Fischer, Plaintiff disclosed the membership of MALC. The Defendants are aware of the Representative Districts that each such member represents. The State's web page for the Texas House of Representatives lists each Representative and his or her District and the composition of such District.

The Defendants have sufficient information derived through discovery and other evidence in their possession, and through a review of Plaintiff's Second Amended Complaint, clearly showing how the challenged plans have impacted the members of MALC as voters of Texas. But to elaborate on MALC's allegations of its members' standing as voters, MALC provides the attached Exhibit of member-representatives and the Districts in which they reside, where the Defendants' redistricting plans have injured them as voters. (Exhibit No. 2, attached hereto)[1].

In addition, MALC individual members, through deposition, have provided the State with a roadmap of Plaintiff MALC's claims that mirror these Districts with the discrimination alleged regarding the State House and Texas Congressional Districts. *See* Deposition of Representatives Trey Martinez Fischer and Veronica Gonzalez, pp. 15-29 (Cameron and Hidalgo Counties), pp. 30-37 (Harris County), pp. 47-54 (Dallas and Tarrant Counties), pp. 57, 61-65 (West Texas), pp. 59-60 (Nueces County), pp. 76-99 (Congressional districts in Harris County, Dallas and Tarrant Counties, South and Central Texas, the Coastal Bend/Nueces County, and West Texas) (Exhibit No. 3). Not only was there discussion outlining MALC's claims against the challenged plans, it was done with sufficient detail that counsel for the State was able to summarize the allegations at

---

[1] In reviewing the injuries on the individual members of MALC described in Exhibit 2, it is hard to imagine how any voter in Texas would have standing if they do not.

the end of the discussion regarding the Texas House plan. *Id.*, pp. 73-75. Depositions by MALC members Representative Jessica Farrar (Harris County), Pete Gallego (West Texas), and Roberto Alonzo (Dallas County) provided additional detail on a regional basis. To suggest that MALC has failed to show the injuries to its members as voters and citizens of Texas, as well as legislators representing specific regions of the State, is to ignore the evidence and record of this case.

### B. **Defendants' Reliance on *Quilter* is Misplaced**

In addition, Defendants have misapplied *Quilter v. Voinovich* to the facts of this case. *See* 981 F. Supp. 1032, 1037-38 (N.D. Ohio 1997). Defendants have cited *Quilter* for the proposition that MALC lacks standing because its members may not raise claims on behalf of their constituents. *Quilter* is inapposite. While *Quilter* does set out this point of law, this is **not** the argument that MALC has made. *See Quilter*, 981 F. Supp. at 1037-38. As MALC previously explained in its Response to Defendants' Motion to Dismiss, the *Quilter* plaintiffs were Ohio Apportionment Board members who alleged standing to seek redress for having been outvoted on the redistricting matter before the Board. Here, in contrast, MALC members are individual voters who could bring individual claims of discrimination and vote dilution. MALC members do not allege here any injury resulting from their duties or participation in legislative acts, as with the *Quilter* Apportionment Board plaintiffs. Instead, MALC members allege they have been injured **as individual voters**. *Quilter*, therefore, does not apply here.

Moreover, MALC has litigated other redistricting cases and, thus, has shown it has standing. MALC intervened recently in *Teuber v. State of Texas*, Civil Action No. SA-11-ca-572 (W.D. Tex. 2011) and, in previous redistricting litigation, in *Balderas v. State of Texas*, Civil

Action No. 6:01CV158 (E.D. Tex. 2001). In both cases, MALC proceeded to represent its members successfully and should be allowed to do so here.

### C. MALC's Purpose Is Furthered by this Litigation

The State claims that Plaintiff MALC has failed to show that this action is germane to the interests of the organization. The State asserts, "Simply because it [MALC] has been involved in redistricting lawsuits in the past does not automatically transform the stated purpose of its organization as set forth in its bylaws." (Dkt. # 249.)  However, MALC does not simply assert that this action is germane to its interests by virtue of its involvement in these redistricting court actions.  Rather, MALC has asserted through it pleadings and through testimony in discovery that prosecuting this legal action furthers the goals and interests of the organization. *See* Plaintiff's Second Amended Complaint, pp. 4-5; Deposition of Trey Martinez-Fischer (p. 11, lines 20-25; p. 12, lines 1-14, p. 104, lines 19-25, p. 105, lines 1-20, Exhibit No. 3 attached hereto). In addition, MALC's bylaws clearly support the proposition that this action is consistent with the goals and purpose of the Caucus. *See* MALC Bylaws (Exhibit No. 4 attached hereto and submitted by MALC to the Defendants as part of Plaintiff's production of documents.) For instance, the membership requirements inform the purpose of the organization and are consistent with MALC's assertion that the issues in this action are germane to its purpose:

> ARTICLE II. MEMBERSHIP
> Section 2.01. ELIGIBILITY. To be eligible for membership in the Caucus, a person must be a member or member-elect of the Texas House of Representatives:
> (a)     **who is of Mexican-American descent**; or
> (b)     whose **legislative district includes not less than 50 percent Hispanic voting age population**, as reflected in the demographic research and redistricting records of the Texas Legislative Council; pursuant to the following subsections:
> (1) who has served one regular session, and
> (2) is confirmed by a vote of two-thirds of the Caucus; or

7

>   (c)   who is nominated by the Chair and confirmed by a vote of four-fifths of the Caucus; pursuant to the following subsection:
>   1) who has served one regular session; or
>   (d)   who is appointed to the Texas House of Representatives by an existing member of the Caucus pursuant to the Texas Constitution, Article 16 §72(c).

(Exhibit No. 4) (emphasis added).  In addition, the stated purpose of the organization supports the proposition that this action is germane to the interests of the organization:

>   Section 1.02. PURPOSE. The Caucus is a nonprofit organization the purpose of which is to serve the members of the Texas House of Representatives, and their staffs, **particularly in regard to matters of interest to the Mexican-American community** of this state, with the goal of providing a **strong cohesive voice on those matters in the legislative process**.

(Exhibit No. 4) (emphasis added).  Clearly, securing redistricting plans that comply with the United States Constitution and the Voting Rights Act is germane to providing a strong cohesive voice on matters of concern to the Mexican American community in the legislative process.  The ability of MALC to advance its interest in the legislative process is enhanced if it can challenge legally questionable redistricting plans in the courts.

Moreover, MALC bylaws have delegated to the Chairman of MALC the authority to make decisions in furtherance of its interests — to speak for the Caucus in conjunction with the executive committee and to execute the plans and programs of the Caucus. (Exhibit No. 4, Article III, § 3.02(a)(2) & (4)). In 2001, MALC, through it Chair, determined that it was germane to the organization's interest to litigate the State's discriminatory redistricting plan. *See Balderas v. State of Texas*, Civil Action No. 6:01CV158 (E.D. Tex. 2001). (Exhibit No. 1).  In 2011, MALC, through its Chair, has again determined that challenging a discriminatory redistricting plan is germane to the interests of MALC and its members. (Exhibit No. 3, p. 11, lines 20-25, and p. 12, lines 1-14) ("With regard to authorizing the filing of the complaint, it was a function

8

that I executed as Chair. General parameters for the policy counsel is that under our bylaws the Chairman has what I would deem to be pretty broad discretion on executing the policy agenda of the caucus. Of course every member has the opportunity to weigh in on that. It's not on a formal rigid basis. But with regard to redistricting, that was a matter that I closely worked on and felt that I was doing that pursuant to the **duties of Chair as outlined by the bylaws.**" (emphasis added).)

Finally, as defined by the Texas Ethics Commission, the Texas agency that monitors legislative caucuses and enforces caucus compliance with State law, a legislative caucus, such as MALC, has broad authority to engage in activities to further its interests.[2]

### D. Conclusion

Based on the foregoing arguments and evidence and on the prior filings on this issue, Plaintiff MALC respectfully requests that Defendants' Motion to Dismiss be denied.

DATED:  August 29, 2011                    Respectfully Submitted,

                                                                                  /s/ Jose Garza
JOSE GARZA
State Bar No. 07731950
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78209
(210) 392-2856
garzpalm@aol.com

JOAQUIN G. AVILA
LAW OFFICE
P.O. Box 33687
Seattle, Washington 98133

---

[2] The Texas Ethics Commission defines "legislative caucus" as "an organization that is composed exclusively of members of the legislature, that elects or appoints officers and recognizes identified legislators as members of the organization, and that exists for research **and other support** of policy development **and interests** that the membership hold in common. The term includes an entity established by or for a legislative caucus to conduct research, education, **or any other caucus activity**." Texas Ethics Commission, Title 15 of the Election Code, Section 253, "Restrictions on Contributions to Legislative Caucuses During and Following Regular Legislative Session," http://www.ethics.state.tx.us/statutes/03t15.htm#253.0341.

State Bar No. 01456150
(206) 724-3731
(206) 398-4261 (fax)
jgavotingrights@gmail.com

Ricardo G. Cedillo
State Bar No. 04043600
Mark W. Kiehne
State Bar No. 24032627
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas  78212
Tel.: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com
mkiehne@lawdcm.com

**ATTORNEYS FOR MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC)**

**CAUSE NO. 5:11-CV-361-OLG-JES-XR**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been sent by the Court's electronic notification system August 29, 2011, to counsel of record registered with the court to receive same and to those not so registered the foregoing document has been sent by email as agreed by the parties for each of the cases referenced above.

                                               ___/s/ Jose Garza_____
                                               Jose Garza