UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 31 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

SHANNON PEREZ; HAROLD )
DUTTON, JR.; GREGORY TAMEZ; )
SERGIO SALINAS; CARMEN )
RODRIGUEZ; RUDOLFO ORTIZ; )
NANCY HALL and DOROTHY DEBOSE )
)
        Plaintiffs )
  -and- )
)
EDDIE BERNICE JOHNSON, SHEILA )
JACKSON-LEE, and ALEXANDER )
GREEN, MEMBERS OF THE UNITED )
STATES CONGRESS )
)
  -and- )        CIVIL ACTION NO.
)     11-CA-360-OLG-JES-XR
TEXAS LEGISLATIVE BLACK )          [Lead case]
CAUCUS, TEXAS HOUSE OF )
REPRESENTATIVES )
)
  -and- )
)
TEXAS STATE CONFERENCE OF )
NAACP BRANCHES; HOWARD )
JEFFERSON, JUANITA WALLACE and )
REV. BILL LAWSON )
)
        Plaintiff-Intervenors )
)
v. )
)
STATE OF TEXAS; RICK PERRY, )
in his official capacity as Governor of the )
State of Texas; DAVID DEWHURST, )
in his official capacity as Lieutenant )
Governor of the State of Texas; JOE )
STRAUS, in his official capacity as Speaker )
of the Texas House of Representatives; )
HOPE ANDRADE, in her official )
capacity as Secretary of State of the )
State of Texas )
)
        Defendants )

| | | |
|---|---|---|
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC) ) ) ) )             Plaintiffs )   -and- ) ) THE HONORABLE HENRY CUELLAR, Member of Congress, CD 28; THE TEXAS DEMOCRATIC PARTY and BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party; and LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC) and its individually named members ) ) ) ) ) ) ) ) ) )          Plaintiff-Intervenors ) ) v. ) ) STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; ) ) ) ) ) ) ) ) )            Defendants ) | | CIVIL ACTION NO. SA-11-CA-361-OLG-JES-XR [Consolidated case] |

---

MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC)

        Plaintiffs

-and-

THE HONORABLE HENRY CUELLAR, Member of Congress, CD 28; THE TEXAS DEMOCRATIC PARTY and BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party; and LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC) and its individually named members

        Plaintiff-Intervenors

v.

STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives;

        Defendants

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

CIVIL ACTION NO.
SA-11-CA-361-OLG-JES-XR
[Consolidated case]

---

TEXAS LATINO REDISTRICTING TASK FORCE, JOEY CARDENAS, ALEX JIMENEZ, EMELDA MENENDEZ, TOMACITA OLIVARES, JOSE OLIVARES, ALEJANDRO ORTIZ, AND REBECCA ORTIZ

        Plaintiffs

v.

RICK PERRY, in his official capacity as Governor of the State of Texas

        Defendants

) ) ) ) ) ) ) ) ) ) ) ) ) ) )

CIVIL ACTION NO.
SA-11-CA-490-OLG-JES-XR
[Consolidated case]

| | |
|---|---|
| MARGARITA V. QUESADA; ROMEO MUNOZ; MARC VEASEY; JANE HAMILTON; LYMAN KING; and JOHN JENKINS<br><br>　　　　　Plaintiffs<br><br>v.<br><br>RICK PERRY, in his official capacity as Governor of the State of Texas; and HOPE ANDRADE, in her official capacity as Secretary of State for the State of Texas<br><br>　　　　　Defendants | CIVIL ACTION NO.<br>SA-11-CA-592-OLG-JES-XR<br>[Consolidated case] |
| JOHN T. MORRIS<br><br>　　　　　Plaintiff<br><br>v.<br><br>STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; and HOPE ANDRADE, in her official capacity as Secretary of State of the State of Texas<br><br>　　　　　Defendants | CIVIL ACTION NO.<br>SA-11-CA-615-OLG-JES-XR<br>[Consolidated case] |
| EDDIE RODRIGUEZ, MILTON GERARD WASHINGTON, BRUCE ELFANT, ALEX SERNA, SANDRA SERNA, BETTY F. LOPEZ, DAVID GONZALEZ, BEATRICE SALOMA, LIONOR SOROLA-POHLMAN; ELIZA ALVARADO; JUANITA VALDEZ-COX; JOSEY MARTINEZ; NINA JO BAKER; TRAVIS COUNTY and CITY OF AUSTIN<br><br>　　　　　Plaintiffs | |

3

| | |
|---|---|
| v. ) | |
| ) | |
| RICK PERRY, in his official capacity ) | CIVIL ACTION NO. |
| as Governor of the State of Texas; ) | SA-11-CA-635-OLG-JES-XR |
| DAVID DEWHURST, in his ) | [Consolidated case] |
| official capacity as Lieutenant Governor ) | |
| of the State of Texas; JOE STRAUS, ) | |
| in his official capacity as Speaker of ) | |
| the Texas House of Representatives; ) | |
| HOPE ANDRADE, in her official ) | |
| capacity as Secretary of State of the ) | |
| State of Texas; STATE OF TEXAS; ) | |
| BOYD RICHIE, in his official capacity ) | |
| as Chair of the Texas Democratic Party; ) | |
| and STEVE MUNISTERI, in his official ) | |
| capacity as Chair of the Republican ) | |
| Party of Texas ) | |
| ) | |
| Defendants ) | |

## ORDER

Pending before the Court is Defendants' Motion for Partial Summary Judgment and supporting memorandum of law (Dkt. # 210). Plaintiffs have filed responses thereto (Dkt. # 226, 229, 230, 232, 233, 236, 237, 239 and 242). Defendants have also filed a reply. (Dkt. #251). After reviewing the record and the applicable law, the Court finds that Defendants' motion should be granted in part on the Fifteenth Amendment claims, but otherwise denied.

### I.

### Statement of the case

This is a voting rights case arising out of recently enacted legislative redistricting plans. The decennial census was conducted last year, pursuant to Article I, § 2 of the U. S. Constitution. After the census figures were released, the State of Texas undertook redistricting efforts to apportion seats in the U. S. House of Representatives and the Texas House of Representatives. See U.S. CONST. Art. I, § 2; see also TEX. CONST. Art. III, § 26.

The 82nd Texas Legislature enacted House Bill 150 ("H.B. 150"), which established a new redistricting plan for the Texas House of Representatives. ("Plan H283"). House Bill 150 was signed

4

into law on or about June 17, 2011. The legislature also enacted Senate Bill 4 ("S.B. 4"), which established a new congressional redistricting plan for the State of Texas. ("Plan C185"). Senate Bill 4, as amended, was signed into law on or about July 18, 2011. A lawsuit for judicial preclearance of both plans has been filed and is currently pending in the U.S. District Court for the District of Columbia. The plaintiffs herein challenge the legality of the new redistricting plans and seek to enjoin Defendants from implementing the plans.

II.

The parties' claims and defenses

There are numerous parties to this consolidated action, and most of the pleadings have been amended since the inception of the lawsuit. The live pleadings, and the claims and defenses asserted therein, may be summarized as follows:

A.   The Quesada plaintiffs:[1]

These plaintiffs include Margarita Quesada, Romeo Munoz, Marc Veasey, Jane Hamilton, Lyman King, John Jenkins, Kathleen Maria Shaw, Debbie Allen, Jamaal R. Smith, and Sandra Puente. They describe themselves as Hispanic and African-American citizens and registered voters that reside in current congressional districts 6, 9, 18, 20, 24, 26, 29, 30 and 33.

The Quesada plaintiffs challenge the legality of Plan C185, the congressional redistricting plan. They allege that the plan clearly dilutes the voting strength of African-American and Hispanic voters. They claim that the districts in Plan C185 are "racial gerrymanders" and the plan intentionally discriminates against Hispanic and African-American persons, in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. They also assert that Plan C185 is a "blantant partisan gerrymander," in violation of Article I, Sections 2 and 4 of the U.S. Constitution, and the First and Fourteenth Amendments to the U.S. Constitution. The Quesada plaintiffs allege that Plan C185

---

[1]The Quesada plaintiffs' live pleading is their first amended complaint, Dkt. # 105.

5

violates Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, because minority voters are denied an equal opportunity to effectively participate in the political process and will not have any meaningful influence in elections for Members of Congress in Texas. Finally, they assert that Plan C185 cannot be implemented because S.B. 4, as amended, has not been precleared pursuant to Section 5 of the Voting Rights Act. The Quesada plaintiffs request declaratory and injunctive relief, and seek recovery of their costs and attorneys fees.

The Quesada plaintiffs name Rick Perry, Governor of the State of Texas, and Hope Andrade, the Texas Secretary of State, as Defendants. They have filed an answer, generally denying the allegations and specifically asserting the following defenses: standing; immunity under the Eleventh Amendment; and, the cause of action under Section 5 of the Voting Rights Act is not justiciable.[2]

B.  The MALC plaintiffs:[3]

The Mexican American Legislative Caucus ("MALC") is described as a non-profit organization established to serve members of the Texas House of Representatives that are elected from and represent constituencies in Latino majority districts. Many of the representatives elected to serve the districts are also Latino. Members of MALC are also registered voters in Texas, and participate in state and local elections.

MALC challenges the legality of Plan C185, the congressional redistricting plan, <u>and</u> Plan H283, the Texas House of Representatives redistricting plan. MALC claims that both plans far exceed permissible deviation limits and cannot be justified by legitimate state redistricting interests. MALC alleges that the Texas legislature employed racial gerrymandering techniques to dilute the voting strength of Hispanics and limit the number of districts in which Hispanics can elect candidates of their choice. MALC asserts a cause of action under 42 U.S.C. § 1983 for intentional discrimination and

---

[2] The Defendants' answer to the Quesada plaintiffs' first amended complaint is Dkt. # 195.

[3] The MALC plaintiffs' live pleading is their second amended complaint, Dkt. # 50.

"discriminatory effect" in violation of the Fourteenth and Fifteenth Amendments to the U.S. Constitution. MALC also brings an equal protection claim under 42 U.S.C. § 1983 for violations of the "one person, one vote" principle. MALC asserts a cause of action under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, alleging that Defendants used racial gerrymandering to dilute Hispanic voting strength and avoid drawing minority opportunity districts when such districts were clearly justified under the circumstances. Finally, MALC contends neither plan can be implemented because they have not been precleared pursuant to Section 5 of the Voting Rights Act. MALC requests declaratory and injunctive relief, and seeks recovery of all costs and fees.

The named Defendants in MALC's complaint are: the State of Texas; Rick Perry, the Governor of the State of Texas; David Dewhurst, Lieutenant Governor for the State of Texas; and Joe Straus, Speaker of the Texas House of Representatives. They have filed an answer, generally denying the allegations and specifically asserting the following defenses: standing; immunity under the Eleventh Amendment; and, ripeness.[4]

C.     The Latino Redistricting Task Force:[5]

The Latino Redistricting Task Force ("LRTF") describes itself as an unincorporated association of individuals and organizations committed to securing fair redistricting plans for Texas. The organizational members include Hispanics Organized for Political Education (HOPE), the Mexican American Bar Association, the National Organization for Mexican American Rights, the Southwest Voter Registration Education Project, the William C. Velasquez Institute, and the Southwest Workers' Union. The individual members are described as Latino registered voters who have been adversely affected by the dilution of Latino voting strength in the newly enacted redistricting plans.

---

[4]Defendants' answer to MALC's second amended complaint is Dkt. # 110.

[5]The Latino Redistricting Task Force plaintiffs' live pleading is their second amended complaint, Dkt. # 68.

7

The LRTF challenges the legality of Plan C185, the congressional redistricting plan, <u>and</u> Plan H283, the Texas House of Representatives redistricting plan. As a result of the dramatic increase in the Latino population, which is geographically compact and politically cohesive, the creation of Latino-majority districts appeared axiomatic. However, the 82nd Legislature allegedly packed and fractured Latino voters into districts that ensured a loss in voting strength. The LRTF claims that both plans discriminate against them, in violation of the Fourteenth and Fifteenth Amendments to the U.S. Constitution. The LRTF asserts that both plans have the effect of "canceling out or minimizing" their voting strength as minorities and result in a denial or abridgement of their right to vote, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. §1973. The LRTF also asserts that the plans cannot be implemented until they have received preclearance under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. The LRTF requests declaratory and injunctive relief, and seeks recovery of their costs and fees.

The LRTF names Rick Perry, Governor of the State of Texas, and Hope Andrade, Secretary of State for the State of Texas, as Defendants. They have filed an answer, generally denying the allegations and specifically asserting the following defenses: standing and Eleventh Amendment immunity.[6]

D.   <u>The Perez plaintiffs</u>:[7]

The Perez plaintiffs are individuals who reside and vote in various counties in the State of Texas and have been adversely affected by the newly enacted redistricting plans. The Perez plaintiffs challenge the legality of Plan C185, the congressional redistricting plan, <u>and</u> Plan H283, the Texas House of Representatives redistricting plan. They assert that the minority populations in many counties have been packed and/or fragmented for the purpose of diluting their voting strength. They claim that the plans are the result of racial and political gerrymandering and include population deviations well above constitutionally acceptable norms. They also claim that the misapplication of the prison population

---

[6] Defendants' answer to the Latino Redistricting Task Force's second amended complaint is Dkt. # 132.

[7] The Perez plaintiffs' live pleading is their third amended complaint, Dkt. # 53.

resulted in even more dramatic population deviations. The Perez plaintiffs claim that these actions by the State violate Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution. They seek declaratory and injunctive relief, and recovery of their costs and fees.

The Perez plaintiffs name Rick Perry, Governor of the State of Texas; David Dewhurst, Lieutenant Governor of the State of Texas; Joe Straus, Speaker of the Texas House of Representatives; and, Hope Andrade, Secretary of State for the State of Texas, as Defendants. They filed answer, generally denying most of the allegations, and specifically assert the following defenses: (1) the classification of prisoners for purposes of redistricting is a nonjusticiable political question, which falls outside the Court's jurisdiction; (2) "political gerrymandering" is a nonjusticiable political question; (3) the Perez plaintiffs lack standing to challenge the classification of prisoners for purposes of redistricting; (4) the challenge to the classification of prisoners fails to state a claim upon which relief may be granted; (5) the Perez plaintiffs fail to state a claim against Lieutenant Governor Dewhurst and Speaker Straus for which relief may be granted because they do not have the authority to alter the redistricting plan and/or prevent an election from going forward; and (6) Eleventh Amendment immunity.[8]

E.   The Rodriguez plaintiffs:[9]

The Rodriguez plaintiffs include about twelve individuals who reside and vote in current congressional districts 10, 12, 15, 16, 18, 20, 21, 25. All of the Rodriguez plaintiffs are minorities. The plaintiffs also include Travis County, Texas and the City of Austin, Texas.

The Rodriguez plaintiffs challenge the legality of Plan C185, the congressional redistricting plan. They claim that there were several areas of Texas in which majority-minority districts could have been created, based on the 2010 census data. Yet the Texas Legislature engaged in purposeful, race-based discrimination to ensure that the voting power of minority voters was diminished. They also assert that

---

[8]Defendants' answer to the Perez plaintiffs' third amended complaint is Dkt. # 131.

[9]The Rodriguez plaintiffs' live pleading is their first amended complaint, filed as Dkt. # 23 in Cause No. 11-CA-635 prior to consolidation.

the Texas Legislature deliberately fractured the tri-ethnic coalition enjoyed by voters in Travis County and the City of Austin, and the legislature's blatant racial gerrymandering will effectively prevent minority voters from having any meaningful impact on congressional elections for the next ten years.

The Rodriguez plaintiffs bring causes of action under Section 2 of the Voting Rights Act, as well as the Fourteenth and Fifteenth Amendments to the U.S. Constitution. They further assert that Plan C185 cannot be implemented until precleared, pursuant to Section 5 of the Voting Rights Act. They seek declaratory and injunctive relief, and recovery of their costs and fees.

The Rodriguez plaintiffs name the following persons and entities as Defendants: Rick Perry, Governor of the State of Texas; David Dewhurst, Lieutenant Governor of the State of Texas; Joe Straus, Speaker of the Texas House of Representatives; Hope Andrade, Secretary of State for the State of Texas; Boyd Richie, Chair of the Texas Democratic Party; and, Steve Munisteri, Chair of the Republican Party of Texas. The Defendants have filed an answer, generally denying most of the allegations and specifically asserting the following defenses: (1) the individual plaintiffs do not live in congressional district 27; thus, they lack standing to challenge the constitutionality of that district under Plan C185; (2) the Section 2 challenge to congressional districts that include Tarrant and Travis counties fails to state a claim upon which relief may be granted; (3) the Rodriguez plaintiffs cannot prove actual intent to discriminate based on race or ethnicity; (4) the Fifteenth Amendment claim must fail because the Rodriguez plaintiffs cannot prove that minorities are prevented from voting in congressional elections; (5) the Rodriguez plaintiffs lack standing to assert claims against Lieutenant Governor Dewhurst and Speaker Straus because their injuries are not traceable to them and neither the Lieutenant Governor nor the Speaker have the authority to take the corrective action being sought; and, (6) the Section 5 claim is nonjusticiable, as Defendants do not intend to implement the Plan until preclearance is granted.[10]

---

[10] Defendants' answer to the Rodriguez plaintiffs' first amended complaint is Dkt. # 133.

F.     <u>Mr. John Morris, individually</u>:[11]

Mr. Morris sued individually, on behalf of himself only. He describes himself as a resident and registered voter in the 2nd congressional district, which includes Harris County, Texas.

Mr. Morris challenges the legality of Plan C185, the congressional redistricting plan. He claims that the congressional district in which he resides was drastically changed as the result of partisan gerrymandering, effectively depriving him of his right to vote for the candidate of his choice. Plaintiff Morris asserts causes of action for violations of Article I, Section 2 of the U.S. Constitution and the Fourteenth Amendment to the U.S. Constitution. He seeks declaratory and injunctive relief, and recovery of any costs incurred herein.

Plaintiff Morris names Rick Perry, Governor of the State of Texas; David Dewhurst, Lieutenant Governor of the State of Texas; Joe Straus, Speaker of the Texas House of Representatives; and, Hope Andrade, Secretary of State for the State of Texas, as Defendants. They have filed an answer, generally denying the allegations and specifically asserting the defenses of standing and Eleventh Amendment immunity.

G.     <u>Intervenor-plaintiff LULAC</u>:[12]

LULAC is described as the oldest and largest national Hispanic civil rights organization, with a history of promoting voting rights on behalf of Hispanics and other minorities. Gabriel Rosales and others, who are individually named along with LULAC, are members of the organization. They are also registered voters in the State of Texas. They are collectively referred to as LULAC.

LULAC challenges the legality of Plan C185, the congressional redistricting plan, <u>and</u> Plan H283, the Texas House of Representatives redistricting plan. LULAC asserts that Hispanic growth exploded during the last ten years, as reflected in the 2010 census results. As a direct result of that growth, Texas

---

[11]Plaintiff Morris' live pleading is his amended complaint, filed as Dkt. # 7 in Cause No. 11-CA-615 prior to consolidation.

[12]LULAC's live pleading is its first amended and supplemental complaint, Dkt. # 78.

11

was apportioned four new congressional districts. However, the Texas Legislature used racial gerrymandering to ensure that Hispanics would not be able to elect the candidate of their choice in any of the new districts. Plan H283 actually reduces the number of minority opportunity districts. LULAC claims that the plans dilute the voting strength of Hispanic and other minority voters, in violation of Section 2 of the Voting Rights Act. LULAC also claims that the State failed to accommodate the "undercount" of the Hispanic population in the census, further resulting in diminished voting strength in the Hispanic community. LULAC contends the plans contain substantial population disparities, in violation of the Fourteenth Amendment's equal protection clause and the one person, one vote principle.

LULAC brings its claims under 42 U.S.C. § 1983 for violations of the Fourteenth and Fifteenth Amendments, based on allegations of intentional discrimination, discriminatory effect, and violations of the one person, one vote principle. LULAC also brings a cause of action under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, for dilution of minority voting strength. LULAC further contends that implementation of the plans prior to preclearance would violate Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. LULAC requests declaratory and injunctive relief, and seeks recovery of its costs and fees.

LULAC names as Defendants: the State of Texas; Rick Perry, Governor of the State of Texas; David Dewhurst, Lieutenant Governor of the State of Texas; and, Joe Straus, Speaker of the Texas House of Representatives. They have filed an answer, generally denying the allegations and specifically asserting the following defenses: (1) Eleventh Amendment immunity; (2) the claim under Section 5 of the Voting Rights Act is not justiciable; and, (3) LULAC "lacks standing" to pursue its claims against the Lieutenant Governor and Speaker of the House.[13]

---

[13] The Defendants' answer to Plaintiff-Intervenor LULAC's first amended and supplemental complaint is Dkt. # 188.

H.    Plaintiff-intervenor NAACP:[14]

The NAACP Plaintiff-intervenors include the Texas State Conference of NAACP Branches and individually named members and registered voters, including Howard Jefferson, Juanita Wallace, and Rev. Bill Lawson. They are referred to collectively as the NAACP plaintiff-intervenors.

The NAACP plaintiff-intervenors challenge the legality of Plan C185, the congressional redistricting plan, and Plan H283, the Texas House of Representatives redistricting plan. They contend that both plans dilute the voting strength of African-American voters. The 82nd Texas Legislature was presented with plans that did not dilute minority voting strength, but rejected them. Instead, the Legislature enacted redistricting plans that split the minority voting bloc and preventing them from effectively participating in the political process. The NAACP plaintiff-intervenors allege that the newly-enacted plans were developed with the intent to disadvantage African-American and other minority voters. They alleged that the plans exceed permissible population variances, and clearly violate the one person, one vote principle. They also assert that the plans cannot be implemented until precleared, pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

The NAACP plaintiff-intervenors assert a cause of action under 42 U.S.C. § 1983 for intentional discrimination and violations of the one person, one vote principle embodied within the Fourteenth Amendment to the U.S. Constitution. They also assert a cause of action under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, based on the dilution of minority voting strength. They also note that the plans cannot be implemented prior to preclearance, pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. The NAACP plaintiff-intervenors request declaratory and injunctive relief, and seek recovery of their costs and fees.

The NAACP plaintiff-intervenors name as Defendants: the State of Texas; Rick Perry, Governor of the State of Texas; David Dewhurst, Lieutenant Governor of the State of Texas; Joe Straus, Speaker

---

[14]Plaintiff-Intervenor NAACP's live pleading is its amended complaint, Dkt. # 69.

of the Texas House of Representatives; and, Hope Andrade, Secretary of State for the State of Texas. They have filed an answer, generally denying the allegations in the complaint and specifically asserting the following defenses: lack of standing and failure to state a claim against the Lieutenant Governor and Speaker of the House.[15]

I. <u>Congresspersons Eddie Bernice Johnson, Sheila Jackson-Lee, Alexander Green, and Henry Cuellar, appearing as Plaintiff-intervenors</u>:[16]

    a.    Congresspersons Johnson, Jackson-Lee and Green:

These are Texas African-American voters and members of Congress who reside, vote in and represent the districts affected by the newly enacted congressional redistricting plans. Congresspersons Johnson, Jackson-Lee, and Green challenge the legality of C185, the congressional redistricting plan. They allege that the plan dilutes the voting strength of African-American voters and they will not have an equal opportunity to elect candidates of their choice to Congress. The Congresspersons contend the plan unnecessarily splits politically cohesive minority groups, and is designed to minimize or cancel out minority voting strength, both now and in the future. They claim that Plan C185 is the result, in whole or in part, of intentional discrimination.

Congresspersons Johnson, Jackson-Lee and Green assert a cause of action under Section 2 of the Voting Rights Act. They also assert a cause of action under 42 U.S.C. § 1983, based on allegations of intentional discrimination and violations of the one person, one vote principle embodied within the Fourteenth Amendment to the U.S. Constitution. They also state that Plan C185, like the other plans, cannot be implemented until precleared, pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. The Congresspersons seek declaratory and injunctive relief, and the recovery of fees and costs.

Congresspersons Johnson, Jackson-Lee and Green name the following as Defendants: the State of Texas; Rick Perry, Governor of the State of Texas; David Dewhurst, Lieutenant Governor of the State

---

[15]Defendants' answer to the NAACP plaintiff-intervenors' amended complaint is Dkt. # 194.

[16]The Congresspersons' live pleadings are their original complaints, Dkt. # 71 and Dkt. # 222.

14

of Texas; Joe Straus, Speaker of the Texas House of Representatives; and Hope Andrade, Secretary of State for the State of Texas. Defendants have filed an answer, generally denying most of the allegations and specifically asserting that the Congresspersons "lack standing" to pursue claims against the Lieutenant Governor and Speaker of the House.[17]

    b.    <u>Congressman Henry Cuellar</u>:

Congressman Cuellar is a Latino voter from Webb County, and serves as a member of Congress. He challenges the legality of Plan C185, the congressional redistricting plan. He claims that the 2010 census data severely undercounts Latinos and using such data undervalues the vote of Texas Latinos. He asserts that the population disparities far exceed the allowable deviation under the U.S. Constitution, and violate the one person, one vote principle. Congressman Cuellar alleges that Latinos and African Americans vote as a group and are politically cohesive, but their voting strength will be diluted under the newly enacted redistricting plan. He claims that Plan C185 violates the rights of Latino voters under Section 2 of the Voting Rights Act, as well as the Fourteenth and Fifteenth Amendments to the U.S. Constitution. He seeks declaratory and injunctive relief, and the recovery of his fees and costs.

Congressman Cuellar names as Defendants: the State of Texas; Rick Perry, Governor of the State of Texas; David Dewhurst, Lieutenant Governor of the State of Texas; and, Joe Straus, Speaker of the Texas House of Representatives. Defendants have not yet filed an answer to Congressman Cuellar's complaint.

J.    <u>Intervenor/Cross-claimants Texas Democratic Party and Mr. Boyd Richie</u>:[18]

The Texas Democratic Party (TDP) and its chairman, Boyd Richie, have intervened and have also filed a cross claim herein. They challenge the legality of Plan C185, the congressional redistricting plan, and Plan H283, the Texas House of Representatives redistricting plan. The TDP and Richie claim that

---

[17] The Defendants' answer to the Congresspersons' original complaint is Dkt. # 193.

[18] The TDP and Boyd Richie's Crossclaim is Dkt. # 55.

the plans are blatant partisan gerrymanders that thwart majority rule. The plans were drawn in an invidious manner, and have no legitimate legislative objective. They allege that the plans violate the First and Fourteenth Amendments, and Article I, Sections 2 and 4 of the U.S. Constitution. They also note that the plans cannot be implemented until precleared under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. They seek declaratory and injunctive relief, and the recovery of costs and fees.

The TDP and Mr. Richie name Rick Perry, Governor of the State of Texas, and Hope Andrade, Secretary of State for the State of Texas, as Cross-Defendants. They have filed an answer to the cross claim, generally denying most of the allegations and specifically asserting the following defenses: (1) Eleventh Amendment immunity; (2) political gerrymandering is a nonjusticiable political question; (2) the Cross-claimants fail to state a claim for violations of the First Amendment; and, (3) any claim under Section 5 is nonjusticiable.[19]

III.

Grounds asserted for partial summary judgment

Defendants have moved for partial summary judgment on the following grounds:

1. All Fifteenth Amendment claims fail as a matter of law because none of the plaintiffs have been denied the right to vote;

2. Summary judgment should be granted on all Fourteenth and Fifteenth Amendment claims because there is no evidence of intent to discriminate;

3. Summary judgment should be granted on the Section 2 challenges to the congressional redistricting plan because Plaintiffs cannot meet the Gingles requirements; and

4. Summary judgment should be granted on the Section 2 claims to the extent the claim is based on census undercount.

---

[19] The Cross-Defendants' answer to the TDP and Richie's Crossclaim is Dkt. # 167.

IV.

Claims under the Fifteenth Amendment

The Fifteenth Amendment to the United States Constitution provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. CONST. amend. XV. The Fifteenth Amendment "establishes a national policy . . . not to be discriminated against as voters in elections to determine public governmental policies or to select public officials, national, state, or local." Terry v. Adams, 345 U.S. 461, 467 (1953). However, "the Supreme Court has rejected application of the Fifteenth Amendment to vote dilution causes of action" because "[w]hen a legislative body is apportioned into districts, every citizen retains equal rights to vote for the same number of representatives, even if not for all of them, and every citizen's ballot is equally weighed." Prejean v. Foster, 227 F.3d 504, 519 (5th Cir. 2000) (citing Reno v. Bossier Parish Sch. Bd., 528 U.S. 320, 334 n.3 (2000)). Plaintiffs herein claim that their voting strength has been diluted – not that Defendants have *prevented* them from voting. Because the law does not recognize a claim under the Fifteenth Amendment for vote dilution, Plaintiffs' claims should be dismissed as a matter of law.

V.

Intentional discrimination under the Fourteenth Amendment; Section 2 challenge to the congressional redistricting plan; Section 2 claims based on census undercount

The Court has reviewed the record and the applicable law on the remaining issues raised in Defendants' motion. However, the Court finds that summary judgment would be improper at this juncture because the newly enacted redistricting plans that form the basis of this lawsuit are not yet precleared. Until preclearance is obtained, the redistricting plans are unenforceable and cannot be implemented. See Lopez v. Monterey County, 519 U.S. 9, 20 (1996). Thus, a ruling on the merits of any claim challenging the plans would be premature and inappropriate at this stage of the proceedings.

It is therefore ORDERED that Defendants' Motion for Partial Summary Judgment and supporting memorandum of law (Dkt. # 210) is GRANTED in part on the Fifteenth Amendment claims, and such claims are DISMISSED as a matter of law. The motion is otherwise DENIED, and the remaining claims shall proceed to trial.

SIGNED this 31st day of August, 2011.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

*And on behalf of:*

| | | |
|---|---|---|
| Jerry E. Smith<br>United States Circuit Judge<br>U.S. Court of Appeals, Fifth Circuit | *-and-* | Xavier Rodriguez<br>United States District Judge<br>Western District of Texas |