**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| SHANNON PEREZ, *et al.*,<br><br>　*Plaintiffs*,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>　*Defendants*. | CIVIL ACTION NO.<br>SA-11-CA-360-OLG-JES-XR<br>[Lead case] |
| JOHN T. MORRIS,<br><br>　*Plaintiff,*<br><br>v.<br><br>STATE OF TEXAS, et al.,<br><br>　*Defendants.* | CIVL ACTION NO.<br>SA-11-CA-615-OLG-JES-XR<br>[Consolidated case] |
| TEXAS LATINO REDISTRICTING TASK FORCE, *et al.*,<br><br>　*Plaintiffs,*<br><br>v.<br>RICK PERRY ,<br><br>　*Defendant.* | CIVIL ACTION NO.<br>SA-11-CV-490-OLG-JES-XR<br>[Consolidated case] |
| MARAGARITA V. QUESADA, *et al.*,<br><br>　*Plaintiffs,*<br><br>v.<br><br>RICK PERRY, et al.,<br><br>　*Defendants* | CIVIL ACTION NO.<br>SA-11-CA-592-OLG-JES-XR<br>[Consolidated case] |

|  |  |
|---|---|
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC),<br>　　*Plaintiffs,*<br>v.<br>STATE OF TEXAS, et al.,<br>　　*Defendants.* | CIVIL ACTION NO.<br>SA-11-CA-361-OLG-JES-XR<br>[Consolidated case] |
| EDDIE RODRIGUEZ, et al.<br>　　*Plaintiffs,*<br>v.<br>RICK PERRY, et al.,<br>　　*Defendants.* | CIVIL ACTION NO.<br>SA-11-CA-635-OLG-JES-XR<br>[Consolidated case] |

**PLAINTIFF'S JOHN MORRIS' OPPOSED
SECOND AMENDED COMPLAINT**

COME NOW Plaintiff John T. Morris, a qualified voter of the State of Texas and resident of Harris County in said state brings this AMENDED action on behalf of himself in respect to the 2011 redistricting maps and the newly enacted 2013 redistricting maps. It is this plaintiff's contention that these maps that are drawn in a manner, that do not follow accepted proper district boundary criteria, create logistical and geographic distortions and informational complications that place a burden on the plaintiff's first amendment speech, press and assembly rights and are an "imposition on fundamental constitutional rights" (Speiser v. Randall, 357 U.S. 523), and the plaintiff's right to vote and all of which are protected by the United States Constitution and the fourteenth amendment which guarantees these same rights to the citizens of the states. And the plaintiff further contends that the 2013 maps in particular represent mid-decennial redistricting which also violates these same above mentioned rights in that mid-decennial redistricting adds an element of uncertainty into the utility of this plaintiff's rights. And the plaintiff further contends that his right to vote for the

candidate of his choice is violated when redistricting removes a candidate from his reach unnecessarily. And the plaintiff further contends that a standard in which to recognize these burdens on this plaintiff's rights are easily ascertained in the observation of the departure from accepted district map criteria where the greater the departure from these criteria the greater the burden on a voter's rights and in order to allow voters who have voted for a candidate in a previous election are allowed to vote in the subsequent election, and not abandon their first amendment historical experiences in respect to the incumbent, the state must redistrict in such a manner as to allow as many voters as possible who have voted for or against an incumbent in a previous election to vote again for or against this same incumbent; a departure from which would be easily recognized when a district that may conform to accepted criteria is shifted markedly to a new location.

## I.  JURISDICTION & VENUE

1. Plaintiff's complaint raises questions arising under the United States Constitution and state and federal law.
2. This court has original jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343 (a)(3) and (4) and 1357; and 42 U.S.C. Section 1983 and 1988.
3. This courts jurisdiction is invoked pursuant to 28 U.S.C. Section 1391 (b).
4. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C.Sections2201 and 2202.
5. Plaintiff requests a three-judge panel pursuant to 28 U.S.C. Section 2284.

## II.  PARTIES

6. Plaintiff John T Morris is a naturalized citizen of the United States and registered voter and resides in Harris County of the State of Texas within the jurisdiction of the U.S. District Court – Southern District of Texas, and has standing to bring this action under 42 U.S.C. Section 1983.

7. Defendants are the State of Texas and the officials thereof who have duties and responsibilities under the laws of the state to redistrict congressional districts following the decennial census.

8. Defendant Rick Perry is the Governor of the State of Texas and under Article IV, Section 1, of the Constitution of the State of Texas, is the chief executive officer of the Defendant State of Texas.  He is sued in his official capacity.

9. Defendant John Steen is the Secretary of State for the State of Texas and is responsible under the laws of the state to oversee the conduct of elections.  He is sued in his official capacity.

### III.  FACTS

10.   After the decennial Census, which is used to provide for the reapportionment of the U.S. House of Representatives, the State of Texas, as well as the other 50 states, must redraw district boundaries in accordance with changes in population densities and/or increases or decreases in the number of apportioned representatives. On the 1st of June, 2011, the Houston Chronicle reported "After five months and almost no public debate, the House and Senate redistricting committee chairs have finally released a joint map for congressional redistricting".  The Texas legislature enacted redistricting plans that were presented to both the Texas House of representatives and the Texas Senate.

14.   The plaintiff, John T. Morris, is a citizen and registered voter in the 2nd Congressional district and resides and is domiciled in Harris County,  Texas and his home address is 5703 Caldicote St., Humble, Texas 77346.

15.   Due to the unexplained secrecy with which the House and Senate redistricting committees conducted the process of redrawing the new congressional map the plaintiff came late to understand that the 2nd Congressional district had been altered drastically.  Whereas the 2nd district included all of Jefferson county and the greater part of Liberty county, the district is now entirely within Harris county and has lost approximately one-half of the area it formerly

covered to the East of the city of Houston and is now enlarged to West of the city of Houston.

16.  On July 20, 2011 this complaint and a number of others were consolidated into Perez v. Perry, SA-11-CA-360 and set in San Antonio.

17.  On August 17, 2011 State of Texas defendant filed a motion to dismiss this claim based on standing, a nonjusticiable political question and subject matter jurisdiction (Dk# 209).

18.  On September 2nd, 2011 after opposing briefs were filed court granted State's motion to dismiss the claim filed by Plaintiff John T. Morris stating that "Mr. Morris does not propose any standard by which to measure such a burden,"(Dkt. #285 in 11-CA- 360).

19.  On October 3rd, 2011 Court grants motion for reconsideration (Dkt. #388) by Texas Democratic Party and Boyd Richie (Dkt. #384) which was also joined by John T. Morris (Dkt. #386).

20.  After elections based on interim maps, A D.C. Court opinion and a number of appeals to the Supreme Court the Texas legislature abandoned its 2011 enacted maps and on June 26, 2013 adopted the interim maps drawn for the 2012 election as the states permanent maps.

21.  District 2 of the Congressional map in the newly enacted map is roughly the same as in the 2011 Congressional map and is consequently also drastically different from the map used prior to 2011.

22.  On July 1, 2013, in a hearing, the Court dismissed the State's motion to dismiss the consolidated case SA-11-CA-360 and in an order gave parties the option to file amended claims.

23.  Article I, Section 2 of the United States Constitution calls for representatives to be "composed of Members to be chosen every Second year by the people...".  The purpose of having elections every two years for the U.S. House of Representatives, as clearly stated by the framers of the Constitution in the Federalist papers and elsewhere, is to provide the people with "frequent elections," which is based on the First Amendment rights of freedom of speech, freedom of the press and the right of assembly, in order to allow these representative's constituents to appraise the performance of the said representatives in order to ascertain

whether they wished to vote for them once again.

24. The changes made to the district boundaries by the Republican dominated legislature are based on a stated partisan desire to add voters who are known to be sympathetic to Republican candidates and their political views. This gerrymandering of the district boundaries has the effect of swamping out the countervailing political voices of those who voted in the previous election and who have been represented by the Congressman and are familiar with his performance and is an imposition on the First Amendment rights of the voter.

25. Gerrymandering is carried out with an indifference to the democratic principle of "frequent elections" which is based on the First Amendment speech, press and assembly rights of the voters. Gerrymandering will allow the representative to return to the 2nd district after new district lines have been drawn and effectively be appraised, to a large extent, by a new majority of sympathetic partisan voters who will be largely unfamiliar with the representative and his performance during the previous term.

26. Gerrymandering further undermines the fact of a representative being elected only every two years when the representative's party has drawn the lines of the representative's district. The Republican party, in this case, states openly that they are selecting new boundaries in order to incorporate voters into the newly formed districts to give Republican representatives a near certain probability of being reelected. The principle of "frequent elections" and the First Amendment rights that it is based upon in respect to the right to vote is negated since the whole purpose of the Texas Republican party's effort is to, in effect, guarantee four year terms for its fellow congressional party members immediately after the redistricting and obviously also to increase these guaranteed elections for as many years as possible.

27. The plaintiff asks the Court to intervene in the redistricting process and prevent the the Texas legislature and governor from adopting the interim maps and changing the plaintiff's district boundaries as little as possible and only to the extent necessary to accommodate the four new districts apportioned to the state of Texas in accordance with the 2010 census. And in so doing prevent the Republican controlled government of Texas from

undermining the purposes of Article I, Section 2, Clause 1 of the U.S. Constitution requiring frequent elections which is based on First Amendment principles and in effect abridging the plaintiff's right to an effective political voice in respect to his representative's candidacy for a new term in the U.S. House of Representatives.

28. The newly enacted 2013 maps are in effect mid-decennial maps and once again are enacted based on partisan interests and fail in respect to First Amendment rights in the same manner as the 2011 maps.

29. Mid-decennial maps that are drawn at the will of the State and with partisan objectives can and will create uncertainties for voters who wish to continue to vote for or against their incumbent representative in respect to First Amendment rights that are embedded in the "frequent election" principle.

30. The deviations from respected and accepted district map criteria are directly related to First Amendment rights in the sense that the greater the deviation the greater the imposition on these First Amendment rights of freedom of speech, freedom of the press and freedom of assembly. And when a district, though it conforms to accepted criteria, is wholly relocated noticeably for no justifiable reason this to constitutes an imposition on the First Amendment rights of the voter in respect to the principle of frequent elections where the voter uses his or her political knowledge and experiences to assess the performance of his or her incumbent in a subsequent election.. These facts and an assessment as to how many voters are allowed to vote in subsequent elections who voted in previous elections creates an easily ascertained standard by which to measure the burden on the rights of the voters in respect to partisan gerrymandering.

31. Since the motion for reconsideration is still pending the facts 23 through 30 constitute in addition to their common purpose a restating of the plaintiff's pleading to be preserved on appeal.

# IV CAUSES OF ACTION

## First Cause of Action:

30..   Plaintiff realleges and incorporates paragraphs 1-29.

31.    Plaintiff claims a violation of his First Amendment rights to political speech, freedom of the press and right of assembly as guaranteed by the 14th Amendment.

## Second Cause of Action:

32. Plaintiff realleges and incorporates paragraphs 1-29.

33. Plaintiff claims a violation of his First Amendment right to a fair and effective vote as guaranteed by the 14th Amendment.

## Third Cause of Action:

34. Plaintiff realleges and incorporates paragraphs 1-29.

35. Plaintiff claims that facts set forth above demonstrate a violation of the intent of Section 2, of Article I of the United States Constitution.

# V   PRAYER FOR RELIEF

In light of the foregoing facts and claims, the plaintiff respectfully requests the following relief:

A.   That the court request the convening of a three-judge court pursuant to 28 U.S.C. Section 2284.

B.   Declare the current 2013 plan for the Texas Congressional districts to be unconstitutional and enjoin its use in any further elections.

C.  Grant plaintiff reasonable fees and costs pursuant to 28 U.S.C. Section 2412..

D.  Grant such other relief as may be necessary and proper.

*/s/ John T. Morris*
John T. Morris
5703 Caldicote St.
Humble, TX 77346
281-852-6388

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Plaintiff's Second Amended Complaint, was delivered to all counsel in this matter listed below via the United States District Court, Western Division of Texas, San Antonio Division, ECF system or when this was not possible by electronic mail or Certified United States postal mail.

DAVID RICHARDS
Texas Bar No. 1684600
Richards, Rodriquez & Skeith LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
512-476-0005
david@rrsfirm.com

RICHARD E. GRAY, lll

GERALD H. GOLDSTEIN
State Bar No. 08101000
ggandh@aol.com
DONALD H. FLANARY, lll
State Bar No. 24045877
donflanary@hotmail.com
Goldstein, Goldstein and Hilley
310 S. St. Mary's Street
29th Floor, Tower Life Bldg.

State Bar No. 08328300
Gray & Becker, P.C.
900 West Avenue, Suite 300
Austin, TX 78701
512-482-0061
Rick.gray@graybecker.com

**ATTORNEYS FOR PLAINTIFFS PEREZ, DUTTON, TAMEZ, HALL, ORTIZ, SALINAS, DEBOSE, and RODRIGUEZ**

JOSE GARZA
Texas Bar No. 07731950
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78209
210-392-2856
garzpalm@aol.com

MARK W. KIEHNE
mkiehne@lawdcm.com
RICARDO G. CEDILLO
rcedillo@lawdcm.com
Davis, Cedillo & Mendoza
McCombs Plaza
755 Mulberry Ave., Ste. 500
San Antonio, TX 78212
210-822-6666
210-822-1151 (facsimile)

**ATTORNEYS FOR MEXICAN AMERICAN LEGISLATIVE CAUCUS**
NINA PERALES
Texas Bar No. 24005046
nperales@maldef.org
MARISA BONO
mbono@maldef.org
REBECCA MCNEILL COUTO
rcouto@maldef.org
Mexican American Legal Defense and Education Fund
110 Broadway, Suite 300
San Antonio, TX 78205
210-222-8899
210-222-9526 (facsimile)

MARK ANTHONY SANCHEZ
masanchez@gws-law.com

San Antonio, TX 78205-4605
210-226-1463
210-226-8367 (facsimile)

PAUL M. SMITH
psmith@jenner.com
MICHAEL B. DESANCTIS
mdesanctis@jenner.com
JESSICA RING AMUNSON
jamunson@jenner.com
Jenner & Block LLP
1099 New York Ave., NW
Washington, D.C. 20001
202-639-6000
*Served via electronic mail*

J. GERALD HEBERT
191 Somervelle Street, # 405
Alexandra, VA 22304
703-628-4673
hebert@voterlaw.com

JESSE GAINES
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com
*Served via electronic mail*

**ATTORNEYS FOR PLAINTIFFS QUESADA, MUNOZ, VEASEY, HAMILTON, KING, JENKINS**
LUIS ROBERTO VERA, JR.
Law Offices of Luis Roberto Vera, Jr. & Associates
1325 Riverview Towers
111 Soledad
San Antonio, Texas 78205-2260
210-225-3600
irvlaw@sbcglobal.net

GEORGE JOSEPH KORBEL
Texas Rio Grande Legal Aid, Inc.
1111 North Main
San Antonio, TX 78213
210-212-3600

ROBERT W. WILSON
rwwilson@gws-law.com
Gale, Wilson & Sanchez, PLLC
115 East Travis Street, Ste. 1900
San Antonio, TX 78205
210-222-8899
210-222-9526 (facsimile)

**ATTORNEYS FOR PLAINTIFFS TEXAS LATINO REDISTRICTING TASK FORCE, CARDENAS, JIMENEZ, MENENDEZ, TOMACITA AND JOSE OLIVARES. ALEJANDRO AND REBECCA ORTIZ**

ROLANDO L. RIOS
Law Offices of Rolando L. Rios
115 E. Travis Street
Suite 1645
San Antonio, TX 78205
210-222-2102
rrios@rolandorioslaw.com

**ATTORNEY FOR INTERVENOR-PLAINTIFF HENRY CUELLAR**

MAX REANA HICKS
Law Office of Max Renea Hicks
101 West Sixth Street
Suite 504
Austin, TX 78701
512-480-8231
512-480-9105 (facsimile)
rhicks@renea-hicks.com

**ATTORNEY FOR PLAINTIFFS CITY OF AUSTIN, TRAVIS COUNTY, ALEX SERNA, BEATRICE SALOMA ELFANT, DAVID GONZALEZ, EDDIE RODRIGUEZ, MILTON GERARD WASHINGTON, and SANDRA SERNA**

CHAD W. DUNN
chad@brazilanddunn.com
K. SCOTT BRAZIL
scott@brazilanddunn.com
Brazil & Dunn
4201 FM 1960 West, Suite 530
Houston, TX 77068

korbellaw@hotmail.com

**ATTORNEYS FOR INTERVENOR-PLAINTIFF LEAGUE OF UNITED LATIN AMERICAN CITIZENS**

GARY L. BLEDSOE
State Bar No. 02476500
Law Office of Gary L. Bledsoe
316 W. 12th Street, Ste. 307
Austin, TX 78701
512-322-9992
512-322-0840 (facsimile)
garybledsoe@sbcglobal.net

**ATTORNEY FOR INTERVENOR-PLAINTIFFS TEXAS STATE CONFERENCE OF NAACP BRANCHES, BILL LAWSON and JUANITA WALLACE**

VICTOR L. GOODE
Asst. Gen. Counsel, NAACP
4805 Mt. Hope Drive
Baltimore, MD 21215-5120
410-580-5120
410-358-9359 (facsimile)
vgoode@naacpnet.org

**ATTORNEYS FOR INTERVENOR-PLAINTIFF THE TEXAS STATE CONFERENCE OF NAACP BRANCHES**

ROBERT NOTZON
State Bar No. 00797934
Law Office of Robert S. Notzon
1507 Nueces Street
Austin, TX 78701
512-474-7563

281-580-6310
281-580-6362 (facsimile)

**ATTORNEYS FOR INTERVENOR-DEFENDANTS TEXAS DEMOCRATIC PARTY and BOYD RICHIE**

STEPHEN E. MCCONNICO
smcconnico@scottdoug.com
SAM JOHNSON
sjohnson@scottdoug.com
S. ABRAHAM KUCZAJ, lll
akuczaj@scottdoug.com
Scott, Douglass & McConnico
One American Center
600 Congress Ave., 15th Floor
Austin, TX 78701
512-495-6300
512-474-0731 (facsimile)

**ATTORNEYS FOR PLAINTIFFS CITY OF AUSTIN, TRAVIS COUNTY, ALEX SERNA, BALAKUMAR PANDIAN, BEATRICE SALOMA, BETTY F. LOPEZ, CONSTABLE BRUCE ELFANT, DAVID GONZALEZ, EDDIE RODRIGUEZ, ELIZA ALVARADO, JOSEY MARTINEZ, JUANITA VALDEZ-COX, LIONOR SOROLA-POHLMAN, MILTON GERARD WASHINGTON, NINA JO BAKER, and SANDRA SERNA**

JOAQUIN G. AVILA
P.O. Box 33687
Seattle, WA 98133
206-724-3731
206-398-4261 (facsimile)
jgavotingrights@gmail.com
*Served via electronic mail*

**ATTORNEY FOR MEXICAN AMERICAN LEGISLATIVE CAUCUS**

DAVID MATTAX
david.mattax@oag.state.tx.us

512-474-9489 (facsimile)
robert@notzonlaw.com

ALLISON JEAN RIGGS
ANITA SUE EARLS
Southern Coalition for Social Justice
1415 West Highway 54, Ste. 101
Durham, NC 27707
919-323-3380 / 919-323-3942 (facsimile)
anita@southerncoalition.org
allison@southerncoalition.org

**ATTORNEYS FOR INTERVENOR-PLAINTIFFS TEXAS STATE CONFERENCE OF NAACP BRANCHES, EARLS, LAWSON, WALLACE, and JEFFERSON**

DONNA GARCIA DAVIDSON
P.O. Box 12131
Austin, TX 78711
512-775-7625
877-200-6001 (facsimile)
donna@dgdlawfirm.com

FRANK M. REILLY
Potts & Reilly, L.L.P.
P.O. Box 4037
Horseshoe Bay, TX 78657
512-469-7474
512-469-7480 (facsimile)
reilly@pottsreilly.com

**ATTORNEYS FOR DEFENDANT STEVE MUNISTERI**

DAVID ESCAMILLA
Travis County Asst. Attorney
P.O. Box 1748
Austin, TX 78767
512-854-9416
david.escamilla@co.travis.tx.us
*Served via electronic mail*

**ATTORNEYS FOR PLAINTIFF TRAVIS COUNTY**

| | |
|---|---|
| DAVID J. SCHENCK<br>david.schenck@oag.state.tx.us<br>MATTHEW HAMILTON FREDERICK<br>matthew.frederick@oag.state.tx.us<br>ANA M. JORDAN<br>ana.jordan@oag.state.tx.us<br>Office of the Attorney General<br>P.O. Box 12548, Capitol Station<br>Austin, TX 78711<br>512-463-2120 / 512-320-0667 (facsimile)<br>**ATTORNEYS FOR DEFENDANTS**<br>**STATE OF TEXAS, RICK PERRY,**<br>**HOPE ANDRADE, DAVID DEWHURST.**<br>**AND JOE STRAUS** | KAREN M. KENNARD<br>2803 Clearview Drive<br>Austin, TX 78703<br>512-974-2177<br>512-974-2894 (facsimile)<br>karen.kennard@ci.austin.tx.us<br>*Served via electronic mail*<br><br>**ATTORNEY FOR PLAINTIFF**<br>**CITY OF AUSTIN** |

*/s/ John T. Morris*
John T. Morris
5703 Caldicote St.
Humble, TX 77346
281-852-6388