IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON PEREZ, et al., <br><br>        Plaintiffs, <br><br>and <br><br>UNITED STATES OF AMERICA, <br><br>        Proposed Plaintiff-Intervenor, <br><br>        v. <br><br>STATE OF TEXAS, et al., <br><br>        Defendants. | Civil Action No. 5:11-cv-360 <br> (OLG-JES-XR) <br> Three-Judge Court <br> [Lead Case] |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC), <br><br>        Plaintiff, <br><br>        v. <br><br>STATE OF TEXAS, et al., <br><br>        Defendants. | Civil Action No. 5:11-cv-361 <br> (OLG-JES-XR) <br> Three-Judge Court <br> [Consolidated Case] |
| TEXAS LATINO REDISTRICTING TASK FORCE, et al., <br><br>        Plaintiffs, <br><br>        v. <br><br>RICK PERRY, <br><br>        Defendant. | Civil Action No. 5:11-cv-490 <br> (OLG-JES-XR) <br> Three-Judge Court <br> [Consolidated Case] |

| | |
|---|---|
| MARGARITA V. QUESADA, et al., <br><br>    Plaintiffs, <br><br>  v. <br><br>RICK PERRY, et al., <br><br>    Defendants. | Civil Action No. 5:11-cv-592 <br>(OLG-JES-XR) <br>Three-Judge Court <br>[Consolidated Case] |
| JOHN T. MORRIS, <br><br>    Plaintiff, <br><br>  v. <br><br>STATE OF TEXAS, et al. <br><br>    Defendants. | Civil Action No. 5:11-cv-615 <br>(OLG-JES-XR) <br>Three-Judge Court <br>[Consolidated Case] |
| EDDIE RODRIGUEZ, et al., <br><br>    Plaintiffs, <br><br>  v. <br><br>RICK PERRY, et al., <br><br>    Defendants. | Civil Action No. 5:11-cv-635 <br>(OLG-JES-XR) <br>Three-Judge Court <br>[Consolidated Case] |

## UNITED STATES' MOTION TO INTERVENE

  Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the United States of America respectfully moves to intervene as a plaintiff in the instant litigation. Plaintiffs in these consolidated cases seek relief against the State of Texas under several statutory provisions enforced and administered by the Attorney General of the United States, most notably Section 3(c) of the Voting Rights Act, 42 U.S.C. § 1973a(c). Where the government's claims raise legal

questions that are already at issue in pending litigation, timely intervention by the Attorney General should be permitted. *Cf. Miami Health Studios, Inc. v. City of Miami Beach*, 491 F.2d 98, 100 (5th Cir. 1974). Moreover, where the legal landscape has undergone a recent and significant shift, *see Shelby County v. Holder*, 133 S. Ct. 2612 (2013), and the United States presents a vital perspective, *see, e.g.*, U.S. Statement of Interest (ECF No. 630); U.S. Br. as Amicus Curiae, *Perry v. Perez*, No. 11-713, 2011 WL 6851350 (U.S. Dec. 28, 2011), intervention as a full party is warranted. For these reasons—and for the reasons that follow—this Court should grant permissive intervention pursuant to Rule 24(b)(2)(A) or Rule 24(b)(1)(B). In accordance with Rule 24(c), a proposed complaint in intervention is attached hereto as Exhibit 1.

I.     Background

In defending the judicial preclearance action filed by the State of Texas under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, the United States took the position that the State failed to establish that its 2011 Congressional and State House redistricting plans were not adopted with a discriminatory purpose. *See* U.S. Post-Trial Br., *Texas v. United States*, No. 1:11-cv-1303 (D.D.C. Feb. 6, 2012) (ECF No. 203) (Ex. 2). In *Texas v. United States*, 887 F. Supp. 2d 133 (D.D.C. 2012) (three-judge court), *vacated*, 133 S. Ct. 2885 (2013), a three-judge panel of the U.S. District Court for the District of Columbia denied the State's request for a declaratory judgment granting preclearance of these plans. The D.C. court unanimously concluded that Texas had not met its burden of showing an absence of discriminatory purpose when it enacted the 2011 Congressional plan. *See id.* at 159-62. Moreover, despite denying preclearance for the 2011 State House plan based only on the State's failure to prove an absence of retrogressive effect, the D.C. court catalogued substantial "record evidence" suggesting a

discriminatory purpose underlying that plan as well. *See id.* at 177. After entry of judgment, Texas appealed the denial of preclearance to the U.S. Supreme Court. *See* Notice of Appeal, *Texas v. United States*, No. 1:11-cv-1303 (D.D.C. Aug. 31, 2012) (ECF No. 234) (Ex. 3).

On June 25, 2013, while Texas's appeal remained pending, the U.S. Supreme Court announced its decision in *Shelby County v. Holder*, 133 S. Ct. 2612 (2013). In *Shelby County*, the Supreme Court held that it is unconstitutional to use the coverage formula in Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), as reauthorized by the Voting Rights Act Reauthorization and Amendments Act of 2006, "as a basis for subjecting jurisdictions to preclearance" under Section 5 of the Act. 133 S. Ct. at 2631. On June 27, the Supreme Court entered an order vacating the judgment of the D.C. court and remanding for further consideration in light of *Shelby County* and "the suggestion of mootness" made in a filing concerning the 2011 plans. *Texas v. United States*, 133 S. Ct. 2885 (2013).

Pursuant to this Court's July 1, 2013 Order, several groups of plaintiffs and plaintiff-intervenors in this case filed advisories on July 22, 2013, stating that relief pursuant to Section 3(c) of the Voting Rights Act, 42 U.S.C. § 1973a(c), would be an appropriate means to remedy intentional discrimination in the 2011 statewide redistricting plans and to protect voters "from the pattern of discriminatory actions persistently taken by the State." Pl. Joint Advisory at 2-3 (ECF No. 788); *see also* MALC Advisory (ECF No. 787); TLRTF Br. (ECF No. 823). The State of Texas filed an advisory in opposition. *See* Def. Br. (ECF No. 824). On July 25, the United States filed a statement of interest in this Court explaining the function of Section 3(c) and taking the position that Section 3(c) relief is warranted in this case. *See* Statement of Interest (ECF No. 827). The United States averred that the evidence presented in *Texas v. United States* proves that the 2011 Congressional and State House plans are intentionally discriminatory, regardless of

Case 5:11-cv-00360-OLG-JES-XR   Document 871   Filed 08/22/13   Page 5 of 13

which party bears the burden of proof. On August 5, the State filed a response that offered a radically different construction of Section 3(c). *See* Def. Response (ECF No. 842). In light of this new stage of proceedings, the United States now seeks to intervene as a plaintiff in this litigation.[1]

## II.  This Court Should Permit the United States to Intervene Under Rule 24(b)(2)(A).

Federal Rule of Civil Procedure 24(b)(2)(A) establishes: "On timely application the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on a statute or executive order administered by the officer or agency." *See also Miami Health Studios*, 491 F.2d at 100 (holding that intervention is particularly favored when a government entity seeks to address a statute it is charged to enforce); *Nuesse v. Camp*, 385 F.2d 694, 706 (D.C. Cir. 1967) ("Permissive intervention is available when . . . an aspect of the public interest with which [a public official] is officially concerned is involved in the litigation."). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, a proposed governmental intervenor must meet four requirements:

> Rule 24(b) requires a proposed intervenor to (1) file a timely motion, (2) be a federal or state governmental officer or agency, (3) administer the statute, executive order, or regulation at issue, and (4) not cause undue delay or prejudice to the original parties' rights, if allowed to (permissively) intervene.

*Coffey v. Comm'r*, 663 F.3d 947, 951 (8th Cir. 2011); *see also City of Canton v. Nissan N. Am., Inc.*, 870 F. Supp. 2d 430, 436 & n.12 (S.D. Miss. 2012) (noting intervention by the Mississippi

---

[1] On July 3, 2013, several Defendant-Intervenors filed a motion for leave to file an amended answer alleging a counterclaim against the State of Texas for Section 3(c) relief in *Texas v. United States*. *See, e.g.*, Mot. for Leave, No. 1:11-cv-1303 (D.D.C. Aug. 31, 2012) (ECF No. 240) (Ex. 4). The United States stated in its reply that this Court, not the District of Columbia Court, would be the better venue to address Section 3(c) relief. *See* United States Response to Intervenors' Motion for Leave, *Texas v. United States*, No. 1:11-cv-1303 (D.D.C. Aug. 31, 2012) (ECF No. 248) (Ex. 5).

4

Attorney General as chief legal officer for the state). The United States meets each of these requirements.[2]

The instant motion to intervene is timely. The Fifth Circuit has identified four factors to consider in evaluating whether a motion to intervene is timely:

> (1) the length of time the intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances.

*Trans Chem. Ltd. v. China Nat'l Machinery Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003); *see also John Doe No. One v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) ("These factors are a framework and not a formula for determining timeliness." (internal citations and quotation marks omitted)); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) ("The analysis is contextual; absolute measures of timeliness should be ignored."). The United States' interest in this litigation concerning the 2011 plans going forward lies in the application of Section 3(c). Prior to the decision in *Shelby County*, there was no need for an application of Section 3(c) because the State of Texas was covered by Section 5. This request comes less than two months after the decision in *Shelby County* and less than three weeks after the parties completed their briefing regarding the application of Section 3(c) to this case. Intervention by the United States will not cause undue delay or prejudice to the original parties' rights, as this litigation has entered a distinct new phase. This Court has not made any substantive determinations regarding the effect of Section 3(c) on this litigation or rendered a final judgment

---

[2] The Fifth Circuit has held that "there is no Article III requirement that intervenors have standing in a *pending* case." *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006). *But see, e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003). Even if standing were required for intervention, the United States would meet the requirement. *See* 42 U.S.C. §1973j(d).

on the legality of the 2011 plans.  *Cf. United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 846 (5th Cir. 1975).  The United States does not seek to relitigate the trial that has already been conducted.  On the other hand, the United States will be prejudiced if it is not granted full party status, as the United States would seek to present evidence in any evidentiary hearing conducted pursuant to a request for Section 3(c) relief.  Because of the Attorney General's lead role in the D.C. litigation, the participation of the United States will assist the Court in deciding the factual issues in this case.  Finally, the decision in *Shelby County* must be considered an unusual circumstance, as it has fundamentally changed the nature of litigation that was previously divided between two separate fora.  *See, e.g.*, Op. at 2 (ECF No. 690).  This Court had no reason to consider Section 3(c) issues when Texas was subject to Section 5 through the coverage formula in Section 4(b) of the Voting Rights Act.  *See Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (discussing unusual circumstances).

The United States also meets the remaining requirements for intervention.  The United States falls within the scope of government officers and agencies who may intervene under Rule 24(b)(2), as governments in their entirety may intervene under the provision.  *See Coffey*, 663 F.3d at 951; *Appleton v. Comm'r*, 430 Fed. App'x 135 (3d Cir. 2011).  In addition the United States—and specifically the Attorney General, through whom this litigation is brought—is charged by statute with enforcing the Voting Rights Act, *see* 42 U.S.C. § 1973j(d), and is assigned administrative responsibilities under Section 3(c), *see id.* § 1973a(c).  The Supreme Court has recognized that the Attorney General has a "central role . . . in formulating and implementing" Section 5 of the Voting Rights Act.  *Lopez v. Monterey Cnty.*, 525 U.S. 266, 281 (1999) (alteration in original) (internal quotation marks and citation omitted).  The Attorney General maintains an analogous role in the implementation of Section 3(c).  *See* 28 C.F.R. § 51.8

(extending Section 5 regulations to review of voting changes under Section 3(c)). Finally—for the reasons set out above concerning timeliness—intervention by the United States will not cause undue delay or prejudice to the original parties' rights. This Court should grant permissive intervention under Rule 24(b)(2)(A).

### III. In the Alternative, the United States Should Be Permitted to Intervene Under Rule 24(b)(1)(B).

Permissive intervention is also warranted under Rule 24(b)(1)(B). That Rule permits intervention on a timely motion of anyone who "has a claim or defense that shares with the main action a common question of law or fact." This requirement is subject to a liberal construction. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). As this action has demonstrated, courts have routinely permitted litigants raising claims similar to the initial plaintiffs to intervene in actions under the Voting Rights Act. *See also, e.g.*, *Terrazas v. Slagle*, 789 F. Supp. 828 (W.D. Tex. 1991) (three-judge court), *aff'd sub nom. Richards v. Terrazas*, 505 U.S. 1214 (1992). For the reasons set out above, the instant request for permissive intervention is timely. *See supra* Part II. The only remaining requirement is the presence of a common question of law or fact between the existing claims and the issues raised by the United States in its proposed complaint in intervention.

The proposed complaint in intervention demonstrates the common questions of law and fact between the claims raised by the United States and those already at issue in this case. The United States asserts that the 2011 Congressional and State House plans were motivated by discriminatory intent. *See* U.S. Compl. ¶¶ 19-65 (Ex. 1). As a result, the United States contends that Section 3(c) relief is appropriate. *See id.* ¶¶ 66-68. Numerous plaintiffs also maintain intent-based claims against the 2011 plans. *See, e.g.*, 3d Am. Compl. ¶¶ 21, 23 (ECF No. 53). Moreover, this Court has recognized that the application of Section 3(c) to this litigation is an

7

outstanding question of law.  *See* Order at 2 (ECF No. 772) (requesting briefing); *see also* Pl. Joint Advisory (ECF No. 788); MALC Advisory (ECF No. 787); TLRTF Br. (ECF No. 823); Def. Br. (ECF No. 824).  Thus, permissive intervention should be granted, as it would "further the interests of justice, the rights of the parties, and efficient judicial administration." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 690 F.2d 1203, 1215 (5th Cir. 1982).

**IV.     Conclusion**

For the reasons set out above, this Court should grant permissive intervention pursuant to Rule 24(b)(2)(A) or Rule 24(b)(1)(B).  Pursuant to Local Rule 7(i), counsel for the United States has conferred with counsel for Plaintiffs, the State of Texas, and Intervenors.  Plaintiffs and Plaintiff-Intervenors do not oppose the motion.  The State of Texas is opposed to intervention by the United States.

Date:  August 22, 2013

Respectfully submitted,

ROBERT PITMAN  
United States Attorney  
Western District of Texas

JOCELYN SAMUELS  
Acting Assistant Attorney General  
Civil Rights Division

*/s/ Daniel J. Freeman*  
T. CHRISTIAN HERREN, JR.  
TIMOTHY F. MELLETT  
BRYAN SELLS  
JAYE ALLISON SITTON  
DANIEL J. FREEMAN  
MICHELLE A. MCLEOD  
Attorneys  
Voting Section  
Civil Rights Division  
U.S. Department of Justice  
Room 7254 NWB  
950 Pennsylvania Avenue, N.W.  
Washington, D.C. 20530

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2013, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

David R. Richards
Richards Rodriguez & Skeith, LLP
davidr@rrsfirm.com

Richard E. Grey III
Gray & Becker, P.C.
rick.gray@graybecker.com

*Counsel for Perez Plaintiffs
and Plaintiff-Intervenors Pete Gallego and
Filemon Vela Jr.*

Luis Roberto Vera, Jr.
Law Offices of Luis Roberto Vera, Jr. &
    Associates
lrvlaw@sbcglobal.net
George Joseph Korbel
Texas Rio Grande Legal Aid, Inc.
gkorbel@trla.org

*Counsel for Plaintiff League of United Latin
American Citizens*

John T. Morris
johnmorris1939@hotmail.com

*Pro Se Plaintiff*

Nina Perales
Marisa Bono
Nicolas Espiritu
Karolina J. Lyznik
Mexican American Legal Defense
    and Education Fund
nperales@maldef.org
mbono@maldef.org
klyznik@maldef.org
nespiritu@maldef.org

Mark Anthony Sanchez
Robert W. Wilson
Gale, Wilson & Sanchez, PLLC
masanchez@gws-law.com
rwwilson@gws-law.com

*Counsel for Plaintiff Latino Redistricting
Task Force*

Jose Garza
Law Office of Jose Garza
garzpalm@aol.com

Mark W. Kiehne
Ricardo G. Cedillo
Davis, Cedillo & Mendoza
mkiehne@lawdcm.com
rcedillo@lawdcm.com

Joaquin G. Avila
Seattle University School of Law
avilaj@seattleu.edu

Cynthia B. Jones
Jones Legal Group, LLC
jones.cynthiab@gmail.com

*Counsel for Plaintiff Mexican American
Legislative Caucus*

Karen M. Kennard
City of Austin Law Department
karen.kennard@ci.austin.tx.us

Max Renea Hicks
Law Office of Max Renea Hicks
rhicks@renea-hicks.com

Manuel Escobar, Jr.
Manuel G. Escobar Law Office
escobarm1@aol.com

Marc Erik Elias
Abha Khanna
Perkins Coie LLP
akhanna@perkinscoie.com
melias@perkinscoie.com

S. Abraham Kuczaj, III
Stephen E. McConnico
Sam Johnson
Scott Douglass & McConnico, LLP
akuczaj@scottdoug.com
smcconnico@scottdoug.com
sjohnson@scottdoug.com

David Escamilla
Travis County Ass't Attorney
david.escamilla@co.travis.tx.us

*Counsel for Rodriguez Plaintiffs*

Gerald Harris Goldstein
Donald H. Flanary, III
Goldstein, Goldstein and Hilley
ggandh@aol.com
donflanary@hotmail.com

Paul M. Smith
Michael B. DeSanctis
Jessica Ring Amunson
Jenner & Block LLP
psmith@jenner.Com
mdesanctis@jenner.Com
jamunson@jenner.Com

J. Gerald Hebert
Law Office of Joseph Gerald Hebert
hebert@voterlaw.com

Jesse Gaines
Law Office of Jesse Gaines
gainesjesse@ymail.com

*Counsel for Quesada Plaintiff-Intervenors*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Henry Cuellar*

Gary L. Bledsoe
Law Office of Gary L. Bledsoe
garybledsoe@sbcglobal.net

Victor L. Goode
NAACP
vgoode@naacpnet.org

Robert Notzon
Law Office of Robert Notzon
robert@notzonlaw.com

Anita Sue Earls
Allison Jean Riggs
Southern Coalition for Social Justice
allison@southerncoalition.org
anita@southerncoalition.org

*Counsel for Plaintiff-Intervenor Texas State Conference of NAACP Braches*

Chad W. Dunn
K. Scott Brazil
Brazil & Dunn
chad@brazilanddunn.com
scott@brazilanddunn.com

*Counsel for Plaintiff-Intervenor Texas Democratic Party*

John K. Tanner
John Tanner Law Office
3743 Military Rd. NW
Washington, DC 20015

*Counsel for Plaintiff-Intervenor Texas Legislative Black Caucus*

Hector De Leon
Benjamin S. De Leon
De Leon & Washburn, P.C.
hdeleon@dwlawtx.com
bdeleon@dwlawtx.com

Eric Christopher Opiela
Eric Opiela PLLC
eopiela@ericopiela.com

Christopher K. Gober
Michael Hilgers
Gober Hilgers PLLC
cgober@goberhilgers.com
mhilgers@goberhilgers.com

James Edwin Trainor, III
Beirne, Maynard & Parsons, LLP
ttrainor@bmpllp.com

Joseph M. Nixon
Beirne Maynard & Parsons LLP
jnixon@bmpllp.com

*Counsel for Plaintiff-Intervenors Joe Barton et al.*

David Mattax
Patrick K. Sweeten
Angela V. Colmenero
Matthew Frederick
Ana M. Jordan
Jennifer Settle Jackson
Office of the Texas Attorney General
david.mattax@oag.state.tx.us
patrick.sweeten@texasattorneygeneral.gov
angela.colmenero@
texasattorneygeneral.gov
matthew.frederick@
texasattorneygeneral.gov
ana.jordan@oag.state.tx.us
Jennifer.jackson@texasattorneygeneral.gov

*Counsel for Defendants State of Texas and Rick Perry and Defendant-Intervenors David Dewhurst, Joe Strauss, and John Steen*

Donna Garcia Davidson
Donna G. Daviddson Law Firm
donna@dgdlawfirm.com

Frank M. Reilly
Potts & Reilly, LLP
reilly@pottsreilly.com

*Counsel for Defendant-Intervenors Steve Munisteri*

Kent M. Adams
Lewis, Brisbois, Bisgaard, & Smith LLP
kadams@lbbslaw.com

*Counsel to Defendant-Intervenor Sarah M. Davis*

Clarkson F. Brown
Bexar County District Attorney's Office,
101 W Nueva, Suite 5049
San Antonio, TX 78205
(210) 335-2150
clarkb@bexar.org

*Counsel for Amicus Curiae Bexar County*

Ned Bennet Sandlin
Texas Municipal League
bennett@tml.org

*Counsel for Amicus Curiae Texas Municipal League*

Manuel A. Pelaez-Prada
Pelaez Prada, PLLC
mpp@lonestaradr.com

*Counsel for Amicus Curiae San Antonio Hispanic Chamber of Commerce*

*/s/ Daniel J. Freeman*
DANIEL J. FREEMAN
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7123 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
daniel.freeman@usdoj.gov