UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON PEREZ; HAROLD DUTTON, JR.; GREGORY TAMEZ; SERGIO SALINAS; CARMEN RODRIGUEZ; RUDOLFO ORTIZ; NANCY HALL and DOROTHY DEBOSE<br><br>Plaintiffs<br><br>v.<br><br>STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; JOHN STEEN, in his official capacity as Secretary of State of the State of Texas<br><br>Defendants | CIVIL ACTION NO.<br>**11-CA-360-OLG-JES-XR**<br>CONSOLIDATED ACTION<br>[Lead case] |

**O R D E R**

Pending before the Court is the Latino Task Force plaintiffs' opposed motion for reconsideration of portion of order on supplementation of record (Dkt. # 834). The Perez plaintiffs filed a memorandum in support of the Latino Task Force's motion (Dkt. # 837). Defendants filed a response (Dkt. # 849), and Plaintiffs filed a joint reply (Dkt. # 870). The Court has considered the legal arguments of counsel, and finds that Plaintiffs' motion should be DENIED without prejudice to re-urging same if any witnesses are unavailable to testify in person.

In September 2011, this Court held a bench trial on the Section 2 and constitutional challenges to the 2011 enacted plans. In January 2012, the D.C. Court held a bench trial on Section 5 issues relating to the same plans. Some witnesses testified in both trials; others did not. Of the witnesses that testified in both trials, their testimony differed in certain respects. The Task Force plaintiffs now seek to supplement the record with excerpts of testimony from the D.C. trial. Defendants object to

Plaintiffs' offer of testimonial evidence for various reasons.

### A. Timing of the request

Defendants claim that the evidence should have been offered earlier and should be rejected as untimely at this juncture. Since the trial in September 2011, many significant events have occurred that changed the course of these proceedings. Plaintiffs could not have offered the evidence any earlier given the circumstances under which this litigation evolved; and even if they could have made an earlier offer, it would have been meaningless because the Court was prevented from reaching the merits of this case. Under the circumstances, Plaintiffs' request to supplement the record is timely.

### B. Relevance, Probative value

Defendants also claim that the testimony has no probative value because the 2011 enacted plans have been repealed and the D.C. trial involved different legal issues. The 2011 enacted plans were repealed in the midst of litigation, but Plaintiffs' claims are not moot because they are still seeking prospective relief under Section 3(c) of the Voting Rights Act based on alleged violations in those plans. Moreover, the 2013 plans emanate from the 2011 plans and most of the challenges to the 2011 enacted plans have simply been carried forward as challenges to the 2013 enacted plans. While the D.C. case did involve some legal issues that are not part of the Section 2 analysis, the fact issues relating to discrimination are the same in both cases. Thus, much of the testimonial evidence from the D.C. case is relevant and has probative value.

### C. Prejudicial effect

Defendants also claim that they would be prejudiced by the supplementation of the record because admitting only excerpts of the testimony would be misleading and cross designations would not cure the prejudice. Typically, cross designations of testimony cure any problem with incomplete and potentially misleading testimony. Defendants have not attempted to cross designate any of the testimony being offered.

Defendants also claim that they will be prejudiced if they did not have the opportunity to cross-examine the witnesses in the context of the legal issues herein. Defendants had ample opportunity to cross-examine the witnesses on the fact issues that are common to both the D.C. proceedings and these proceedings. Because several of the witnesses are Defendants' own witnesses, a more rigorous cross-examination is unlikely. It is more likely that Defendants will want a chance to rehabilitate certain witnesses, which is only possible if they are called to testify in person.

### D. Assessing credibility of the witnesses

Defendants further claim that the Court should have the opportunity to assess the credibility of the witnesses. On this point, the Court must agree. Regardless of whether the witnesses are being recalled to the witness stand or called the first time, the Court would prefer to see the witnesses testify in person so that it has the opportunity to fully assess their credibility.

### E. Avoiding the potential for hearsay

There is also a potential for hearsay if the witnesses are not called to testify in person. Rule 801 of the Federal Rules of Evidence defines hearsay as a statement the declarant does not make while testifying at the current trial or hearing and is offered in evidence to prove the truth of the matter asserted in the statement. The Perez plaintiffs note that the statements of Interiano and Downton are statements made by an opposing party, and thus, are not hearsay. Fed.R.Evid. 801(d)(2). However, the testimony of other witnesses may be inadmissible as hearsay unless Plaintiffs can satisfy the requirements of Rule 804 and show that the testimony falls under the exception to the hearsay rule.

The exception under Rule 804(b) states:

> (b) The Exceptions: The following are not excluded by the rule against hearsay <u>if the declarant is unavailable as a witness</u>:
>
>   (1) **Former Testimony**. Testimony that:
>
>     (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

3

>   (B)   is now offered against a party who had – or, in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross, or redirect examination.

Fed.R.Evid. 804(b)(1).

Thus, "[i]n order for former testimony to be admissible under Rule 804(b)(1): 1) the declarant must be unavailable; 2) testimony must be taken at a hearing, deposition, or civil action or proceeding; and 3) the party against whom the testimony is now offered must have had, or its predecessor in interest must have had, an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." New Jersey Turnpike Authority v. PPG Industries, Inc., 197 F.3d 96, 110 (3rd Cir. 1999). Rule 804(a) describes the circumstances under which a declarant is considered "unavailable." This may include injury, death, illness, lack of memory, or inability "by process or other reasonable means" to procure the declarant's attendance. Fed.R.Evid. 804(a). The "similar motive" requirement does not mean identical motive, and depends in part on the similarity of the underlying issues and the context of the questioning. Battle v. Memorial Hosp. at Gulfport, 228 F.3d 544, 552-53 (5th Cir. 2000).

In this case, Plaintiffs have shown that Defendants had the opportunity and similar motive to develop the testimony and cross-examine the witnesses. But Plaintiffs have not shown that the witnesses are unavailable to testify in person.

For this reason, and because the Court is unable to fully assess the credibility of the witnesses unless they testify in person, Plaintiffs' request to supplement the record with excerpts of testimony from the D.C. trial is denied without prejudice to re-urging the request if Plaintiffs are able to show that any of the witnesses are unavailable to testify in person. The parties will be permitted to recall any witness or call new witnesses should they deem it necessary. This will allow Plaintiffs to examine the witnesses about documents that were not available to them during the first trial.[1] It will give both sides

---

[1] Plaintiffs had requested e-mail communications from Defendants during discovery in this case but such documents were not produced prior to the trial in September 2011. Defendants later produced the documents in time for the D.C. trial, resulting in substantially different testimony on certain issues.

another opportunity for cross-examination. It will allow both sides to use the prior testimony for impeachment purposes. Fed. R.Evid. 607, 613, 801(d)(1)(A). And finally, it will allow the Court to fully assess the credibility of the witnesses.

    IT IS SO ORDERED this 6th day of September, 2013.

                                              _____/s/_____
                                              ORLANDO L. GARCIA
                                              UNITED STATES DISTRICT JUDGE
                                              [on behalf of the three judge panel]