# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| SHANNON PEREZ, ET AL. | § | |
| | § | |
| v. | § | SA-11-CV-360 |
| | § | |
| RICK PERRY, ET AL. | § | |

## ORDER

Pending before the Court are various motions for interim attorneys' fees (docket nos. 843, 844, 845, 847, 848, 851, 853, 854, & 859). The motions are opposed. After careful consideration, the Court denies the motions without prejudice.

Movants seek an award of interim fees, asserting that they are prevailing parties entitled to fees under 42 U.S.C. § 1973*l*(e) and 42 U.S.C. § 1988. Movants contend that they prevailed because they successfully enjoined Texas from implementing the enacted plans and secured favorable interim plans for the 2012 elections.

"A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). Attorneys' fees may be awarded to a party in some circumstances without the party having obtained a favorable final judgment following a full trial on the merits. *Hanrahan v. Hampton*, 446 U.S. 754 (1980). However, an award of fees *pendente lite* is appropriate only when the party has prevailed on the merits of at least some of his claims. *Id.* at 758.

1

The Supreme Court has not expressed a view on "whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may . . . warrant an award of counsel fees." *Sole v. Wyner*, 551 U.S. 74, 86 (2007). However, it has held that a plaintiff who obtains a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case is not a prevailing party. *Id.* at 83.

In *Perry v. Perez*, 132 S. Ct. 934, 940 (2012), the Supreme Court held that, given the procedural posture of this case and the pending § 5 preclearance litigation in the District Court for the District of Columbia, this Court was to use the enacted plans as a starting point but should enjoin use of the enacted plans and implement different interim plans if it found that Plaintiffs' § 5 claims were "not insubstantial" or that Plaintiffs demonstrated a substantial likelihood of success on their § 2 and Fourteenth Amendment claims. With regard to the plan for the United States House of Representatives, the Court found that: (1) the § 5 retrogressive effects claim with regard to CD 23 was not insubstantial and returning CD 23 to benchmark performance also resolved Plaintiffs' § 2 claims premised on the alleged failure to include seven Latino opportunity districts in South/Central/West Texas such that the § 2 claim did not have to be decided; (2) Plan C235 contained eleven districts that the United States would consider ability districts and thus resolved the United States' concerns that it not be retrogressive under § 5; (3) the § 5 claims concerning the DFW districts were not insubstantial and the Court did not need to analyze the Fourteenth Amendment claims related to DFW because they were resolved by remedying the § 5 claims; (4) Plaintiffs failed to show a substantial likelihood of success on the merits of their claim that § 2 requires a Latino opportunity district in DFW; (5) Plaintiffs' claims of intentional discrimination against African-American Members under § 5 was not insubstantial; (6) Plaintiffs failed to

2

demonstrate a likelihood of success on the merits of their racial gerrymandering claim related to CD 35 or their discrimination claim related to the dismantling of CD 25; (7) Plaintiffs failed to establish a likelihood of success on the merits of their Fourteenth Amendment and § 2 claims related to Nueces County; and (8) Plaintiffs failed to show a substantial likelihood of success on their § 2 claims based on the creation of coalition districts. Docket no. 691.

With regard to the Texas House, the Court found that: (1) Plaintiffs had a substantial likelihood of success on the merits of their one-person, one-vote claims with respect to HD 41, and there was no need to rule on the additional claims regarding that district; (2) the § 5 retrogression claim concerning HD 35 was not insubstantial, and there was no need to rule on the § 2 and intentional discrimination claims regarding that district; (3) the § 5 claim concerning HD 117 was not insubstantial, and there was no need to rule on the additional claims regarding that district; (4) Plaintiffs did not show a likelihood of success on their § 2 claim related to Nueces County; (5) Plaintiffs demonstrated a likelihood of success on the merits of their § 2 claim in Harris County; (6) the § 5 retrogression claim related to HD 149 was not insubstantial; and (7) the § 5 discriminatory purpose claim regarding HD 77 and HD 78 was not insubstantial, and the Court need not reach the other claims. Docket no. 690.

Defendants argue that Plaintiffs' relief is premised on the operation of § 5, which under *Shelby County* was unconstitutionally applied to Texas. Defendants contend that Plaintiffs cannot be considered prevailing parties or be awarded attorneys' fees for obtaining relief under § 5. *Shelby County* applies retroactively to this case. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) (holding that the Supreme Court's application of a rule of federal law to the parties before it requires that rule be given full retroactive effect in all cases still open on direct review and as to

3

all events, regardless of whether such events predate or postdate announcement of the rule). Therefore, although Plaintiffs did obtain favorable interim relief and were even able to vote in the 2012 elections based on that interim relief, to the extent such relief was based on the operation of § 5, *Shelby County* establishes that Plaintiffs were not entitled to relief under § 5. Any relief under § 5 was essentially a "mistake in law" that cannot support an award of attorneys' fees.

Therefore, an award of interim fees must be based on Plaintiffs' other claims. But to the extent the interim relief was based on Plaintiffs' other claims, it is not the type of interim relief that renders Plaintiffs prevailing because the merits of those claims remain unresolved. The Court's orders made clear that all determinations were merely preliminary, and Plaintiffs have not prevailed on the merits of those claims. Any determinations on the merits could be reversed, dissolved, or otherwise undone.

Although Plaintiffs were able to vote under the interim maps in the 2012 elections, that is insufficient to render them prevailing parties. In *Sole v. Wyner*, the Supreme Court held that the fact that the plaintiff obtained a preliminary injunction permitting her to stage a performance in which participants formed a peace symbol with their nude bodies was insufficient to render her a prevailing party when she ultimately lost on the merits of her § 1983 claims and a permanent injunction was denied. 551 U.S. at 82. Therefore, that Plaintiffs received some benefit is not enough if they ultimately do not prevail on the merits of their claims.[1]

---

[1] The Court notes that it is awarding fees in the related case involving the Senate plan. *See* SA:11-CV-788. In that case, Defendants rendered the interim relief final and mooted all claims before Plaintiffs could obtain a final resolution on the merits of the § 2 and Fourteenth Amendment claims. There is no likelihood that the relief may be reversed, dissolved, or otherwise undone. In contrast, the claims in this case are not moot and are awaiting final resolution.

**Conclusion**

The motions for interim attorneys' fees (docket nos. 843, 844, 845, 847, 848, 851, 853, 854, & 859) are DENIED WITHOUT PREJUDICE.

SIGNED January 8th, 2014.

                                                 __/s/_____
                                                 JERRY E. SMITH
                                                 UNITED STATES CIRCUIT JUDGE

                                                 __/s/_____
                                                 ORLANDO L. GARCIA
                                                 UNITED STATES DISTRICT JUDGE

                                                 __/s/_____
                                                 XAVIER RODRIGUEZ
                                                 UNITED STATES DISTRICT JUDGE