IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON PEREZ, ET AL, §<br>§<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>RICK PERRY, ET AL. §<br>§<br>*Defendant*. §<br>§ | Civ. No.  SA-11-CV-360-OLG-JES-XR |

## ORDER

On this day came on to be considered Plaintiff-Intervenor United States of America's ("United States") motion to compel.  Doc. No. 976.   After careful consideration, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On September 24, 2013, this Court granted the United States' motion to intervene in this case.  Doc. No. 904.   Since that time the parties have been engaged in discovery.  On April 16, 2014, the United States filed this motion to compel certain legislative documents pertaining to the Texas Legislature's enactment of its 2011 Congressional and House redistricting plans.  Doc. No. 976. The United States is already in possession of many relevant documents following the preclearance litigation in *Texas v. United States*.  By its motion, the United States seeks discovery from two individual legislators[1] from whom the United States did not obtain discovery during the 2011 preclearance litigation. Doc. No. 976, Ex. 1 at ¶¶ 2-3.   In addition, the United States seeks supplemental discovery from 37 other legislators  *Id.* at ¶¶ 4-5.

---

[1] Representatives Larry Gonzales and J.M. Lozano

The United States argues that these files are within the "control" of the State of Texas. Doc. No. 976 at 5. Alternatively, the United States argues that the individual legislators must be considered part of the "State of Texas," a named party to this case. *Id.* at 7-8. In response, Texas denies having possession, custody, or control of the relevant documents, and argues that any further legislative discovery must be obtained through Rule 45 subpoenas directed at the individual legislators themselves. Doc. No. 978. Texas also contends that the individual legislators are not "parties" to this lawsuit, and that documents in their possession are not subject to party discovery under FED. R. CIV. P. 34. *Id.*

## DISCUSSION

Rule 34 provides that, subject to the relevancy limitations of Rule 26, a party may serve on any other party a request "to produce … items in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1)(A). Texas argues that it is not in possession of the legislative materials that the United States seeks. Doc. No. 978 at 4. However, a party can "control" documents that are within the possession or custody of a non-party. *See e.g. In re NTL, Inc. Secs. Litigation*, 244 F.R.D. 179 (S.D.N.Y. 2007) (neither legal ownership nor physical possession of documents required for a party to "control" them); *Rosie D. v. Romney*, 256 F.Supp. 2d 115 (D. Mass. 2003) (State officials had "control" over documents in non-party state agency's possession). Documents are considered to be within a party's control "when that party has the right, authority, or practical ability to obtain the documents from a nonparty." *Shell Global Solutions (US) Inc., v. RMS Engineering, Inc.*, No. 4-09-3778, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011) (citations omitted).

As a starting point, it is clear that Texas is under an obligation to produce responsive legislative materials which are already in its possession, custody, or control, including legislative

materials used in the 2011 D.C. litigation. This includes any documents simultaneously possessed or controlled by both the State and the individual legislators. This also includes any documents or electronically stored information ("ESI") in the possession of the Texas Legislative Council (with the exception of any documents or ESI between this three-judge panel and Clare Dyer and David Hanna). In addition, Texas may be presumed to have "control" over ESI contained on official state government servers. Texas has demonstrated a "practical ability" to obtain such ESI during the course of the D.C. preclearance litigation.[2] In addition, the State of Texas and the Speaker of the Texas House of Representatives sought dismissal of Speaker Strauss as a party to this litigation, arguing that inclusion of the Speaker in his official capacity was an unnecessary redundancy. Doc. No. 209. Accordingly, the Court finds that Texas has sufficient "control" over ESI stored on government servers. Texas is ORDERED to produce any such ESI that is responsive to the United States' Requests for Production.

Moreover, the Attorney General's office has claimed an attorney-client privilege with respect to 23 individual legislators in this case. Doc. No. 978 at 2. In general, an attorney is presumed to have control over documents in its client's possession. *See Chevron Corp. v. Salazar*, 275 F.R.D. 437, 447-51 (S.D.N.Y. 2011); *American Society For Prevention of Cruelty to Animals v. Ringling Brothers and Barnum & Bailey Circus*, 233 F.R.D. 209 (D.D.C. 2006). However, to the extent that Texas asserts an attorney-client privilege with these legislators, it does so solely in their official capacities. With regard to ESI stored on private servers (Hotmail, Gmail, etc.) and hard-copy documents that are in the possession of the 23 individual legislators represented by the Attorney General's office, it is inconsistent for the State to argue that on one hand the Attorney General represents these individuals, but that for discovery purposes the

---

[2] In addition, Texas concedes that it has produced certain non-public legislative ESI "as a matter of courtesy." Def's Resp. at 9. As a matter of logic, if Texas has the ability to produce documents as a courtesy, it cannot deny that it has the "practical ability" to obtain such documents.

United States must resort to Federal Rule of Civil Procedure 45.  Texas is ORDERED to produce any such ESI or hard-copy documents in the possession of these 23 legislators that is responsive to the United States' Requests for Production.

However, with regard to the other legislators who are not represented by the Attorney General's office, for ESI stored on their private servers, or for hard-copy documents that are not within the State's possession, custody or control, the United States must obtain a subpoena under Rule 45.  *See Veasey v. Perry*, No. 2:13-193, 2014 WL 1340077, at *1 (S.D. Tex. April 3, 2014) ("To the extent the United States seeks [legislative] documents that are not in Texas's possession, they must subpoena the individual legislators for those materials under Rule 45."). The United States' claim that requiring subpoenas would be unduly burdensome does not vitiate the separation of powers and privacy principles that protect the personal files of these individual legislators.

## CONCLUSION

In light of the foregoing analysis, Texas is ORDERED to produce the following:  (1) responsive ESI contained on official government servers, (2) any hard-copy documents in its possession, custody, or control; (3) and hard-copy documents or ESI in the possession, custody or control of the Texas Legislative Council, and (4) any responsive ESI or hard-copy documents in the possession, custody, or control of any legislator represented by the Attorney General's office.  To the extent that the United States seeks any additional discovery from a legislator not represented by the Attorney General, it must obtain Rule 45 subpoenas.

SIGNED this 6th day of May, 2014.

                                                                        / s /  
                                       ORLANDO L. GARCIA  
                                       UNITED STATES DISTRICT JUDGE