UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

MAY 30 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| SHANNON PEREZ; HAROLD DUTTON, JR.; GREGORY TAMEZ; SERGIO SALINAS; CARMEN RODRIGUEZ; RUDOLFO ORTIZ; NANCY HALL and DOROTHY DEBOSE<br><br>Plaintiffs<br><br>v.<br><br>STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; NANDITA BERRY, in her official capacity as Secretary of State of the State of Texas<br><br>Defendants | CIVIL ACTION NO.<br>**11-CA-360-OLG-JES-XR**<br>CONSOLIDATED ACTION<br>[Lead case] |

**O R D E R**

Pending before the Court is Defendant State of Texas' Motion for Protective Order (Dkt. # 1003) and the Task Force Plaintiffs' response thereto (Dkt. # 1014). After reviewing the motion, response, and the applicable law, the Court finds that the State's motion should be granted.

1

On Sunday, May 18, 2014, twelve days before the close of discovery, the Texas Latino Redistricting Task Force ("Task Force") served a Rule 30(b)(6) deposition on the State of Texas directing the State to designate a witness to provide testimony on the "State of Texas's purpose or intent underlying the boundaries" of the 2011 congressional redistricting plan (C185), 2011 state house redistricting plan (H283), and the 2013 state house redistricting plan (H358).

The State contends the notice is improper on its face because the description of topics on which the Task Force seeks information is vague, overbroad and lacks the required specificity.  The State further asserts that the deposition was noticed at the end of the discovery period after two years of litigation and the notice does not give sufficient time to designate and prepare witness(es) for deposition as contemplated by the rule.

In response, the Task Force claims that it has attempted to obtain this information in other ways, with no meaningful response.  The Task Force asserts that the State has denied that it acted with "discriminatory intent or purpose," thus, the designated topics are appropriate.

Rule 30(b)(6) requires the notices of deposition to "describe with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6).  The reason for adopting Rule 30(b)(6) was "not to provide greater notice or protections to corporate deponents, but rather to have the right person present at deposition.  The Rule is not

one of limitation but rather specification within the broad parameters of the discovery rules." *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd*, 213 F.3d 646 (11th Cir. 2000).  Thus, specificity in the notice is key.  If the areas of inquiry are not sufficiently narrow in scope, the party receiving the notice will not be able to determine the most suitable designee(s) for deposition.  *See Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000)("notice [was] overbroad" and "compliant designation [was] not feasible").  A description that may be sufficient in one case is not necessarily sufficient in another.  Given the scope and breadth of the facts in this lawsuit, the description of topics in the notice is far too overbroad and lacks the required specificity.  *See Gossar v. Soo Line R. Co.*, 2009 WL 3570335 *2 (S.D. Ind. 2009) ("such a generic request ... is not appropriate ... a Rule 30(b)(6) notice [is not] for the purpose of requiring [the opposing party] to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense").

Because the Task Force plaintiffs' notice fails to comply with the specificity requirement of Rule 30(b)(6), the State's motion for protective order is GRANTED.  The Rule 30(b)(6) notice of deposition served on the State on Sunday, May 18, 2014 is QUASHED and the State is relieved of its duty to respond to the notice.

It is so ORDERED this **30th** day of **May**, 2014.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE
[*on behalf of the three judge panel*]