IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 2 3 2014
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| SHANNON PEREZ, et al. § | |
| § | |
| Plaintiffs § | |
| § | CIVIL ACTION NO. |
| v. § | SA-11-CV-360-OLG-JES-XR |
| § | |
| § | |
| STATE OF TEXAS, et al. § | |
| § | |
| Defendants § | |

# ORDER

Pending before the Court is the State Defendants' motion for partial summary judgment (Dkt. no. 996). The NAACP plaintiffs, Rodriguez plaintiffs, Quesada plaintiffs, and LULAC plaintiffs filed a joint response (Dkt. no. 1065); the MALC plaintiffs filed a response (Dkt. no. 1066); the United States filed a response (Dkt. no. 1071); and the Task Force plaintiffs filed a response (Dkt. no. 1080). The State Defendants also filed a reply (Dkt. no. 1103). This order addresses only the Fifteenth Amendment claims.

The State contends that the Fifteenth Amendment claims "fail as a matter of law because the Fifteenth Amendment does not create a claim for vote dilution." Plaintiffs respond that the Supreme Court has not definitively held that Fifteenth Amendment vote dilution claims are unavailable and that Fifth Circuit precedent allows for intentional vote dilution claims under the Fifteenth Amendment.

The Fifteenth Amendment prohibits a state from "den[ying] or abridge[ing]" a citizen's right to vote "on account of race, color, or previous condition of servitude." At a minimum, a legislature must intentionally discriminate for plaintiffs to

1

succeed on a Fifteenth Amendment claim.[1] But there also must be a discriminatory effect. The question is whether vote dilution is an effect cognizable under the Fifteenth Amendment. That is, even *if* Texas intended to discriminate, it may be that vote dilution is not contemplated by the Fifteenth Amendment.

The plaintiffs concede that Supreme Court law seems to have left the question open. Any suggestions that vote dilution claims might be cognizable under the Fifteenth Amendment were made as *dicta* and in passing without discussion.[2] *Strickland* cited *Reno v. Bossier Parish School Board*, 520 U.S. 471, 481–82 (1997) ("*Bossier I*"), which in turn cited a case that stands for the proposition that intentional discrimination is required. That does not answer the question whether vote dilution is a cognizable *effect*.

Indeed, the follow-up case to *Bossier I*, which is *Reno v. Bossier Parish School Board*, 528 U.S. 320, 334 n.3 (2000) ("*Bossier II*"), stated, "[W]e have never held that vote dilution violates the Fifteenth Amendment. Indeed . . . we have never even 'suggested' as much." That is consistent with other Supreme Court authority.[3]

The question is therefore whether Fifth Circuit law permits vote dilution claims under the Fifteenth Amendment. This court's prior order cited *Prejean v. Foster*, 227 F.3d 504, 519 (5th Cir. 2000), which stated, also in *dictum*, that "the Supreme Court has rejected application of the Fifteenth Amendment to vote dilution causes of action" because "[w]hen a legislative body is apportioned into districts, every citizen retains equal rights to vote for the same number of

---

[1] *See City of Mobile, Ala. v. Bolden*, 446 U.S. 55, 62 (1980) ("Our decisions . . . have made clear that action by a State that is racially neutral on its face violates the Fifteenth Amendment only if motivated by a discriminatory purpose.").

[2] *See, e.g., Bartlett v. Strickland*, 556 U.S. 1, 24 (2009) ("And if there were a showing that a State intentionally drew district lines in order to destroy otherwise effective crossover districts, that would raise serious questions under both the Fourteenth and Fifteenth Amendments.").

[3] *See, e.g., Voinovich v. Quilter*, 507 U.S. 146, 159 (1993) ("This Court has not decided whether the Fifteenth Amendment applies to vote dilution claims; in fact, we never have held any legislative apportionment inconsistent with the Fifteenth Amendment.").

representatives, even if not for all of them, and every citizen's ballot is equally weighed." The *Prejean* court relied on the *dictum* in *Bossier II* for that proposition.

Plaintiffs and the United States, however, posit that *Lodge v. Buxton*, 639 F.2d 1358 (5th Cir. Unit B Mar. 1981), *aff'd sub nom. Rogers v. Lodge*, 458 U.S. 613 (1982), which followed on the heels of *Bolden*, held that vote dilution claims are cognizable under the Fifteenth Amendment and that the *dictum* in *Prejean* cannot overrule that prior holding.[4]  *Lodge* cannot, however, stand today for the proposition that vote dilution claims are cognizable under the Fifteenth Amendment.

It is true that the court in *Lodge* stated, 639 F.2d at 1375, "A cause of action under the Fourteenth or Fifteenth Amendment asserting unconstitutional vote dilution through the maintenance of an at-large electoral system is legally cognizable . . . if the allegedly injured group establishes that such system was created or maintained for discriminatory purposes." But its holding as to the Fifteenth Amendment directly flowed from its prior conclusion that "five Justices [in *Bolden*] believe the Fifteenth Amendment creates a right of action in voting dilution cases." *Id.* at 1373. As the United States admits, however, the plurality in *Bolden*, 446 U.S. at 65, specifically held that the Fifteenth Amendment does not prohibit vote dilution.

That five justices in 1981 *would have held*, but did not hold, that the Fifteenth Amendment contemplates vote dilution claims cannot overcome subsequent Supreme Court opinions that clarify that vote dilution claims are not, as of yet, cognizable under the Fifteenth Amendment. The *dictum* in *Prejean* best reflects intervening Supreme Court law. To overcome the rule of orderliness in the

---

[4] The United States also cites two other cases, but in the former the language in question is also *dictum*, *see United States v. Uvalde Consol. Indep. Sch. Dist.*, 625 F.2d 547, 552 & nn.7–8 (5th Cir. 1980), and in the latter the court merely conflated the Fourteenth with the Fifteenth Amendment, *see Voter Information Project, Inc. v. City of Baton Rouge*, 612 F.2d 208, 211–12 (5th Cir. 1980).

Fifth Circuit "an intervening change in the law must be unequivocal, not a mere 'hint' of how the Court might rule in the future." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1570 (2014). But the Court has not merely *hinted* at how it would rule; it has *stated* that, under current law, vote dilution claims are not cognizable under the Fifteenth Amendment. That is sufficient for us not to be bound by the guesswork of *Lodge* and, guided by *Prejean*, to dismiss the Fifteenth Amendment vote dilution claims.

It is therefore ORDERED that summary judgment is GRANTED on all Fifteenth Amendment claims asserted against the 2013 redistricting plans.[5] The remaining arguments in the State Defendants' motion for partial summary judgment remain under consideration.

SIGNED this 23rd day of June, 2014.

_____/s/_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

_____/s/_____
JERRY E. SMITH
UNITED STATES CIRCUIT JUDGE

_____/s/_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] This court previously dismissed all Fifteenth Amendment claims asserted against the 2011 redistricting plans. *See* docket no. 275.