IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON PEREZ, ET AL, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civ. No.  SA-11-CV-360-OLG-JES-XR |
| § | |
| RICK PERRY, ET AL. § | |
| § | |
| Defendant. § | |
| § | |

# ORDER

On this day the Court considered Plaintiff-Intervenor the United States of America's ("United States") motion to compel documents in the possession of Ms. Denise Davis, former Chief of Staff to Representative Joe Straus, Speaker of the Texas House of Representatives. Doc. No. 1107.  After careful consideration, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In response to the United States' Rule 45 subpoena, Davis withheld some documents on the basis of the attorney-client privilege and attorney work-product doctrine.  The United States filed this motion to compel. Doc. No. 1107.  Although Davis later voluntarily produced some of these documents, others remain in dispute.[1]  The disputed documents can be divided into the following three categories: (1) communications among Davis, Speaker Straus, and other members of the Speaker's office, (2) communications among Davis, Speaker Straus, and Gordon

---

[1] For clarity, the Court has Bates stamped the contested documents. Hereinafter all documents will be referred to by their Bates stamp number.

1

Johnson; and (3) communications among Davis, Speaker Straus, and outside counsel at Baker Botts. The Court has conducted an *in camera* review of all the disputed documents.

## LEGAL STANDARD

The attorney-client privilege prevents disclosure of communications between an attorney and client that were made while seeking or rendering legal services. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "[T]he attorney-client privilege attaches only to communications made for the purpose of giving or obtaining legal advice or services, not business or technical advice or management decisions." *Stoffels v. SBC Communications, Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009) (citing *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 474 (N.D. Tex. 2004)). Only communications made "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding" are privileged. *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985) (internal citations omitted).

The burden is on the party asserting the privilege to demonstrate how each document satisfies all the elements of the privilege. *See Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985). Additionally, the party asserting the attorney-client privilege must prove that waiver by breach of confidentiality did not occur. *Id.* It is well settled that disclosure of attorney-client communications to a third party lacking a common legal interest will result in a waiver of the privilege. *In re Auclair*, 961 F.2d 65, 69 (5th Cir.1992).

## DISCUSSION

*1. Communications within Speaker Straus's office and/ or with Gordon Johnson*

One category of the withheld documents are communications between Davis and Speaker Straus or his staff. Both Davis and Speaker Straus have submitted affidavits indicating that they believe that an attorney-client relationship existed between the two. *See* Davis Decl. ¶ 3, Doc.

No. 1121, Ex. 1; *see also* Straus Decl. ¶ 5. Doc. No. 1121, Ex. 2. Nevertheless, after *in camera* review, it is evident that the communications in question do not pertain to the rendering of Davis's legal services to Straus. Instead, the topics of these communications are political in nature. Davis is not providing "legal services" merely by commenting on the political ramifications of pending legislation. To draw an analogy to the business context, a manager with a law degree does not get to shield her communications with the CEO simply because any business decision, like any legislative decision, can have legal consequences. In that context, the attorney's advice is privileged when it is not "divorced from its legal implications" and when it "deal[s] with any legal liability that may steam" from the business decisions. *Exxon Mobil Corp. v. Hill*, 751 F.3d 379, 382 (5th Cir. 2014). Here, on the other hand, the Chief of Staff was providing day-to-day political advice divorced from legal implications. Davis seeks to extend the scope of the attorney-client privilege in contravention of the dictate that the doctrine should be construed narrowly. *See United States v. Pipkins*, 528 F.2d 559, 562 (5th Cir. 1976).

The same analysis applies to communications between Davis and Gordon Johnson, Speaker Straus's political consultant and, of late, outside legal counsel. Although it is possible that Johnson and Speaker Straus had an attorney-client relationship despite the absence of any formal retainer agreement, for the purposes of this motion the communications in question do not pertain to legal advice and so are not covered by the privilege. *See In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998) ([A]dvice on political, strategic, or policy issues, valuable as it may have been, would not be shielded from disclosure by the attorney client privilege"). Thus, Davis must produce all communications in these categories that occurred prior to the enactment of the 2011 plans on July 18, 2011.

While Davis has not met her burden of establishing that the attorney-client privilege applies, not all of the contested communications are discoverable. Davis contends that communications that occurred after enactment of the 2011 redistricting plans are not relevant. Doc. No. 1121. For the most part, the Court agrees. Rule 26 provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

The majority of post-enactment emails are neither relevant to the issue of legislative intent nor likely to lead to relevant evidence. Many of them deal with the 2011 litigation in this Court and the subsequent appeal to the Supreme Court. Inasmuch as these documents deal only with pending litigation and not with legislative intent behind passing the maps, they are not relevant to any issue currently before the Court. Thus, Davis need not turn over these materials.[2] However, where post enactment documents specifically refer back to the pre-enactment process, those communications may be relevant and must be disclosed.

2. *Communications with Baker Botts Attorneys*

Slightly more complicated are the communications between Davis, representatives from Baker Botts and other members of the Texas House of Representatives. Speaker Straus, purporting to act on behalf of the entire House, retained Baker Botts to provide legal advice on redistricting. *See* Straus Decl. ¶ 7 Doc. No. 1121, Ex. 2. The Court need not reach the question of whether Speaker Straus could so bind the entire House because it is clear that he and his staff had an attorney-client relationship with Baker Botts. Moreover, the majority of the withheld communications that include other legislators are post-enactment and are not relevant to the

---

[2] Davis is claiming that the work-product doctrine prevents disclosure of several of these documents. Inasmuch as the Court finds them not relevant, there is no need to assess whether the work-product doctrine would independently bar disclosure.

4

claims in issue in this case.  Accordingly, the documents in this category are generally not discoverable.  There is one exception.  Bates stamp document number 89 is a forwarded email from Davis to the Baker Botts attorneys.  The forwarded email contains communications between non-attorneys regarding political advice to Speaker Straus.  The Supreme Court is clear that underlying facts are not privileged merely because they are communicated to an attorney. *See Upjohn*, 449 U.S. at 395.  Consequently, this document is not privileged and is potentially relevant and therefore must be disclosed.

## CONCLUSION

In light of the foregoing analysis, the motion to compel is GRANTED IN PART and DENIED IN PART.  Davis is ordered to produce the following documents:  These include Bates stamped documents: 1-11, 16, 18, 21-24, 35-44, 47-56, 60-68, 72-77, 80-82, 89-90.  Davis is ORDERED to produce these documents by 12:00 P.M. C.D.T. on July 10, 2014.  By separate communication, one of the law clerks assigned to this case will transmit the Bates stamp documents to counsel for Ms. Davis.

It is so ORDERED this 9th day of July, 2014.

_____/s/_____

ORLANDO L. GARCIA

UNITED STATES DISTRICT JUDGE

[on behalf of the three judge panel]