FILED

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUL 0 9 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

SHANNON PEREZ; HAROLD          )
DUTTON, JR.; GREGORY TAMEZ;    )
SERGIO SALINAS; CARMEN         )
RODRIGUEZ; RUDOLFO ORTIZ;      )
NANCY HALL and DOROTHY         )
DEBOSE                         )
                               )          CIVIL ACTION NO.
                               )          **11-CA-360-OLG-JES-XR**
          Plaintiffs           )          CONSOLIDATED ACTION
                               )          [Lead case]
v.                             )
                               )
STATE OF TEXAS; RICK PERRY,    )
in his official capacity as Governor of the )
State of Texas; DAVID DEWHURST, )
in his official capacity as Lieutenant )
Governor of the State of Texas; JOE )
STRAUS, in his official capacity as )
Speaker of the Texas House     )
of Representatives; NANDITA     )
BERRY, in her official capacity )
as Secretary of State of the   )
State of Texas                 )
                               )
          Defendants           )

# O R D E R

Pending before the Court is the State Defendants' Motion to Exclude Testimony of

Plaintiffs' Experts James C. Harrington, Dr. Theodore Arrington, and Dr. Henry Flores

(Dkt. no. 1057). The United States filed a response (Dkt. no. 1115); the Task Force filed a

response (Dkt. no. 1119), and MALC filed a response (Dkt. no. 1110). After reviewing the

motions, responses, and the applicable law, the Court finds that the State's motion should be

granted in part and denied in part.

1

Plaintiffs designated their testifying expert witnesses on February 28, 2014.  The Texas Latino Redistricting Task Force ("Task Force" plaintiffs) designated Henry Flores, Ph.D., a political scientist, to supplement his 2011 testimony and to provide testimony on whether the State of Texas acted with a discriminatory purpose when it enacted the 2013 State House plan.  (Dkt. no. 969).  The United States designated Theodore S. Arrington, Ph.D., a political scientist, as its expert witness to provide testimony on whether the State of Texas acted with a discriminatory purpose when it enacted the 2011 Congressional and State House plans and the persistence of voting discrimination in Texas since the adoption of the Voting Rights Act.  (Dkt. no. 967).  The Mexican American Legislative Caucus ("MALC") designated James C. Harrington, a civil rights attorney, as a person with expert knowledge to testify on the issue of whether there is a compelling or substantial reason the Texas Legislature or a court should not cut county lines in order to create minority opportunity state election districts should there be a necessity to do so to obtain proper representation. (Dkt. no. 966).  The State Defendants seek to strike the reports of these experts and exclude their testimony prior to trial on the merits.

Defendants do not challenge the experts' qualifications.  They seek to strike Mr. Harrington's expert testimony because he offers legal conclusions.  They seek to strike the testimony of Drs. Arrington and Flores based on relevancy and reliability.[1]

---

[1]Defendants are not currently challenging Dr. Arrington's report or testimony as it relates to equitable relief under Section 3(c), but only as it relates to the constitutional challenges asserted against the 2011 Congressional and Texas House plans.

Rule 702, Federal Rules of Evidence, governs the admissibility of expert testimony. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), the Supreme Court instructed that district courts are to perform a "gatekeeping" role concerning the admission of expert testimony to protect the jury. At the outset, the Court notes that this is a bench trial. A three judge panel, not a jury, will be the trier of fact. The Court is not faced with the same concerns expressed in the *Daubert* and *Kumho Tire* line of cases because it will not have to function as a gatekeeper for a jury. *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury"); *see also Whitehouse Hotel L.P. v. IRS Commissioner*, 615 F.3d 321, 330 (5th Cir. 2010)("there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence.").[2] The Court cannot simply abandon its duty to scrutinize expert testimony under *Daubert*, but bench trials allow far greater flexibility to hear the testimony at trial and then give the evidence whatever weight it deserves. *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003)(J. Posner, sitting by designation). District courts routinely take this approach, which allows the evidence to be presented in the context of trial, "where a full foundation, vigorous cross-examination, and the presentation of contrary evidence can more fully enlighten the

---

[2] *Accord Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009)("while *Daubert*'s standards must still be met, the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial"); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006)("Where the gatekeeper and the factfinder are one and the same – that is, the judge – the need to make such decisions prior to hearing the testimony is lessened"); *Deal v. Hamilton Co. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004)("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial"); *United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005)("Those barriers [to opinion testimony] are even more relaxed in a bench trial situation"); *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1301 (Fed. Cir. 2002)("these concerns are of lesser import in a bench trial").

Court with regard to the value of an expert's opinion." *In re Sunpoint Securities, Inc.*, 2006 WL 6650385 *1 (Bkrtcy. E.D. Tex. Sept. 26, 2006).[3]

One notable exception is expert testimony that offers conclusions of law. Even in bench trials, testimony will be excluded prior to trial if the expert is merely providing legal opinions which invade the province of the court. *See, e.g., Enniss*, 916 F.Supp.2d at 714 (motions to exclude denied in other respects, but granted to the extent the experts were offering legal conclusions on how lease provisions should be interpreted by the court); *Rader v. Bruister*, 2013 WL 6805403 *16 (S.D. Miss. Dec. 20, 2013)(expert allowed to testify, but not about whether the defendants met their fiduciary duties, which was a legal conclusion for the court); *Lyondell Chemical Co. v. Albemarle Corp.*, 2007 WL 5527509 *3 (E.D. Tex. March 9, 2007)(allowed expert testimony, except to extent he offered legal opinion on ultimate allocation of remediation costs).

An expert opinion "is not objectionable just because it embraces an ultimate issue" to be decided by the trier of fact. Fed.R.Evid. 704(a). However, experts may not offer legal opinions or advise the Court on how the law should be interpreted or applied to the facts in the case. *See Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999); *see also Askanse v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997). Expert testimony in the form of legal opinion invades the province of the Court and does not assist the trier of fact.

---

[3] *Accord Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc.*, 916 F.Supp.2d 702, 713-14 (S.D. Miss. 2013); *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F.Supp.2d 1250, 1256 (M.D. Fla. 2009); *Harris v. Bruister*, 2013 WL 6805155 *18 (S.D. Miss. Dec. 20, 2013); *Clark v. Phi, Inc.*, 2013 WL 5701658*2 (E.D. La. Oct. 18, 2013); *Nassri v. Inland Dredging Co.*, 2013 WL 256747 *1 (M.D. La. Jan. 23, 2013); *Cordes v. OSG Ship Management UK, Ltd.*, 2013 WL 2355449 *3-4 (E.D. La. May 29, 2013); *In re Katrina Canal Breaches Consol. Litigation*, 2012 WL 4328354 *1 (E.D. La. Sept. 20, 2012); *Wyeth v. Apotex, Inc.*, 2009 WL 8626786 *2 (S.D. Fla. Oct. 6, 2009).

The State claims that MALC's expert, Mr. Harrington, should be precluded from testifying because he offers only improper legal opinions. (Dkt. no. 1057, p. 3). The Court has reviewed Mr. Harrington's report and agrees with the State. Mr. Harrington's report includes a legal and historical analysis on Article III, Section 26 of the Texas Constitution and how that provision may be reconciled with other provisions in the Texas Constitution, amendments to the United States Constitution, and Section 2 of the Voting Rights Act. MALC offers Harrington's testimony "to assist this Court's ultimate determination regarding how to balance the interplay between Section 2 of the Voting Rights Act and Article III, Section 26's 'whole county rule' in redistricting." (Dkt. no. 1110, p. 4). Essentially, Mr. Harrington is offering his opinion on how the law should be applied in this case, which is a question for the Court to decide.[4] For this reason, Mr. Harrington's testimony will be excluded.

The State defendants object to the testimony of Drs. Flores and Arrington as unreliable. The State does not dispute that Drs. Flores and Arrington have extensive experience as political scientists and have served as expert witnesses in many federal voting rights cases. However, the State asserts that their testimony does not meet the reliability test under *Daubert* because their "methodology" has not been "tested" and is "incapable of being tested" and their analysis has not been "published" or "subject to peer review." (Dkt. no. 1057, pp. 6-7). Plaintiffs assert that the experts' analysis of the facts and data is no different than the type of analysis offered by the 2011 experts in this litigation and accepted by other

---

[4]This same type of legal analysis could be addressed in a bench brief, and parties on both sides may submit bench briefs to assist the Court in resolving the legal issues in this case.

courts in past voting rights litigation.  Plaintiffs also note that the typical *Daubert* factors cannot be mechanically applied in this case.

After reviewing the reports and the applicable law, the Court agrees with the Plaintiffs.  The Flores and Arrington analysis is based on essentially the same facts and data that the 2011 experts relied upon, and the same facts and data that the Court will need to examine in making its decision on the merits.  Flores also analyzes the post-2011 facts and data, which relate to the 2013 redistricting plans.  Their methodology may not fit all the *Daubert* factors for scientific testimony, but it does not need to fit those specific factors to be admissible.  *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) (the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony"); *see also Stolt Achievement Ltd., v. Dredge B.E. Lindholm*, 447 F.3d 360, 366 (5th Cir. 2006)("experts may testify on the basis of their own 'personal knowledge or experience.'")(quoting, in part, *Kumho Tire*, 526 U.S. at 149)); *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)("The rules relating to *Daubert* issues are not precisely calibrated and must be applied in case-specific evidentiary circumstances that often defy generalization").  Ultimately, "[w]hether an expert's testimony is reliable is a fact-specific inquiry."  *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004).  To the extent there are any vulnerabilities in the experts' analysis of the facts and data, the State will have the opportunity to expose them on cross examination.

The State also contends the experts should not be permitted to testify about what the Legislature may have intended when it enacted the plans being challenged.  The State claims

that the Court is capable of determining legislative intent and expert testimony on the issue is not helpful; in other words, the testimony does not meet the relevancy test under *Daubert*. (Dkt. no. 1057, pp. 8-12). The State argues that expert testimony about a party's "intent, motive, or state of mind" should always be excluded, but none of the cases cited by the State involved redistricting in which legislative intent was the issue. Plaintiffs assert that the experts' testimony is not simply "state of mind" testimony. Plaintiffs contend the experts are uniquely qualified to analyze voluminous facts and complex data and put it into context, and their analysis will assist the trier of fact in understanding the evidence in this case. Plaintiffs note several cases in which the courts have considered expert testimony relating to legislative purpose or intent, including the preclearance proceedings on the plans being challenged herein. (Dkt. no. 1115, p. 5).

Legislative purpose, intent, or motivation is not easy to determine because the inquiry is not limited to the subjective intent of one individual. *See Hunt v. Cromartie*, 526 U.S. 541, 546, 119 S.Ct. 1545 (1999)("The task of assessing a jurisdiction's motivation, however, is not a simple matter; on the contrary, it is an inherently complex endeavor, one requiring the trial court to perform a 'sensitive inquiry into such circumstantial and direct evidence of intent as may be available.'")(quoting, in part, *Arlington Heights v. Metro. Housing Development Corp.*, 429 U.S. 252, 266 (1977)). Evidence on legislative intent may include but is not limited to: testimonial and documentary evidence on legislative process, procedure, and tradition; voter registration data; voter turnout data; voting pattern data; historical data; geographic data; demographic data; the map drawing process; proposed and enacted plans; the details of how each district changed; and the consequences of such changes. Experts in redistricting cases

7

assist the trier of fact by using their knowledge and experience to piece this information together and put it in context for the court to consider. This necessarily includes any inferences or deductions that the expert may draw from the information he has reviewed and analyzed. As in all cases, the Court can give the expert's testimony whatever weight it deserves. Any expert testimony that will "assist the trier of fact to understand the evidence or to determine a fact in issue" meets the relevancy requirement. *Daubert*, 509 U.S. at 589. The proposed testimony of Flores and Arrington meets this requirement.

Counsel should caution the experts not to offer legal conclusions or comment on the subjective intent of any individual legislator or staff member. They may, of course, testify as to what they infer or deduce were the reasons behind the State's actions as long as they lay a proper foundation for such opinions. With that caveat, the State Defendants' Motion to Exclude Testimony of Drs. Theodore Arrington and Henry Flores (Dkt. no. 1057) is DENIED, but the State Defendants' Motion to Exclude Testimony of Expert James C. Harrington (Dkt. no. 1057) is GRANTED.

It is so ORDERED this _9_ day of July, 2014.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE
[*on behalf of the three judge panel*]

8