**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SHANNON PEREZ, ET AL,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civ. No.  SA-11-CV-360-OLG-JES-XR** |
| | § | |
| **RICK PERRY, ET AL.** | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

On this date the Court considered Plaintiff-Intervenor the United States of America's ("United States") unopposed motion to present testimony from U.S. Representative Marc Veasey in advance of opening statements.  Doc. No. 1133.   The United States requests that Rep. Veasey testify on the morning of Monday, July 14.  Defendants do not oppose this request.

The trial in this case is a bench trial.  There is no concern that a jury will perceive that some party is being granted some preferred status by this accommodation.   The motion is unopposed.  No Plaintiff nor the State is arguing that the granting of this accommodation will disrupt their presentation of the evidence or their trial strategy.   The Court was able to accommodate witness schedules during the last trial of this case without any difficulty.  Further, the Court has expressed a desire to hear live testimony, rather than a recitation from any deposition or trial transcripts.  The lack of equipment in the courtroom prohibits the testimony of Rep. Veasey by live video at a later date.  In light of the above and the Court's inherent authority to manage its own docket, common courtesy and the routine practice of trial courts hearing live witnesses out of turn upon agreement of the parties, this request is GRANTED.  Cf. *Link v.*

*Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting that federal courts have inherent authority to control their dockets).

SIGNED this 11th day of July, 2014.

/s/

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

/S/

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

JERRY E. SMITH, Circuit Judge, dissenting:

On Wednesday July 2, at a live pretrial conference attended by lawyers for all parties including intervenor the United States, the three judges of this court and all parties agreed to a carefully-devised schedule for opening statements and witness presentation.  A week later, the United States blew a hole in that agreement by proposing to put on its first witness out of order, at the beginning of trial, even before opening statements.   Because the motion does not demonstrate sufficient need, and because the panel majority's order granting that motion disrupts the orderly consideration of evidence and suggests possible favoritism to Members of Congress, I dissent.

At the July 2 hearing, there was extensive discussion of how the trial would proceed, beginning on Monday July 14 and continuing through Saturday July 19 if needed.  The details of the trial schedule were, in fact, the major reason for the hearing.  Plaintiffs made a resourceful proposal that the court adopt a schedule that would differ markedly from the order in which the various parties had presented their cases in earlier stages of this litigation.  Instead of having

each set of plaintiffs (plus intervenor United States) put on its entire case all at once as to all of the contested districts in the state, the evidence and witnesses addressing each respective geographic area would be presented together by all plaintiffs' groups, followed by any cross-examination, witnesses, and evidence from the state.  Only after all evidence had been received as to that geographic area would the parties move to consideration of another geographic area.

The court unanimously agreed that that trial plan would help the court to focus on the challenges to the maps and districts pertaining to each discrete area instead of having the presentation as to each area fragmented.  All parties, including the state and intervenor United States, agreed.  No attorney suggested any difficulty with adhering to that agreed schedule by having each witness ready, at the appointed time, to testify as to the respective districts for which that witness had relevant information.

A mere three business days before the start of trial, on the afternoon of Wednesday July 9, an attorney for the United States called the court to request that it be permitted to present one of its witnesses, Congressman Marc Veasey, out of order at the very beginning of trial at 8:30 a.m. on Monday July 14, even before opening statements.  The attorney claimed that that was the only time when Congressman Veasey could attend trial and that he had to be in Washington, D.C., the rest of the week.   The court directed the United States to put its motion in writing, which it did on the morning of Thursday July 10.

The motion consists of two paragraphs, the first of which accurately observes that "[t]he Court has specifically directed that trial will commence with opening statements."  The second paragraph includes the only two sentences that attempt to justify the extraordinary measure being requested:

In order to participate in votes scheduled for Monday, July 14, Congressman Veasey must depart San Antonio for Washington on a flight scheduled at 11:40 a.m.  Votes have also been scheduled for Tuesday, Wednesday, and Thursday, and Congressman Veasey is unable to return to San Antonio in order to testify on Friday or Saturday.

The motion is remarkable for what it says and for what it does not say.  It can fairly be read as saying that this witness wishes to participate in votes scheduled for Monday.  That is a reasonable request that this court should properly take into account in balancing its adherence to an agreed-to trial schedule against deference to a coordinate branch of government in the conduct of its official affairs.  We can accept in good faith that Congressman Veasey believes there are votes to be taken on Monday and that he feels a duty to be present for those.

The motion then curiously states that "[v]otes have also been scheduled for Tuesday, Wednesday, and Thursday."  The reason that is curious is that, unlike its explanation for Monday, the motion does not state that the Congressman wishes to be, or needs to be, present for the votes on the other three days.  Nonetheless, we can reasonably assume that that is just imprecise draftsmanship and that—again, accepting the representations as made in good faith—the attorney for the United States is stating to the court that there are votes currently scheduled on each day Monday through Thursday and that Congressman Veasey is entitled to be present and participate in those votes and wishes to do so.

That brings us to the most interesting part of the short motion:  the portion of a sentence that opaquely claims that "Congressman Veasey is unable to return to San Antonio in order to testify on Friday or Saturday."  Notably, there is no claim that this witness has obligations in Washington on either of those days, despite that, in his telephoned request on Wednesday, the attorney said that the Congressman had to be in Washington "all week."  We can take judicial

notice that the public calendar of the U.S. House of Representatives shows the House as being in session that week only Monday through Thursday and not Friday or Saturday.  If Congressman Veasey were claiming a need to be present for votes on those days, obviously the motion would have said that.

The point of all of this is that even assuming, *arguendo*, that this court should have abandoned, in part, the agreed schedule in deference to Congressional votes, there is a wholly inadequate showing that the witness is reasonably unavailable on Friday or Saturday.  There is not even an assertion that he needs to be, or will be, in Washington on those days but only the unsupported statement that he "is unable to return to San Antonio" then.

If he were to be scheduled as a witness on either of those days, it would be quite workable for the attorneys to schedule their other witnesses, pertaining to the matters on which Congressman Veasey will primarily testify, adjacent to his testimony (either before or after) so that the integrity of the plan to which all have agreed could be maintained.  The majority of this court, however, has declined to accept that easy option.

I also need to address the timing of the United States' motion.  We again can take judicial notice that the official calendar for the House of Representatives, for the entire calendar year 2014, was announced before that session began.  It plainly shows the House in session Monday through Thursday, July 14-17, and not in session the rest of that week.  This court announced, many months ago, that trial would be held the week of July 14.  The United States makes no effort to explain why it never mentioned the conflict at the July 2 hearing or, indeed, long before that, given that any conflict that there may arguably be has existed for a long time.

The delay by the government in recognizing that and calling it to the attention of the court is reason enough to deny the motion.  And if the Congressman was timely notified that he

was an expected witness (and we should assume that lawyers for the plaintiffs or the United States would have so notified him well in advance), he is tardy in expressing a need to vote on legislative days that were announced before the session began.  That is a consideration this court should address in weighing any inconvenience to the witness by appearing in San Antonio, especially on Friday or Saturday.

I do take note of the fact that, as the majority order says, the motion is unopposed by either the plaintiffs or the state.  It is understandable that, as a matter of professional courtesy, attorneys refrain from interposing unnecessary objections to the stated needs of other parties.  It is also true that "what goes around comes around" and that an attorney who objects to other lawyers' requests stands an increased chance of having his or her later requests or motions opposed.

It is nonetheless disappointing that, after all the careful attention that has been given to fashioning the most orderly schedule for presentation of the complex issues in this case, no party expressed any reservation or objection concerning the instant motion.  The granting of the motion creates a dilemma for the three judges if, during the course of trial, a party perceives a need to request anything that departs from the established order of proceedings.  As a matter of fairness, the court will necessarily try to treat all parties alike for like circumstances.

It is possible that the needs of this witness are more extraordinary than what is set forth in the scant motion of the United States.  But on the basis of that motion, not to mention the curious way in which its various assertions are cleverly couched, this court should not so facilely grant this unusual relief.

I dissent.