# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

SHANNON PEREZ, *et al.*,

    *Plaintiffs*,

v.

STATE OF TEXAS, *et al.*,

    *Defendants*.

CIVIL ACTION NO.
SA-11-CA-360-OLG-JES-XR
[Lead case]

**DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Defendants move to amend the Court's order of March 10, 2017, ECF No. 1339 (the Order), to certify for interlocutory appeal the question of subject-matter jurisdiction over the plaintiffs' claims against SB 4,[1] which contained the State's 2011 congressional redistricting plan. Because the issue of mootness is a controlling question of law that divided the panel, and because the resolution of that question on interlocutory appeal would materially advance the ultimate resolution of this litigation, Defendants respectfully request that the Court grant permission to appeal under 28 U.S.C. § 1292(b).

---

[1] Act of June 20, 2011, 82d Leg., 1st C.S., ch. 1, 2013 Tex. Gen. Laws 5091.

**I.    STANDARDS FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL.**

The Court's approval is necessary to appeal because the Order is neither a "final decision" under 28 U.S.C. § 1291,[2] nor an order for which Congress has specifically authorized an interlocutory appeal, such as an order granting, denying, or modifying an injunction, under 28 U.S.C. § 1292(a). Courts may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed. 2017) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility).

To qualify for appeal under § 1292(b), an interlocutory order must state that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially

---

[2] "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (interpreting the predecessor to § 1291); *see also Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (applying *Catlin* in § 1291 case); *cf. Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ("We have long held that an order resolving liability without addressing a plaintiff's requests for relief is not final." (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976))).

advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (requiring the district court to "state in writing in such order" that the elements are met). If the original order does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite language. Fed. R. App. P. 5(a)(3) (calling for the district court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement"); *Halliburton Co. Benefits Comm. v. Graves*, 191 F. App'x 248, 251 (5th Cir. 2006) (per curiam) (advising parties seeking review of a partial summary judgment order to "move the district court to amend its order to include the 28 U.S.C. § 1292(b) certification language, pursuant to Fed. R. App. P. 5(a)(3)"). Upon the Court's certification of the Order for interlocutory appeal, Defendants must petition the Fifth Circuit for interlocutory review within ten days. 28 U.S.C. § 1292(b).

Appeal to the Fifth Circuit under § 1292(b) is proper here because the Order is not final and does not grant or deny an injunction.[3] This is therefore "one of the relatively rare situations in which the Court of Appeals is required to review the decision of a three-judge District Court." *Beare v. Briscoe*, 498 F.2d 244, 244 (5th Cir. 1974) (per curiam). In *Beare*, the Fifth Circuit addressed a similar interlocutory order on appeal. A

---

[3] *Cf.* 28 U.S.C. § 1253 ("Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges.").

three-judge district court declared a Texas voter-registration law unconstitutional but "withheld issuance of an injunction and retained jurisdiction of the cause" to give the Legislature an opportunity to address the constitutional defect. *Id.* at 245.[4] Since the order did not grant or deny injunctive relief, the State could not appeal directly to the Supreme Court. *Id.* at 244 n.1. And since the order did not resolve the entire case, it was not appealable "in the absence of a permissive interlocutory appeal under 28 U.S.C. § 1292(b)," which the district court certified and which the Fifth Circuit allowed. *Id.*

The same situation exists here because the Order is neither a final, appealable order nor an interlocutory order granting or denying an injunction. Interlocutory appeal is likewise appropriate because the Order satisfies all three elements of § 1292(b).

## II. THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW REGARDING THE COURT'S JURISDICTION OVER CLAIMS AGAINST THE 2011 CONGRESSIONAL REDISTRICTING LEGISLATION.

There can be no doubt that the Order involves a controlling question of law. The Order involves the Court's subject-matter jurisdiction over claims against SB 4, the 2011 congressional redistricting legislation. *See, e.g.*, *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013) ("If a claim is moot, it 'presents no Article III case or

---

[4] The Fifth Circuit explained that an injunction was "unnecessary and undesirable" because the Legislature "accepted the judicial invitation to change the law." *Beare*, 498 F.2d at 244 n.1. The case remained live on appeal only because the Legislature enacted a "temporary statute," which expressly "condition[ed] the permanency of the new law upon the finality of the judgment of this case (which it cited in the statute)." *Id.* at 245 & n.5 (noting that "[o]rdinarily amendatory legislative action of this sort would terminate the controversy and require that the case be dismissed as moot" (citing *Hall v. Beals*, 396 U.S. 45 (1969) (per curiam)).

4

controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.'" (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)); *Fontenot v. McCraw*, 777 F.3d 741, 746 (5th Cir. 2015) (holding mootness is a question of law).

The Court's subject-matter jurisdiction is plainly controlling on the plaintiffs' claims against the 2011 congressional redistricting plan. "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the [order] would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (citing cases); *see also Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (finding that a question of law can be controlling if it determines the outcome or "even the future course of the litigation"). "On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) (internal quotation marks omitted) (citing authority). Thus, whether an issue of law is "controlling" depends on "its potential to have some impact on the course of the litigation." *Id.*

A ruling from the Fifth Circuit on the Court's subject-matter jurisdiction would have an impact on the litigation because it would bind the Court and end litigation regarding the 2011 congressional redistricting plan. *See Finch v. Miss. St. Med. Ass'n*, 585 F.2d 765, 773 (5th Cir. 1978) (noting that a three-judge district court in the District of Connecticut was bound to follow Second Circuit law); *Russell v. Hathaway*, 423 F. Supp.

5

833, 835 (N.D. Tex. 1976) ("A three-judge court is bound by apposite decisions of the Court of Appeals for its circuit."). As the *Russell* court (itself a three-judge district court) explained, "[t]he addition by Congress in the three-judge court acts of a second district judge and a Circuit Judge together with direct appeal to the Supreme Court was not a grant of authority with elevated precedential stature but a withdrawal of power from a single judge." *Id.* A contrary rule would also create difficult practical problems. For example, if three-judge district courts were not bound by circuit precedent, it could result in "intra-circuit conflict with no meaningful mechanism for its resolution within the Circuit." *Id.*

### III.   THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION.

An interlocutory appeal under § 1292(b) is also warranted because "a substantial ground for difference of opinion" exists with respect to the Court's subject-matter jurisdiction over claims against the 2011 congressional redistricting plan. As explained in prior briefs to this Court, Defendants maintain that claims against the 2011 congressional redistricting plan are moot and that the plaintiffs have not established standing to sue. *See, e.g.*, Mot. to Dismiss (July 19, 2013), ECF No. 786; Defs' Resp. to Pls' Post-Trial Brs. at 1–8 (Dec. 12, 2014), ECF No. 1295; Defs' Resp. and Notice of Fifth Circuit Decision in *Davis v. Abbott* at 23–25 (May 4, 2015), ECF No. 1310. This Court divided on the question. The majority concluded that the claims are not moot and proceeded to the merits. *See* Order at 2-5. Judge Smith dissented, concluding that the claims are moot and should be dismissed for lack of subject-matter jurisdiction. *Id.*

6

at 166, 170–80, 194. This express difference of opinion among members of the Court establishes the second requirement for an interlocutory appeal under § 1292(b).

### IV. AN IMMEDIATE APPEAL OF THE ORDER WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION.

An immediate interlocutory appeal under § 1292(b) would materially advance the ultimate termination of this case in at least two ways: (1) it would eliminate the need for further proceedings in this Court related to the superseded 2011 redistricting plans, and (2) it would relieve the parties from briefing the merits of the plaintiffs' claims against the 2011 plans on appeal. The requirement that a § 1292(b) appeal materially advance the litigation is closely related to the requirement that the underlying order present a controlling question of law. *See Flowserve Corp.*, 444 F. Supp. 2d at 723 (explaining "a controlling question of law . . . means a question of law the resolution of which could materially advance the ultimate termination of the litigation"); 16 WRIGHT, ET AL., *supra*, § 3930 (explaining that the two elements are "closely tied"). An interlocutory appeal resolving the Court's subject-matter jurisdiction over claims against the 2011 congressional redistricting plan would, if decided in Defendants' favor, advance the ultimate termination of this case by pretermitting further litigation of claims against the superseded 2011 plans, both in this Court and on appeal. If the Fifth Circuit were to conclude that the Court lacks subject-matter jurisdiction, those claims would be dismissed and the litigation could be narrowed and proceed in a more efficient and streamlined manner.

7

An interlocutory appeal would not impede the progress of the litigation because it would not stay trial proceedings or prevent the Court from resolving the plaintiffs' claims against 2013 redistricting legislation. Absent an order from the district court or the court of appeals, an interlocutory appeal does not stay proceedings. 28 U.S.C. § 1292(b). A stay would not be necessary in this case because the Order resolved only claims against the 2011 congressional plan. An interlocutory appeal would not prevent the Court from reaching the merits of claims against plans enacted in 2013, nor would it interfere with the Court's ability to grant temporary or permanent relief if appropriate.

## CONCLUSION

Defendants respectfully request that the Court amend its order of March 10, 2017, to state that the Order involves a controlling question of law regarding the Court's subject-matter jurisdiction as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Date: April 12, 2017                            Respectfully submitted.


                                                 /s/ Patrick K. Sweeten
KEN PAXTON                                      PATRICK K. SWEETEN
Attorney General of Texas                       Senior Counsel for Civil Litigation

JEFFREY C. MATEER                               ANGELA V. COLMENERO
First Assistant                                 Chief, General Litigation
   Attorney General                                Division

BRANTLEY STARR                                  MATTHEW H. FREDERICK
Deputy First Assistant                          Deputy Solicitor General
   Attorney General
                                                OFFICE OF THE ATTORNEY GENERAL
JAMES E. DAVIS                                  P.O. Box 12548 (MC 059)
Deputy Attorney General                         Austin, Texas 78711-2548
   for Litigation                               Tel.: (512) 463-4139
                                                Fax: (512) 474-2697


                                                COUNSEL FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 11, 2017, I conferred by e-mail with counsel for the plaintiffs regarding the foregoing motion. The United States takes no position on the motion. The remaining plaintiffs oppose the motion.

/s/ Patrick K. Sweeten
Patrick K. Sweeten
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this filing was sent on April 12, 2017, via the Court's CM/ECF system and/or email to the following counsel of record:

DAVID RICHARDS
Richards, Rodriguez & Skeith LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
512-476-0005
davidr@rrsfirm.com

RICHARD E. GRAY, III
Gray & Becker, P.C.
900 West Avenue, Suite 300
Austin, TX 78701
512-482-0061/512-482-0924 (facsimile)
Rick.gray@graybecker.com
**ATTORNEYS FOR PLAINTIFFS PEREZ, DUTTON, TAMEZ, HALL, ORTIZ, SALINAS, DEBOSE, and RODRIGUEZ**

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78209
210-392-2856
garzpalm@aol.com

MARK W. KIEHNE
RICARDO G. CEDILLO
Davis, Cedillo & Mendoza
McCombs Plaza
755 Mulberry Ave., Ste. 500
San Antonio, TX 78212
210-822-6666/210-822-1151 (facsimile)
mkiehne@lawdcm.com
rcedillo@lawdcm.com

GERALD H. GOLDSTEIN
DONALD H. FLANARY, III
Goldstein, Goldstein and Hilley
310 S. St. Mary's Street
San Antonio, TX 78205-4605
210-226-1463/210-226-8367 (facsimile)
ggandh@aol.com
donflanary@hotmail.com

JESSICA RING AMUNSON
Jenner & Block LLP
1099 New York Ave., NW
Washington, D.C. 20001
202-639-6000

J. GERALD HEBERT
191 Somervelle Street, # 405
Alexandria, VA 22304
703-628-4673
hebert@voterlaw.com

JESSE GAINES
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com
**ATTORNEYS FOR PLAINTIFFS QUESADA, MUNOZ, VEASEY, HAMILTON, KING and JENKINS**

11

JOAQUIN G. AVILA
P.O. Box 33687
Seattle, WA 98133
206-724-3731/206-398-4261 (facsimile)
jgavotingrights@gmail.com
**ATTORNEYS FOR MEXICAN AMERICAN LEGISLATIVE CAUCUS**

NINA PERALES
MARISA BONO
Mexican American Legal Defense
and Education Fund
110 Broadway, Suite 300
San Antonio, TX 78205
210-224-5476/210-224-5382 (facsimile)
nperales@maldef.org
mbono@maldef.org

MARK ANTHONY SANCHEZ
ROBERT W. WILSON
Gale, Wilson & Sanchez, PLLC
115 East Travis Street, Ste. 1900
San Antonio, TX 78205
210-222-8899/210-222-9526 (facsimile)
masanchez@gws-law.com
rwwilson@gws-law.com
**ATTORNEYS FOR TEXAS LATINO REDISTRICTING TASK FORCE, CARDENAS, JIMENEZ, MENENDEZ, TOMACITA AND JOSE OLIVARES, ALEJANDRO AND REBECCA ORTIZ**

JOHN T. MORRIS
5703 Caldicote St.
Humble, TX 77346
281-852-6388
johnmorris1939@hotmail.com
**JOHN T. MORRIS, PRO SE**

LUIS ROBERTO VERA, JR.
Law Offices of Luis Roberto Vera, Jr.
1325 Riverview Towers
San Antonio, Texas 78205-2260
210-225-3300
lrvlaw@sbcglobal.net

GEORGE JOSEPH KORBEL
Texas Rio Grande Legal Aid, Inc.
1111 North Main
San Antonio, TX 78213
210-212-3600
korbellaw@hotmail.com
**ATTORNEYS FOR INTERVENOR-PLAINTIFF LEAGUE OF UNITED LATIN AMERICAN CITIZENS**

ROLANDO L. RIOS
Law Offices of Rolando L. Rios
115 E Travis Street, Suite 1645
San Antonio, TX 78205
210-222-2102
rrios@rolandorioslaw.com
**ATTORNEY FOR INTERVENOR-PLAINTIFF HENRY CUELLAR**

VICTOR L. GOODE
Asst. Gen. Counsel, NAACP
4805 Mt. Hope Drive
Baltimore, MD 21215-5120
410-580-5120/410-358-9359 (facsimile)
vgoode@naacpnet.org
**ATTORNEY FOR TEXAS STATE CONFERENCE OF NAACP BRANCHES**

MAX RENEA HICKS
Law Office of Max Renea Hicks
101 West Sixth Street Suite 504
Austin, TX 78701
512-480-8231/512/480-9105 (facsimile)
**ATTORNEY FOR PLAINTIFFS CITY OF AUSTIN, TRAVIS COUNTY, ALEX SERNA, BEATRICE SALOMA, BETTY F. LOPEZ, CONSTABLE BRUCE ELFANT, DAVID GONZALEZ, EDDIE RODRIGUEZ, MILTON GERARD WASHINGTON, and SANDRA SERNA**

STEPHEN E. MCCONNICO
SAM JOHNSON
S. ABRAHAM KUCZAJ, III
Scott, Douglass & McConnico
One American Center
600 Congress Ave., 15th Floor
Austin, TX 78701
512-495-6300/512-474-0731 (facsimile)
smcconnico@scottdoug.com
sjohnson@scottdoug.com
akuczaj@scottdoug.com
**ATTORNEYS FOR PLAINTIFFS CITY OF AUSTIN, TRAVIS COUNTY, ALEX SERNA, BALAKUMAR PANDIAN, BEATRICE SALOMA, BETTY F. LOPEZ, CONSTABLE BRUCE ELFANT, DAVID GONZALEZ, EDDIE RODRIGUEZ, ELIZA ALVARADO, JOSEY MARTINEZ, JUANITA VALDEZ-COX, LIONOR SOROLA-POHLMAN, MILTON GERARD WASHINGTON, NINA JO BAKER, and SANDRA SERNA**

GARY L. BLEDSOE
Law Office of Gary L. Bledsoe
316 W. 12th Street, Ste. 307
Austin, TX 78701
512-322-9992/512-322-0840 (facsimile)
garybledsoe@sbcglobal.net
**ATTORNEY FOR INTERVENOR-PLAINTIFFS TEXAS STATE CONFERENCE OF NAACP BRANCHES, TEXAS LEGISLATIVE BLACK CAUCUS, EDDIE BERNICE JOHNSON, SHEILA JACKSON-LEE, ALEXANDER GREEN, HOWARD JEFFERSON, BILL LAWSON, and JUANITA WALLACE**

ROBERT NOTZON
1507 Nueces Street
Austin, TX 78701
512-474-7563/512-474-9489 (facsimile)
robert@notzonlaw.com

ALLISON JEAN RIGGS
ANITA SUE EARLS
Southern Coalition for Social Justice
1415 West Highway 54, Ste. 101
Durham, NC 27707
919-323-3380/919-323-3942 (facsimile)
anita@southerncoalition.org
**ATTORNEYS FOR TEXAS STATE CONFERENCE OF NAACP BRANCHES, EARLS, LAWSON, WALLACE, and JEFFERSON**

KAREN M. KENNARD
2803 Clearview Drive
Austin, TX 78703
(512) 974-2177/512-974-2894 (facsimile)
karen.kennard@ci.austin.tx.us
**ATTORNEY FOR PLAINTIFF
CITY OF AUSTIN**

DAVID ESCAMILLA
Travis County Asst. Attorney
P.O. Box 1748
Austin, TX 78767
(512) 854-9416
david.escamilla@co.travis.tx.us
**ATTORNEY FOR PLAINTIFF
TRAVIS COUNTY**

RICHARD L. DURBIN, JR., T. CHRISTIAN HERREN, JR., TIMOTHY F. MELLETT, JAYE ALLISON SITTON, DANIEL J. FREEMAN
U.S. Department of Justice
Civil Rights Division, Voting Rights
Room 7254 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
 (202) 305-4355; (202) 305-4143
**ATTORNEYS FOR THE
UNITED STATES**

DONNA GARCIA DAVIDSON
PO Box 12131
Austin, TX 78711
512-775-7625/877-200-6001 (facsimile)
donna@dgdlawfirm.com
**ATTY FOR DEFENDANT STEVE MUNISTERI**

CHAD W. DUNN
K. SCOTT BRAZIL
Brazil & Dunn
4201 FM 1960 West, Suite 530
Houston, TX  77068
281-580-6310/281-580-6362 (facsimile)
chad@brazilanddunn.com
scott@brazilanddunn.com
**ATTORNEYS FOR INTERVENOR-DEFS TEXAS DEMOCRATIC PARTY and BOYD RICHIE**

   /s/ Patrick K. Sweeten
Patrick K. Sweeten
Counsel for Defendants