# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| SHANNON PEREZ, ET AL. | § § | |
| v. | § § | SA-11-CV-360 |
| GREG ABBOTT, ET AL. | § § | |

### ORDER ON DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

On this date, the Court considered Defendants' Motion to Certify Order for Interlocutory Appeal (docket no. 1358) and the various responses thereto. Defendants have requested that the Court certify to the Fifth Circuit the question of subject-matter jurisdiction over the plaintiffs' claims against the 2011 congressional redistricting plan—specifically, the question of mootness. After due consideration, the Court denies the motion.

28 U.S.C. § 1292(b) permits a district court to certify "an order not otherwise appealable" for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Defendants argue that the question of subject-matter jurisdiction is a controlling question of law, and that the Court's difference of opinion on

1

mootness (for which *see* Docket No. 1339, Memorandum Opinion and Order on Plan C185 Claims) provide the substantial difference of opinion the statute requires. Additionally, they argue that dismissing the 2011 congressional claims on mootness grounds would materially advance this litigation because it would obviate the need for further consideration of the 2011 congressional redistricting plan at the remedial stage. For these propositions, the Defendants cite *Beare v. Briscoe*, 498 F.2d 244 (5th Cir. 1974) (per curiam), where the Fifth Circuit permitted an interlocutory appeal under similar circumstances.

However, Section 1292(b) also limits certification to "[t]he Court of Appeals which would have jurisdiction of an appeal of such action"— meaning, here, the Court of Appeals that would have ultimate jurisdiction of an appeal of the redistricting action. No such Court of Appeals exists. 28 U.S.C. § 1253 mandates that appeals from this court be directly reviewed by the Supreme Court, not a Court of Appeals. Indeed, 28 U.S.C. § 1291 divests the Court of Appeals of jurisdiction to hear appeals "where direct review may be had in the Supreme Court." And direct review by the Supreme Court— including an appeal of the question of mootness as to the 2011 claims—will be available when this Court makes a final remedial decision.

2

Defendants advance two reasons for ignoring this clear statutory language; neither are availing. First, Defendants suggest that *Beare* controls this Court. But this is incorrect; *Beare* was decided before amendments to Section 1292(b) limited interlocutory appeals to "[t]he Court of Appeals which would have jurisdiction of an appeal of such action." *See* Trademark Clarification Act of 1983, Pub. L. No. 98-620, 98 Stat. 3335 (codified as amended at 28 U.S.C. § 1292(b)). *Beare* does not control in the face of a contrary statutory change. Second, Defendants argue that the legislative history of Section 1292(b) does not evince an intent to limit interlocutory appeals in this specific way. That may be so, but this lack of specific intent does not countermand the clear import of the statute's plain language.

Defendants' Motion to Certify Order for Interlocutory Appeal (docket no. 1358) is DENIED.

It is so ORDERED.

SIGNED this 1st day of May, 2017.

_____/s_____
JERRY E. SMITH
UNITED STATES CIRCUIT JUDGE
ON BEHALF OF THE PANEL

3