# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| SHANNON PEREZ, ET AL. | § | |
| | § | |
| v. | § | SA-11-CV-360 |
| | § | |
| GREG ABBOTT, ET AL. | § | |

**ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

On this date, the Court considered Defendants' Motion for Summary Judgment (docket no. 996) and the various Responses thereto. Defendants move for partial summary judgment on the following claims: (1) all claims alleging a violation of the Fifteenth Amendment to the United States Constitution; (2) all claims alleging a violation of the Fourteenth Amendment to the United States Constitution with respect to the 2011 and 2013 House and congressional plans; (3) all claims asserted against HD90 in Plan H358; (4) all claims alleging a violation of § 2 of the Voting Rights Act ("VRA") based on the failure to create coalition districts; and (5) all claims alleging a violation of § 2 based on the Texas Constitution's whole-county provision (the "County Line Rule"). The Court previously granted summary judgment in part and per text order dated July 1, 2014, carried the remaining issues forward. The Court now denies the remainder of the motion.

## I. Fifteenth Amendment claims

This Court granted summary judgment on Plaintiffs' claims with regard to the 2013 plans in docket no. 1108.[1]

## II. Fourteenth Amendment claims

Defendants argue that they are entitled to summary judgment on all Fourteenth Amendment claims against the 2011 plans because the plans had no discriminatory effect on any voter since they were never used in any election. Defendants raised this same argument in their motion to dismiss all claims against the 2011 plans as moot. Summary judgment on this issue is denied.

Defendants argue that they are entitled to summary judgment on all Fourteenth Amendment claims against the 2013 plans on the issue of discriminatory purpose. Defendants assert that "[t]here is no evidence that the Legislature or any of its members acted with a racially discriminatory purpose in adopting [the Court's interim plans] on a permanent basis." Docket no. 996 at 8. Essentially, Defendants contend that the Court took care to not incorporate any legal defects into the interim plans, that the "Legislature was entitled to presume that this Court acted in good faith and without a racially discriminatory purpose when it implemented Plans C235 and H309 for the 2012

---

[1] The Court granted summary judgment on Plaintiffs' claims under the Fifteenth Amendment with regard to the 2011 plans in docket no. 275. To the extent that certain Plaintiffs contend that their claim under *Bartlett v. Strickland* concerning the alleged intentional destruction of CD25 as a crossover ability district may not be included in the Court's prior dismissal order because it is not a "vote dilution" claim, the Court clarifies that the prior orders dismissed all Fifteenth Amendment claims. The Court's Order cited the language in *Bartlett v. Strickland*, 556 U.S. 1, 24 (2009) that forms the basis of Plaintiffs' claims. Docket no. 1108 at 2 n.2. It unequivocally held that "summary judgment is GRANTED on all Fifteenth Amendment claims asserted against the 2013 redistricting plans." *Id.* at 4.

elections," and that the Legislature's enactment of those plans must similarly be free of discriminatory purpose.

In response, Plaintiffs assert that legislative motive is a factual inquiry. They note that this Court did not decide any claims on the merits, but conducted only a preliminary inquiry under the standard set forth in *Perry v. Perez*, and that the Court emphasized the preliminary nature of its rulings. They further note that, at the time the Legislature adopted the plans in 2013, it was aware of the D.C. Court's preclearance decision, which found that Plan C185 was enacted with discriminatory purpose and noted concerns about Plan H283. That opinion was not vacated and remanded in light of *Shelby County v. Holder* until June 27, 2013. Plaintiffs contend that the Legislature's motive was not to enact plans free of discriminatory taint, but to give the interim congressional plans, based on a prior state plan found to be intentionally discriminatory, the legitimacy of state enactment and to shield the State from a possible finding of discriminatory intent with regard to the 2011 plans and possible bail-in relief. They also note that the 2013 plans continued many of the aspects of the 2011 plans alleged to be discriminatory.

Summary judgment on these claims is denied. While this Court's implementation of the interim plans and its accompanying analyses are relevant to the intent analysis, the Court's intent in implementing the interim plans in 2012 is separate and distinct from the Legislature's intent in adopting those plans in 2013. The relevant inquiry is the Legislature's intent in 2013, and

3

Plaintiffs have shown that a material fact issue exists concerning the Legislature's intent in enacting Plan C235 and Plan H358 and that resolution of these claims by summary judgment is not appropriate.

### III. HD90 in Plan H358

The Task Force Plaintiffs bring a claim that changes made to HD90 by the Legislature in 2013 violate § 2 of the VRA and the Fourteenth Amendment as racial discrimination, intentional vote dilution, and violation of the *Shaw* line of cases. Defendants contend that summary judgment is appropriate on the § 2 claim because the Task Force Plaintiffs cannot prove that the configuration of HD90 in Plan H358 will deny or abridge the rights of Hispanic voters on account of their race. Defendants assert that HD90 continues to be a Latino opportunity district with majority HCVAP and SSVR and its performance is greater than in Plan H100 and Plan H283 and identical to Plan H309. They contend that Hispanic voters can control the district, as they did in the 2014 election. Defendants contend that there is no evidence of intentional vote dilution in the change, and that Rep. Burnam was simply returning the African-American community of Como to HD90 following its removal from the district in 2011.

The Task Force Plaintiffs respond that they do not have to prove that HD90 is no longer an ability district, only that it was purposefully changed to reduce the ability of Latino voters to nominate their preferred candidate in subsequent elections. They note that HD90 is the only Latino opportunity district in Tarrant County and the 2011 Legislature increased its SSVR, a

decision that was maintained in the interim plan. Yet changes were then made in Plan H358 that reduced the SSVR.

The Task Force Plaintiffs contend that Latino voters were increasingly exercising political strength in the district and the incumbent faced the possibility of losing his seat. They assert that in the 2012 Democratic primary the incumbent Burnam prevailed over a Latino candidate by 159 votes and that he knew he was not the Latino-preferred candidate in the primary. They contend that Burnam worked to develop an amendment that would bring a substantial number of non-Latino voters back into HD90, which decreased SSVR and performance of Latino candidates in exogenous Democratic primaries. The Task Force further notes that they have also asserted a *Shaw*-type racial gerrymandering claim against HD90, and Defendants have not moved for summary judgment on this claim.

The Court finds that the motive underlying changes to HD90 is a fact issue dependent in large part on credibility determinations and that material fact issues exist that make summary judgment improper.

### IV. § 2 claims based on failure to create coalition districts

Summary judgment on this issue is denied for the reasons stated in the Court's opinion on Plan H283 (docket no. 1365).

### V. § 2 claims requiring violations of the County Line Rule

Summary judgment on this issue is denied for the reasons stated in the Court's opinion on Plan H283 (docket no. 1365).

## Conclusion

Defendants' Motion for Partial Summary Judgment (docket no. 996) is GRANTED IN PART and DENIED IN PART as discussed herein.

It is so ORDERED.

SIGNED this 1st day of May, 2017.

_____/s/_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE
ON BEHALF OF THE PANEL