UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SHANNON PEREZ, *et al.*,

    *Plaintiffs*,

v.

GREG ABBOTT, *et al.*,

    *Defendants*.

CIVIL ACTION NO.
SA-11-CA-360-OLG-JES-XR
[Lead Case]

### QUESADA PLAINTIFFS' REPONSE TO DEFENDANTS' ADVISORY REGARDING ADMISSIBILITY OF EXPERT REPORTS

In their June 26, 2017 Advisory to the Court, defendants objected to the admission of expert reports into evidence, contending they are inadmissible hearsay. ECF No. 1440 at 3. This objection should be overruled.

First, in the case upon which defendants rely, *Bianco v. Globus Medical, Inc.*, 30 F. Supp. 3d 565, 570 (E.D. Tex. 2014), the court *admitted* the expert report because it was accompanied by a declaration by the expert, "which overcomes the hearsay problem stemming from the fact that the reports are written statements made out of court," *id.* The same rule should apply here.

Second, even in the absence of a declaration, plaintiffs' expert reports should be admitted under the residual exception to hearsay, Rule 807. Rule 807 provides that a statement not specifically covered by an exception in Rules 803 and 804 is admissible if "(1) the statement has equivalent circumstantial guarantees of trustworthiness," "(2) it is offered as evidence of a material fact," "(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," and "(4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807.

1

In *Televisa, S.A. DE C.V. v. Univision Comms., Inc.*, 635 F. Supp. 2d 1106, 1109-10 (C.D. Cal. 2009), the court admitted an expert report into evidence under Rule 807. The court reasoned that "[s]ince the item in question is a report prepared by a designated expert witness, rather than a remark or statement, many of the classic hearsay risks, such as faulty perception, faulty memory, and faulty narration do not seem to be of concern here." *Id.* at 1109. Moreover, the court noted that the report was signed, adopted at deposition as a true and correct copy of the submitted report, and was the subject of extensive cross examination at deposition. *Id.* The court concluded the requirements of Rule 807 were satisfied and report was admissible, even though the expert would not be testifying at trial. *Id.* at 1110.

Not only are the factors identified by the *Televisa* court satisfied here, but plaintiffs' experts will testify live at trial and will be subject to cross examination by defendants. The first three prongs are met here. The first prong of Rule 807 is satisfied because the reports were signed, admitted as deposition exhibits, the topic of cross examination at deposition, and will be the topic of cross examination at trial, which will be conducted as a bench trial rather than a jury trial. The second prong is met because the reports contain critical evidence regarding facts necessary to establish plaintiffs' Section 2 and Constitutional claims. The third prong is satisfied because the exigencies of this trial schedule make the expert reports the most probative evidence obtainable through reasonable efforts.

Moreover, the fourth prong is easily satisfied in this case. The admission of plaintiffs' expert reports serves the purposes of the federal rules of evidence. The purpose of the hearsay rule (and its exceptions) is to ensure "evidentiary reliability." *United States v. Williams*, 447 F.2d 1285, 1291 (5th Cir. 1971). Plaintiffs' expert reports are reliable, particularly where they were signed, timely served, introduced at depositions as true and correct copies, the subject of cross examination

at deposition, and the experts will be subject to cross examination at trial. Moreover, under Rule 703, because this is a bench trial rather than a jury trial, plaintiffs' experts are permitted to testify at trial about the *otherwise inadmissible* underlying facts or data supporting their opinions. As the Supreme Court has explained,

> *in jury trials*, . . . federal law generally bar[s] an expert from disclosing such inadmissible evidence. In bench trials, however, . . . the Federal Rules place no restriction on the revelation of such information to the factfinder. When the judge sits as trier of fact, it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose. As we have noted, [i]n bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions.

*Williams v. Illinois*, 567 U.S. 50, 69 (2012) (quotation marks omitted) (emphasis in original; second bracket in original). Thus, to the extent the reports themselves contain hearsay within hearsay or other inadmissible evidence, this Court is competent to avoid drawing any improper conclusions. Because Rule 703 would permit plaintiffs' experts to testify at trial as to any otherwise inadmissible information contained in their reports, there is no reason the Court cannot receive those reports into evidence in order to save the Court's and parties' precious trial time.

The fourth prong is also satisfied because admission of plaintiffs' expert reports serves the interests of justice. This case is being tried on a highly compressed schedule—and for good reason. This Court has already concluded defendants discriminated against minority Texans in intent and effect in enacting Plan C185 in 2011. Many of those infirmities persist in Plan C235, and that discrimination has manifested itself in three subsequent election cycles. The circumstances of this case require swift proceedings to ensure relief is imposed by the 2018 elections. This Court, and the parties, are best served by the streamlining of expert testimony at trial—a goal best achieved through admission of expert reports. It will aid the Court in organizing information as it prepares its opinion, and that information would be admissible at trial anyway under Rule 703.

Finally, plaintiffs have provided defendants the notice required by Rule 807(b). Not only have defendants received notice, but they have deposed these experts (or will shortly) and can cross examine them at trial.

Plaintiffs' expert reports should be admitted into evidence, whether accompanied by a declaration or under Rule 807. The Federal Rules permits this Court to hear at trial even inadmissible evidence underlying experts' opinions. There is no purpose served by precluding admission of the expert reports, particularly where the experts will be subject to cross examination and the purpose of admission is to respond to the exigencies of this case.

For the reasons set forth above, the Quesada plaintiffs request that the Court overrule defendants' hearsay objection to the admission of expert witness reports.

Dated: June 27, 2017                        Respectfully submitted,

/s/ J. Gerald Hebert
J. GERALD HEBERT (admitted *pro hac vice*)
J. Gerald Hebert P.C.
191 Somervelle Street, #405
Alexandria, VA 22305
703-628-4673
hebert@voterlaw.com

MARK P. GABER (admitted *pro hac vice*)
1316 13th St. NW, #1
Washington, DC 20005
(715) 482-4066
mark.gaber@gmail.com

GERALD H GOLDSTEIN (No. 08101000)
Goldstein, Goldstein and Hilley
310 S. St. Mary's Street
San Antonio, TX 78205-4605
210-226-1463/210-226-8367 (facsimile)
ggandh@aol.com

DONALD H. FLANARY, III (No. 24045877)
Flanary Law Firm
1005 South Alamo
San Antonio, TX 78210
210-738-8383/210-738-9426 (facsimile)
donflanary@hotmail.com

JESSICA RING AMUNSON (admitted *pro hac vice*)
Jenner & Block LLP
1099 New York Ave. NW, Ste. 900
Washington, DC 20001
202-639-6000/202-639-6066 (facsimile)
jamunson@jenner.com

JESSE GAINES
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988

*Attorneys for the Quesada Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of June, 2017, I served a copy of the foregoing on counsel who are registered to receive NEFs through the CM/ECF system. All attorneys who have not yet registered to receive NEFs have been served via first-class mail, postage prepaid.
.

                                  */s/ J. Gerald Hebert*
                                  J. GERALD HEBERT