# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON PEREZ, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> *Defendants.* | CIVIL ACTION NO. <br> SA-11-CA-360-OLG-JES-XR <br> [Lead case] |

## DEFENDANTS' REPLY IN SUPPORT OF THE INADMISSIBILITY OF EXPERT REPORTS

Expert reports are out-of-court statements offered for the truth of the matters asserted and are therefore inadmissible hearsay. Without disputing that hornbook law, Plaintiffs seek to invoke the residual exception to the rule against hearsay. They cite a single district court case from California in which an expert witness quit so late in the proceeding that the offering party could not reasonably find an alternative expert. That is consistent with the intent behind the residual exception, which is to be used very rarely and only in exceptional circumstances. The residual exception requires that the offered evidence is more probative than any other the proponent could otherwise reasonable obtain. Cases on point hold that expert reports are not more probative than live testimony, and all parties in this case have had a reasonable opportunity to obtain live testimony. So the residual exception to the rule against hearsay does not apply.

## ARGUMENT AND AUTHORITIES

Plaintiffs do not dispute that expert reports are inadmissible hearsay under Federal Rule of Evidence 802. *See, e.g., Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 729 (6th Cir. 1994); *Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011) (holding that absent a stipulation, "both the expert reports and CVs are inadmissible as hearsay"); *Wilson v. Hartford Ins. Co. of the Midwest*, No. 10–993, 2011 WL 2670199, at *3 (W.D. Wash. Oct. 20, 2011) ("The court notes that parties often, for ease of presentation of evidence, mutually agree that expert reports are admissible. The court will not, however, force parties to reach such an agreement."); *Alexie v. U.S.*, No. 3:05-cv-00297, 2009 WL 160353, at *1 (D. Alaska Jan. 21, 2009) ("Application of the hearsay rule to exclude both parties' experts reports is quite straightforward. The reports are out-of-court statements by witnesses offered for their truth and so fall within the definition of hearsay in [Federal Rule of Evidence] 801.").

Rather, Plaintiffs seek to offer the expert reports under the residual exception to the rule against hearsay, Federal Rule of Evidence 807. "Congress intended the residual exception to be used only in rare circumstances." *Cook v. Miss. Dep't of Hum. Servs.*, 108 F. App'x 852, 856 (5th Cir. 2004); *see also Huff v. White Motor Corp.*, 609 F.2d 286, 291 (7th Cir. 1979) (holding that the residual exception "will be used very rarely, and only in exceptional circumstances"). Allowing a blanket use of Rule 807 without sufficient exceptional circumstances—such as Plaintiffs propose—would swallow the general rule against out-of-court statements offered to prove the truth of the matters asserted. *See*

*U.S. v. Love*, 592 F.2d 1022, 1026 (8th Cir. 1979) ("The history of [the residual exceptions] indicates that Congress did not intend to create a broad new hearsay exception."). Consistent with Congress's intent that the residual exception rarely be available, Rule 807 requires that the evidence offered be "more probative" than any other that the party could have obtained through reasonable efforts. Fed. R. Evid. 807(a)(3). And admitting the hearsay must "serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a)(4); *U.S. v. Mathis*, 559 F.2d 294, 299 (5th Cir.) ("[T]ight reins must be held to insure that this provision does not emasculate our well developed body of law and the notions underlying our evidentiary rules.").

In the one case that they cite, Plaintiffs gloss over the facts that show such exceptional circumstances. *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, 635 F. Supp. 2d 1106 (C.D. Cal. 2009). The U.S. District Court for the Central District of California did admit an expert report over a hearsay objection. *Id.* Yet Plaintiffs omit the operative facts that justified the rare use of Rule 807. After producing a report and being deposed, the expert witness moved to a new employer. *Id.* at 1107. The new employer initially agreed to the expert's continued work on the case despite a potential conflict with one of the employer's clients. *Id.* Then, the new employer changed course based on pressure from the client's CEO (i.e., the party in the litigation opposed to the party who had retained the expert witness). *Id.* At that "late stage in the game," the expert report was more probative than any other evidence that the party could procure through reasonable efforts. *Id.* at 1110.

3

Here, Plaintiffs present no exceptional circumstances, nor could they. All of the parties have had a reasonable opportunity to procure expert witnesses to testify live at trial. As one court held in specifically distinguishing *Televisa*, "most importantly, Defendant's experts are available and intend to testify at trial." *U.S. v. Lasley*, No. 14-CR-45-LRR, 2014 WL 6775539, at *6 (N.D. Iowa Dec. 2, 2014). Therefore, the court found that the proponent of the expert report did not satisfy Rule 807(a)(3) because "the experts' testimony itself is more probative on the point for which such experts' reports are offered." *Id.*; *Alexie*, 2009 WL 160353, at *1 ("[S]uch reports cannot meet the requirement of [Federal Rule of Evidence 807] because the expert's live direct testimony is at least equally probative."); *see also Mathis*, 559 F.2d at 229 ("[The residual exception], thus, has a built-in requirement of necessity. . . . [O]ur common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court declarant."). Oddly, Plaintiffs point to Defendants' ability to cross examine their experts live as support for the use of Rule 807, but that undermines their argument. If Defendants can examine the witnesses live, so can Plaintiffs. Because live testimony is more probative than written reports (or at least equally so), Plaintiffs cannot satisfy the third requirement of Rule 807—let alone prove the exceptional circumstances that justify the rare use of the residual exception to the rule against hearsay.

Date: June 29, 2017                    Respectfully submitted.


KEN PAXTON                             PATRICK K. SWEETEN
Attorney General of Texas              Senior Counsel for Civil Litigation


JEFFREY C. MATEER                       /s/ Todd Lawrence Disher
First Assistant                        TODD LAWRENCE DISHER
   Attorney General                    Special Counsel for Civil Litigation


BRANTLEY STARR                         OFFICE OF THE ATTORNEY GENERAL
Deputy First Assistant                 P.O. Box 12548 (MC 059)
   Attorney General                    Austin, Texas  78711-2548
                                       Tel.: (512) 463-4139
JAMES E. DAVIS                         Fax: (512) 474-2697
Deputy Attorney General
   for Litigation                      COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this filing was sent on June 29, 2017, via the Court's CM/ECF system and/or email to the following counsel of record:

DAVID RICHARDS
Richards, Rodriguez & Skeith LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
512-476-0005
davidr@rrsfirm.com

RICHARD E. GRAY, III
Gray & Becker, P.C.
900 West Avenue, Suite 300
Austin, TX 78701
512-482-0061/512-482-0924 (facsimile)
Rick.gray@graybecker.com
**ATTORNEYS FOR PLAINTIFFS
PEREZ, DUTTON, TAMEZ, HALL,
ORTIZ, SALINAS, DEBOSE, and
RODRIGUEZ**

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78209
210-392-2856
garzpalm@aol.com

MARK W. KIEHNE
RICARDO G. CEDILLO
Davis, Cedillo & Mendoza
McCombs Plaza
755 Mulberry Ave., Ste. 500
San Antonio, TX 78212
210-822-6666/210-822-1151 (facsimile)
mkiehne@lawdcm.com
rcedillo@lawdcm.com

GERALD H. GOLDSTEIN
DONALD H. FLANARY, III
Goldstein, Goldstein and Hilley
310 S. St. Mary's Street
San Antonio, TX 78205-4605
210-226-1463/210-226-8367 (facsimile)
ggandh@aol.com
donflanary@hotmail.com

JESSICA RING AMUNSON
Jenner & Block LLP
1099 New York Ave., NW
Washington, D.C. 20001
202-639-6000

J. GERALD HEBERT
191 Somervelle Street, # 405
Alexandria, VA 22304
703-628-4673
hebert@voterlaw.com

JESSE GAINES
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com
**ATTORNEYS FOR PLAINTIFFS
QUESADA, MUNOZ, VEASEY,
HAMILTON, KING and JENKINS**

JOAQUIN G. AVILA
P.O. Box 33687
Seattle, WA  98133
206-724-3731/206-398-4261 (facsimile)
jgavotingrights@gmail.com
**ATTORNEYS FOR MEXICAN
AMERICAN LEGISLATIVE CAUCUS**

NINA PERALES
MARISA BONO
Mexican American Legal Defense
and Education Fund
110 Broadway, Suite 300
San Antonio, TX 78205
210-224-5476/210-224-5382 (facsimile)
nperales@maldef.org
mbono@maldef.org

MARK ANTHONY SANCHEZ
ROBERT W. WILSON
Gale, Wilson & Sanchez, PLLC
115 East Travis Street, Ste. 1900
San Antonio, TX  78205
210-222-8899/210-222-9526 (facsimile)
masanchez@gws-law.com
rwwilson@gws-law.com
**ATTORNEYS FOR TEXAS LATINO
REDISTRICTING TASK FORCE,
CARDENAS, JIMENEZ,
MENENDEZ, TOMACITA AND
JOSE OLIVARES, ALEJANDRO AND
REBECCA ORTIZ**

JOHN T. MORRIS
5703 Caldicote St.
Humble, TX 77346
281-852-6388
johnmorris1939@hotmail.com
**JOHN T. MORRIS, PRO SE**

LUIS ROBERTO VERA, JR.
Law Offices of Luis Roberto Vera, Jr.
1325 Riverview Towers
San Antonio, Texas 78205-2260
210-225-3300
lrvlaw@sbcglobal.net

GEORGE JOSEPH KORBEL
Texas Rio Grande Legal Aid, Inc.
1111 North Main
San Antonio, TX  78213
210-212-3600
korbellaw@hotmail.com
**ATTORNEYS FOR
INTERVENOR-PLAINTIFF
LEAGUE OF UNITED LATIN
AMERICAN CITIZENS**

ROLANDO L. RIOS
Law Offices of Rolando L. Rios
115 E Travis Street, Suite 1645
San Antonio, TX 78205
210-222-2102
rrios@rolandorioslaw.com
**ATTORNEY FOR INTERVENOR-
PLAINTIFF HENRY CUELLAR**

VICTOR L. GOODE
Asst. Gen. Counsel, NAACP
4805 Mt. Hope Drive
Baltimore, MD  21215-5120
410-580-5120/410-358-9359 (facsimile)
vgoode@naacpnet.org
**ATTORNEY FOR TEXAS STATE
CONFERENCE OF NAACP
BRANCHES**

MAX RENEA HICKS
Law Office of Max Renea Hicks
101 West Sixth Street Suite 504
Austin, TX 78701
512-480-8231/512/480-9105 (facsimile)
**ATTORNEY FOR PLAINTIFFS
CITY OF AUSTIN, TRAVIS
COUNTY, ALEX SERNA,
BEATRICE SALOMA, BETTY F.
LOPEZ, CONSTABLE BRUCE
ELFANT, DAVID GONZALEZ,
EDDIE RODRIGUEZ, MILTON
GERARD WASHINGTON, and
SANDRA SERNA**

STEPHEN E. MCCONNICO
SAM JOHNSON
S. ABRAHAM KUCZAJ, III
Scott, Douglass & McConnico
One American Center
600 Congress Ave., 15th Floor
Austin, TX 78701
512-495-6300/512-474-0731 (facsimile)
smcconnico@scottdoug.com
sjohnson@scottdoug.com
akuczaj@scottdoug.com
**ATTORNEYS FOR PLAINTIFFS
CITY OF AUSTIN, TRAVIS
COUNTY, ALEX SERNA,
BALAKUMAR PANDIAN,
BEATRICE SALOMA, BETTY F.
LOPEZ, CONSTABLE BRUCE
ELFANT, DAVID GONZALEZ,
EDDIE RODRIGUEZ, ELIZA
ALVARADO, JOSEY MARTINEZ,
JUANITA VALDEZ-COX, LIONOR
SOROLA-POHLMAN, MILTON
GERARD WASHINGTON, NINA JO
BAKER, and SANDRA SERNA**

GARY L. BLEDSOE
Law Office of Gary L. Bledsoe
316 W. 12th Street, Ste. 307
Austin, TX  78701
512-322-9992/512-322-0840 (facsimile)
garybledsoe@sbcglobal.net
**ATTORNEY FOR INTERVENOR-
PLAINTIFFS TEXAS STATE
CONFERENCE OF NAACP
BRANCHES, TEXAS
LEGISLATIVE BLACK CAUCUS,
EDDIE BERNICE JOHNSON,
SHEILA JACKSON-LEE,
ALEXANDER GREEN, HOWARD
JEFFERSON, BILL LAWSON, and
JUANITA WALLACE**

ROBERT NOTZON
1507 Nueces Street
Austin, TX  78701
512-474-7563/512-474-9489 (facsimile)
robert@notzonlaw.com

ALLISON JEAN RIGGS
ANITA SUE EARLS
Southern Coalition for Social Justice
1415 West Highway 54, Ste. 101
Durham, NC  27707
919-323-3380/919-323-3942 (facsimile)
anita@southerncoalition.org
**ATTORNEYS FOR TEXAS STATE
CONFERENCE OF NAACP
BRANCHES, EARLS, LAWSON,
WALLACE, and JEFFERSON**

KAREN M. KENNARD
2803 Clearview Drive
Austin, TX 78703
(512) 974-2177/512-974-2894 (facsimile)
karen.kennard@ci.austin.tx.us
**ATTORNEY FOR PLAINTIFF
CITY OF AUSTIN**

DAVID ESCAMILLA
Travis County Asst. Attorney
P.O. Box 1748
Austin, TX 78767
(512) 854-9416
david.escamilla@co.travis.tx.us
**ATTORNEY FOR PLAINTIFF
TRAVIS COUNTY**

RICHARD L. DURBIN, JR., T.
CHRISTIAN HERREN, JR., TIMOTHY
F. MELLETT, JAYE ALLISON SITTON,
DANIEL J. FREEMAN
U.S. Department of Justice
Civil Rights Division, Voting Rights
Room 7254 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
 (202) 305-4355; (202) 305-4143
**ATTORNEYS FOR THE
UNITED STATES**

DONNA GARCIA DAVIDSON
PO Box 12131
Austin, TX 78711
512-775-7625/877-200-6001 (facsimile)
donna@dgdlawfirm.com
**ATTY FOR DEFENDANT STEVE
MUNISTERI**

CHAD W. DUNN
K. SCOTT BRAZIL
Brazil & Dunn
4201 FM 1960 West, Suite 530
Houston, TX  77068
281-580-6310/281-580-6362 (facsimile)
chad@brazilanddunn.com
scott@brazilanddunn.com
**ATTORNEYS FOR
INTERVENOR-DEFS TEXAS
DEMOCRATIC PARTY and BOYD
RICHIE**

 _/s/ Todd Lawrence Disher
Todd Lawrence Disher
Counsel for Defendants

9