UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON PEREZ, et. al. | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | **11-CA-360-OLG-JES-XR** |
| Plaintiffs | ) | CONSOLIDATED ACTION |
| | ) | [Lead case] |
| v. | ) | |
| | ) | |
| GREG ABBOTT, et. al. | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**O R D E R**

Pending before the Court is the parties' dispute regarding the admissibility of expert reports (docket nos. 1439, 1440, 1441, 1444). Defendants object to the admission of any expert reports into evidence. They contend the expert reports constitute inadmissible hearsay under Fed. R. Evid. 801(c) because they are out-of-court statements offered to prove their truth. Plaintiffs assert that expert reports are admissible under Fed. R. Evid. 807, the residual exception to the hearsay rule. Defendants claim the residual exception should only be applied in "exceptional circumstances."

The Court has considered the parties' arguments and the applicable law and finds that expert reports will not be pre-admitted or admitted in lieu of live expert testimony but the reports will be allowed subject to any further objections in open court if the expert testifies live or by trial deposition and adopts the statements in

the report while under oath and subject to cross examination. *See Bianco v. Globus Medical, Inc.*, 30 F. Supp. 3d 565, 570-71 (E.D. Tex. 2014) (pretrial expert report was inadmissible as out of court statement, but report offered into evidence through sworn declaration was admissible on issues to be determined by the judge); *see also Televisa, S.A. de C.V. v. Univision Communications, Inc.*, 635 F. Supp. 2d 1106, 1109-10 (C.D. Cal. 2009) (expert report admissible under Rule 807 because expert signed the report, adopted it as a true and correct copy, testified under oath, and was subject to cross examination). Allowing the admission of expert reports under these parameters should dispel any concerns about trustworthiness.

In bench trials, and in this case in particular, expert reports can greatly assist the trier of fact in understanding the basis for the expert's opinions and determining how much weight to give the expert's opinion. *Williams v. Illinois*, 567 U.S. 50, 77-78 (2012). If the basis evidence for the expert's opinion is hearsay, and nothing more, the Court can simply disregard that evidence when reaching its decision. Likewise, if some (but not all) of the basis evidence is irrelevant, the Court can disregard the irrelevant evidence when reaching a decision. But if the basis for the expert's opinion is relevant data from reliable sources, and the expert's analysis and methodology is sound, the Court will likely give the expert's findings more weight. The issues in this case are not simple, the data and methodology used by certain experts can be complex, and time is of the essence. Allowing the expert reports under Rule 807 will serve the general purpose of the rules and the interests of justice.

It is therefore ORDERED that expert reports will not be pre-admitted or admitted in lieu of live expert testimony but the reports will be allowed subject to any further objections in open court if the expert testifies live or by trial deposition and adopts the statements in the report while under oath and subject to cross examination.

SIGNED on this 3rd day of July, 2017.

_____/s/_____
JERRY E. SMITH
UNITED STATES CIRCUIT JUDGE

_____/s/_____
ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE

_____/s/_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE