IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON PEREZ, ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-11-CV-360 |
| | § | |
| GREG ABBOTT, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On July 3, the Court directed the parties to file advisories stating whether there is agreement on a remedy for HD90 and, if not, what the nature of the disagreement is. The Court also directed the parties to advise the Court as to what, if any, other issues remain in this case.

## HD90

The Court has considered the Advisories filed by the Task Force and the State Defendants concerning HD90. The Task Force suggests Plan H407, which utilizes the lines implemented by the Legislature in Plan H283 in 2011. The State Defendants contend that no remedy is needed but that, if a remedy is implemented, it should not utilize the Plan H283 lines but should remedy only those specific lines found to be subject to unconstitutional racial gerrymandering in 2013 (*i.e*., changes made between Plan H328 and Plan H342).

The Court finds that a remedy for the 2020 elections is required for the unconstitutional racial gerrymandering in HD90 found by this Court in Plan H358 and affirmed by the Supreme Court. *See Reynolds v. Sims*, 377 U.S. 533, 585 (1964) ("[O]nce a

State's legislative apportionment scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan."). The Court disagrees with the proposal set forth by the Task Force Plaintiffs because the proposed remedy exceeds the scope of the violation found by the Court. This Court must respect the legislative choices made in 2013, except to remedy the constitutional violations. *See Whitcomb v. Chavis*, 403 U.S. 124, 160-61 (1971); *see also North Carolina v. Covington*, 138 S. Ct. 2548, 2554 (2018) ("The only injuries the plaintiffs established in this case were that they had been placed in their legislative districts on the basis of race. The District Court's remedial authority was accordingly limited to ensuring that the plaintiffs were relieved of the burden of voting in racially gerrymandered legislative districts.").

However, legislative apportionment is primarily a matter for legislative consideration and determination, and judicial relief becomes appropriate only when a legislature fails to reapportion according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so. *Reynolds*, 377 U.S. at 586. Thus, before this Court undertakes the "unwelcome obligation" of fashioning a remedial plan, the Court must afford the Legislature an opportunity to reapportion during either a 2018 special session or the 2019 regular legislative session. However, to avoid interference with the 2020 election cycle, if no action is taken to introduce a redistricting bill within the first 45 days of the 2019 regular session, or if it otherwise is made apparent that no redistricting legislation will be considered during the session, the Court will proceed with a remedial phase.  The parties should be

prepared to submit proposals in accordance with the principles stated above no later than the 46th day of the 2019 regular session.

### 3(c) Relief

Numerous Plaintiffs have indicated that they are continuing to seek relief under Section 3(c) of the Voting Rights Act and ask the Court to set a briefing schedule. Plaintiffs' briefs on the issue of 3(c) relief shall be due no later than **November 30, 2018**. Defendants' responsive briefing shall be due **January 15, 2019**. Replies shall be due within fourteen days of the filing of the response.

### Attorneys' Fees

Motions for attorneys' fees shall be filed and considered pursuant to Local Rule 7 after final judgment is entered (including Quesada Plaintiff's Motion for Discovery-Related Attorneys' Fees (docket no. 1539)).

Nothing in this order should be read to indicate that the panel has formed a view on which issues legitimately remain for resolution or on the merits of any remaining issue.

SIGNED this 30th day of August, 2018 on behalf of the Three-Judge Panel.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE