**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| SHANNON PEREZ, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> SA-11-CA-360-OLG-JES-XR <br> [Lead Case] |

**PLAINTIFF MALC'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO DISSOLVE THREE-JUDGE COURT**

### I.      Introduction

Plaintiff MALC filed this suit on May 9, 2011 and filed its Third Amended Complaint on July 12, 2013. *See* Dkt. No. 779. Plaintiff MALC's Complaint challenged the State's redistricting plans for the Texas House of Representatives and United States House of Representatives (Congressional districts). Plaintiff MALC alleged minority vote dilution in violation of Section 2 of the Voting Rights Act and the Fourteenth Amendment with regard to the newly-adopted plans. Further, Plaintiff MALC alleged a Section 5 violation since no preclearance had been secured. Finally, Plaintiff alleged Fourteenth Amendment "one person, one vote" violations with regard to the old Texas House and Congressional districts and as to the newly-enacted Texas House plan, including *Larios* style violations.

Several trials ensued and appeals were taken. Ultimately, this Court issued its final amended judgment on this case on August 2, 2019. No appeal of this judgment has been filed. The deadlines for filing notice of appeal have lapsed. This judgment is the final merits

determination of this Court. After eight years, over a thousand docket entries, and weeks of testimony, this three-judge court's work is done. The only remaining work left in this case is the resolution of costs and attorneys' fees. MALC now moves for an order dissolving the three-judge court. The only remaining work this case is the award or denial of attorneys' fees, which is beyond the statutorily-circumscribed duties of a three-judge panel. In order to preserve judicial economy and to act within statutory authority, MALC's motion to dissolve the three-judge court should be granted.

## II.   Argument

### A.  The Work of this Three-Judge Panel is Finished

This action was filed on May 9, 2011. Two days later, a three-judge panel was constituted pursuant to 28 U.S.C. § 2284. *See* Dkt. No. 4. "A single judge [in a three-judge panel] may conduct all proceedings except the trial." 28 U.S.C. § 2284 (b)(3). Final Amended Judgment has been ordered in this cause of action. Dkt. No. 1637. In its judgment, this Court ordered and adjudged certain relief and denied all other requested relief. *Id.* Then this Court specifically allowed that: "Should any party seek to recover attorney's fees, any such party may file a motion seeking attorney's fees and brief why it is a prevailing party entitled to such fees." *Id.* Attorneys' fees and costs of court are matters ancillary to the main proceedings statutorily authorized for a three-judge court to consider. *See e.g. Texas v. Holder*, 63 F.Supp.3d 54, 60 (D.D.C. 2014)(opinion denying fees for the Kennie Intervenors ordered by convening judge); *Bond v. White*, 508 F. 2d 1397 (5th Cir.1975); *Public Service Commission of State of Missouri v. Brashear*, 312 U.S. 621 (1941).

The judicial ambit of a three-judge panel is limited by statute.  A three-judge panel may only be convened when required by an act of Congress "or when an action is filed challenging

the constitutionality of the apportionment of congressional districts of the apportionment of any statewide legislative body." 28 U.S.C. § 2284 (a); *see also Thomas v. Bryant,* No. 19-60133 (5th Cir. Sept. 3, 2019) (limiting the jurisdiction of three-judge courts to matters involving the **constitutionality** of state and federal apportionment). The duties of three-judge panel are equally limited by statute. While a single judge in a three-judge "may conduct all proceedings except trial", the duties of the entire three-judge court is limited to reviewing "any action of a single judge", the appointment of a master, or any order relating to the granting or vacation of preliminary or permanent injunction. *Id.* at (c). Appropriately, the three-judge court may only render decisions focused on the merits of the particular cause of action, all other matters are appropriately reserved for the originating district judge. For example, the limited statutory duties of a three-judge court do not extend to the assessment of damages or costs associated with a litigation. *Brashear*, 312 U.S. 621, 625.  Finally, "[t]he question of fees and costs is an ancillary matter and is properly resolved by the district court judge to whom the case was assigned initially." *Texas v. Holder*, 63 F.Supp.3d 54, 60 (D.D.C. 2014). Therefore, there is no further work required of the three-judge court.

### B.  A Single Judge May Proceed

"A single judge may conduct all proceedings except the trial and enter all orders permitted by the rules of civil procedure except as provided by this subsection." 28. U.S.C. 2284 (b) (3). Many orders of this Court have been issued by a single-judge. As discussed above, there is no work left for the three-judge court to complete. The three-judge court has fulfilled its statutory purpose by issuing its judgment. A motion to award or deny attorneys' fees is not listed among the orders that single judge may not issue. Therefore, a single-judge may act to resolve the issue of fees in this case without review of the three-judge court. At this stage in the

litigation, this action is not reviewable by the full court because it has been taken after final

judgment. *Id.* ("Any action of a single judge may be reviewed by the full court *at any time before*

*final judgment*".) (emphasis added).

### C. Judicial Economy requires the dissolution of this Court

"Once [a] three-judge district court has determined that a violation [ ] has occurred …it

[is] proper … to then remand the case to a single-judge district court to determine matters

ancillary to the main proceeding. This procedural alternative minimizes the burden that the three-

judge court requirement imposes on the federal judiciary." *Bond v. White*, 508 F. 2d. 1397, 1400

(1975). After dissolution of a three-judge panel, convening judges have issued enforcement

orders and other matters relating to the litigation. *See Allen v. Cnty. Sch. Bd. Prince Edward*

*Cnty. Va.*, 249 F. 2d 462, 464 (4th Cir. 1957); *See also Petteway v Henry,* 738 F. 3d 132, 136 (5th

Cir. 2013)(after dissolution of the three-judge court, convening judge ruled on fees motion).

This has been done to expedite relief and to maximize judicial efficiency. This case is

extraordinary by any standard. Eight years, several trials, and multiple appeals have taxed the

western district's resources and attention. It has been an important case to be sure, but that work

is now done. It is time for this case to lessen the burden it has placed on all of the judges of this

three-judge panel.

## III. Conclusion

For the foregoing reasons, the Court should dissolve this three-judge Court with

instructions to the single-judge Court to complete all ancillary matters left pending.

**DATED**:          September 17, 2019                    Respectfully submitted,

_/s/Jose Garza_____

JOSE GARZA
Texas Bar No. 07731950
Law Office of Jose Garza
7414   Robin Rest Dr.
San Antonio, Texas 78209
(210) 392-2856
garzpalm@aol.com

Martin Golando
The Law Office of Martin Golando, PLLC
405 N. St. Mary's, Suite 700
San Antonio, Texas 78209
210-892-8543

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 17, 2019, counsel for Plaintiffs conferred with counsel for Defendants regarding Plaintiff's Motion to Dissolve. Counsel for Defendants indicated that they are not opposed to this Motion.

___*/s/ Jose Garza*_____
JOSE GARZA

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2019, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to all counsel of record who have registered with this Court's ECF system.

___*/s/ Jose Garza*_____
JOSE GARZA